## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA,

     *Plaintiff*,

  v.

DONALD J. TRUMP, *et al.*

     *Defendants*,

LITTLE SISTERS OF THE POOR
SAINTS PETER AND PAUL HOME,

     *Proposed Defendant-Intervenors*

Civil No.  2:17-CV-4540

**PROPOSED ANSWER OF
PROPOSED DEFENDANT-
INTERVENOR LITTLE
SISTERS OF THE POOR
SAINTS PETER AND PAUL
HOME**

Defendant-Intervenor Little Sisters of the Poor Saints Peter and Paul Home (hereafter, "Intervenor") submits this proposed answer to Plaintiff's complaint. Intervenor denies all allegations not expressly admitted or qualified herein.

1.    Paragraph 1 of the Complaint contains legal conclusions and a description of Plaintiff's legal claims and requests for relief to which no response is required. To the extent a further response is necessary, Intervenor denies that Plaintiff is entitled to any relief whatsoever.

2.    Paragraph 2 of the Complaint contains legal conclusions to which no response is required; further, Intervenor denies that this is an accurate statement of 42 U.S.C. § 18001, *et seq.*, since the mandate to cover contraception, sterilization, and abortion-inducing drugs and items (the "HHS Mandate") is not required by the Affordable Care Act ("ACA") and does not apply to all employer-provided health plans.

1

3.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore denies the same.

4.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore denies the same.

5.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore denies the same; however, Intervenor admits that some contraceptives can be prescribed for reasons unrelated to preventing or ending a pregnancy, and Intervenor has no religious objection to such non-pregnancy-related prescriptions.

6.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore denies the same.

7.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore denies the same. To the extent a further response is required, the statute speaks for itself.

8.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore denies the same. To the extent that Paragraph 8 contains legal conclusions, no

response is required; further, Intervenor denies that the paragraph contains an accurate statement of the law.

9.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore denies the same. To the extent that Paragraph 9 contains legal conclusions, no response is required; further, Intervenor denies that the paragraph contains an accurate statement of the law.

10.   Paragraph 10 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore denies the same.

11.   Paragraph 11 contains legal conclusions to which no response is required; further, Intervenor denies that the paragraph contains an accurate statement of the law. To the extent that a further response is required, the regulations speak for themselves.

12.   Paragraph 12 contains legal conclusions to which no response is required; however, Intervenor admits the allegation that that the cited regulations went into effect immediately.

13.   Paragraph 13 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

14.   Paragraph 14 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

15.   Paragraph 15 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

16.   Paragraph 16 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

17.   Paragraph 17 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law. Intervenor further denies that "contraception is used only by women."

18.   Paragraph 18 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

19.   Paragraph 19 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law. Moreover, Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative allegations set forth in Paragraph 19 of the Complaint and therefore denies the same.

20.   Paragraph 20 contains legal conclusions to which no response is required. Moreover, Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 of the Complaint and therefore denies the same.

21.   Paragraph 21 contains legal conclusions to which no response is required. To the extent that a further response is required, the quoted law speaks for itself.

22.  Paragraph 22 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

23.  Paragraph 23 of the Complaint contains legal conclusions and a description of Plaintiff's legal claims and requests for relief to which no response is required. To the extent a further response is necessary, Intervenor denies that Plaintiff is entitled to any relief whatsoever.

24.  Paragraph 24 contains legal conclusions to which no response is required.

25.  Paragraph 25 contains legal conclusions to which no response is required.

26.  Paragraph 26 contains legal conclusions to which no response is required.

27.  Paragraph 27 contains legal conclusions to which no response is required. Intervenor admits that the Commonwealth of Pennsylvania is a state of the United States and that Josh Shapiro is its Attorney General.

28.  Paragraph 28 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law and denies that the Commonwealth of Pennsylvania has suffered any cognizable injury as result of the challenged regulations.

29.  Intervenor admits the allegation in Paragraph 29.

30.  Intervenor admits the allegation in Paragraph 30.

31.  Intervenor admits the allegation in Paragraph 31.

32.  Intervenor admits the allegation in Paragraph 32.

33.  Intervenor admits the allegation in Paragraph 33.

34.  Intervenor admits the allegation in Paragraph 34.

35.   Intervenor admits the allegation in Paragraph 35.

36.   Intervenor admits the allegation in Paragraph 36.

37.   Paragraph 37 contains legal conclusions to which no response is required.

38.   Paragraph 38 contains legal conclusions to which no response is required.

39.   Intervenor admits that access to preventative health services can be important to women; Intervenor otherwise denies the allegations in Paragraph 39.

40.   Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 of the Complaint and therefore denies the same.

41.   Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 41 of the Complaint and therefore denies the same.

42.   Paragraph 42 contains legal conclusions to which no response is required. Moreover, Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 of the Complaint and therefore denies the same.

43.   Paragraph 43 contains legal conclusions to which no response is required; to the extent any further response is required, the law speaks for itself.

44.   Paragraph 44 contains legal conclusions to which no response is required; to the extent any further response is required, the legislative record speaks for itself.

45.   Paragraph 45 contains legal conclusions to which no response is required; to the extent any further response is required, the legislative record speaks for itself.

46. Paragraph 46 contains legal conclusions to which no response is required; to the extent any further response is required, the statute and regulations speak for themselves.

47. Paragraph 47 contains legal conclusions to which no response is required.

48. Intervenor admits Paragraph 48's allegation that the Health Resources and Services Administration ("HRSA") commissioned a report by the Institute of Medicine ("IOM") regarding preventative care services for women. Intervenor denies the rest of the allegations in Paragraph 48, including specifically any allegation that the IOM was tasked with making insurance coverage recommendations.

49. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 of the Complaint and therefore denies the same.

50. Intervenor denies that the IOM's study was "extensive" or that its report was "comprehensive," but admits that the IOM published recommended preventative care guidelines for women.

51. Intervenor denies the allegations in Paragraph 51; to the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

52. Paragraph 52 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

53.   Paragraph 53 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

54.   Paragraph 54 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

55.   Paragraph 55 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

56.   Paragraph 56 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

57.   Paragraph 57 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

58.   Paragraph 58 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

59.   Paragraph 59 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

60.   Paragraph 60 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

61.   Paragraph 61 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

62.   Paragraph 62 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

63.   Paragraph 63 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

64.   Paragraph 64 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

65.   Paragraph 65 characterizes the language in the IOM report, which requires no response. To the extent the paragraph quotes the IOM report, the language of the report speaks for itself.

66.   Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 66 of the Complaint and therefore denies the same. Intervenor admits that some contraceptives can be prescribed for

reasons unrelated to preventing or ending a pregnancy, and Intervenor has no religious objection to such non-pregnancy-related prescriptions.

67.   Paragraph 67 characterizes the language in the IOM report, which requires no response. To the extent paragraph quotes the IOM report, the language of the report speaks for itself.

68.   Paragraph 68 characterizes the language in the IOM report, which requires no response. To the extent paragraph quotes the IOM report, the language of the report speaks for itself.

69.   Intervenor admits that that HRSA adopted the IOM report's recommendations; Intervenor otherwise denies Paragraph 69.

70.   Intervenor admits that HRSA issued its Womens Preventative Services Guidelines ("Guidelines") in August 2011; Intervenor otherwise denies Paragraph 70.

71.   Paragraph 71 quotes the Guidelines, which speak for themselves. Intervenor admits that the HRSA Guidelines required certain employers to cover as a part of their group health plans all FDA-approved contraceptive methods, sterilization procedures, and patient education and counseling for all women with reproductive capacity.

72.   Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 72 of the Complaint, in part because of its use of vague terms like "evidence-based facts," and therefore denies the same.

73.   Paragraph 73 states legal conclusions as to which no response is required.

74.   Intervenor admits that HRSA issued an exemption from the HHS Mandate for certain religious employers in August 2011; Intervenors otherwise deny Paragraph 74.

75.   Paragraph 75 quotes regulations, which speak for themselves.

76.   Paragraph 76 quotes regulations, which speak for themselves.

77.   Paragraph 77 quotes a proposed legislative amendment to the ACA, which speaks for itself. Intervenor otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 77 of the Complaint and therefore denies the same.

78.   Intervenor denies that the proposed legislative amendment was "necessary" to accommodate religious objectors under the HRSA Guidelines. To the extent the rest of Paragraph 78 quotes the proposed legislative amendment, that amendment speaks for itself.

79.   Paragraph 79 cites to the legislative record, which speaks for itself.

80.   Intervenor admits that in 2012, HHS promulgated regulations purporting to accommodate religious objectors to the HHS Mandate; Intervenor otherwise denies Paragraph 80.

81.   Paragraph 81 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law, including the ACA and the purported accommodation scheme.

82.   Intervenor admits Paragraph 82's allegation that certain religious employers such as churches, were entirely exempt from the HHS Mandate, regardless of

whether those employers had a religious objection to the HHS Mandate, and did not have to subject themselves to the purported accommodation. Intervenor otherwise denies Paragraph 82.

83.   Intervenor admits that the purported accommodation did not broaden the original exemption beyond churches, their integrated auxiliaries, and conventions or associations of churches. Intervenor otherwise denies Paragraph 83.

84.   Intervenor denies the speculative allegations in Paragraph 84 concerning the government's "focus."

85.   Paragraph 85 characterizes the language in a regulation, which requires no response. To the extent the paragraph quotes the regulation, the language of the regulation speaks for itself. Intervenor denies any further allegation of Paragraph 85.

86.   Intervenor admits that the HHS Mandate gave rise to litigation by religious employers who objected to the HHS Mandate. Intervenor otherwise denies the allegations of Paragraph 86.

87.   Intervenor admits the allegations in Paragraph 87.

88.   Paragraph 88 quotes the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, which requires no response; the statute speaks for itself.

89.   Intervenor admits that after the decision in *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751 (2014), the defendant agencies expanded the purported accommodation scheme to allow closely held for-profit corporations to participate in the scheme. Intervenor otherwise denies Paragraph 89.

90.  Intervenor admits that in *Zubik v. Burwell*, 136 S. Ct. 1557 (2016), the Supreme Court considered a group of challenges by nonprofits to HHS's purported accommodation scheme, and that it sought clarification from the parties following oral argument. Intervenor otherwise denies Paragraph 90.

91.  Paragraph 91 characterizes language from the *Zubik* decision, which requires no response. To the extent the paragraph quotes *Zubik*, the case speaks for itself.

92.  Paragraph 92 characterizes language from a FAQ published by the Department of Labor, which requires no response. To the extent the paragraph quotes the FAQ, the FAQ speaks for itself.

93.  Intervenor admits the allegation in Paragraph 93.

94.  Paragraph 94 quotes the Executive Order, which speaks for itself.

95.  Paragraph 95 characterizes the Executive Order and states legal conclusions, which do not require a response.

96.  Paragraph 96 characterizes the Executive Order and states legal conclusions, which do not require a response.

97.  Paragraph 97 characterizes the Executive Order and states legal conclusions, which do not require a response.

98.  Paragraph 98 characterizes the Executive Order, which does not require a response. To the extent that Paragraph 98 quotes the Executive Order, the Order speaks for itself.

99.   Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 99 of the Complaint, and therefore denies the same. Intervenor admits that the website Vox.com published a copy of a document that Vox.com purported to be a draft government regulation meant to accommodate religious objectors to the HHS Mandate.

100. Intervenor admits that the defendant agencies issued the IFR on October 6, 2017. Intervenors otherwise deny the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions to which no response is required. Intervenor admits that the IFR expands the exemption from the HHS Mandate to include religious objectors such as the Intervenor. Intervenor otherwise denies the allegations and characterizations in Paragraph 101.

102. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 102 of the Complaint, and therefore denies same; further, Paragraph 102 characterizes the IFR and contains legal conclusions, which do not require a response.

103. Paragraph 103 contains legal conclusions to which no response is required. Intervenor admits that the IFR expands the exemption from the HHS Mandate to include religious objectors such as the Intervenor.

104. Paragraph 104 contains legal conclusions to which no response is required.

105. Paragraph 105 contains legal conclusions to which no response is required.

106. Paragraph 106 contains legal conclusions to which no response is required. To the extent that Paragraph 106 quotes the IFR, the IFR speaks for itself.

107. Paragraph 107 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

108. Intervenor denies Paragraph 108. The IFR specifically and repeatedly identifies injuries caused by the HHS Mandate to religious objectors—including specifically the Intervenor—that the IFR is intended to alleviate.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent that Paragraph 109 quotes the IFR, the IFR speaks for itself.

110. Paragraph 110 contains legal conclusions to which no response is required.

111. Paragraph 111 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law. To the extent that Paragraph 111 quotes the IFR, the IFR speaks for itself.

112. Paragraph 112 contains legal conclusions to which no response is required.

113. Paragraph 113 contains legal conclusions to which no response is required.

114. Paragraph 114 contains legal conclusions to which no response is required.

115. Paragraph 115 contains legal conclusions to which no response is required.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent that Paragraph 116 quotes the IFR, the IFR speaks for itself.

117. Paragraph 117 contains legal conclusions to which no response is required. To the extent that Paragraph 117 quotes the IFR, the IFR speaks for itself.

118. Paragraph 118 contains legal conclusions to which no response is required. To the extent that Paragraph 118 quotes the IFR, the IFR speaks for itself.

119. Paragraph 119 contains legal conclusions to which no response is required.

120. Paragraph 120 contains legal conclusions to which no response is required.

121. Paragraph 121 contains legal conclusions to which no response is required. To the extent that Paragraph 121 quotes the IFR, the IFR speaks for itself.

122. Paragraph 122 contains legal conclusions to which no response is required. To the extent that Paragraph 122 quotes the IFR, the IFR speaks for itself.

123. Paragraph 123 contains legal conclusions to which no response is required. To the extent that Paragraph 123 quotes the IFR, the IFR speaks for itself.

124. Paragraph 124 contains legal conclusions to which no response is required.

125. Paragraph 125 contains legal conclusions to which no response is required.

126. Intervenor denies the allegations in Paragraph 126.

127. Paragraph 127 contains legal conclusions to which no response is required.

128. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 128 of the Complaint and therefore denies the same.

129. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 129 of the Complaint and therefore denies the same.

130. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 130 of the Complaint and therefore denies the same.

131. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 131 of the Complaint and therefore denies the same.

132. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 132 of the Complaint and therefore denies the same.

133. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 133 of the Complaint and therefore denies the same. Intervenor denies that Plaintiff has suffered any cognizable injury as result of the IFR.

134. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 134 of the Complaint and therefore denies the same. Intervenor denies that Plaintiff has suffered or will suffer any cognizable injury as result of the IFR.

135. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 135 of the Complaint and therefore denies the same. Intervenor denies that Plaintiff has suffered or will suffer any cognizable injury as result of the IFR.

136. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 136 of the Complaint and therefore denies the same. Intervenor denies that Plaintiff has suffered or will suffer any cognizable injury as result of the IFR.

137. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 137 of the Complaint and therefore denies the same.

138. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 138 of the Complaint and therefore denies the same.

139. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 139 of the Complaint and therefore denies the same. Intervenor denies that Plaintiff has suffered or will suffer any cognizable injury as result of the IFR.

140. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the speculative and baseless allegations set forth in Paragraph 140 of the Complaint and therefore denies the same. Intervenor denies that Plaintiff has suffered or will suffer any cognizable injury as result of the IFR.

141. Paragraph 141 characterizes Plaintiff's own complaint, which requires no response. Intervenor incorporates by reference all preceding responses.

142. Paragraph 142 contains legal conclusions to which no response is required.

143. Paragraph 143 contains legal conclusions to which no response is required.

144. Paragraph 144 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

145. Paragraph 145 contains legal conclusions to which no response is required. Intervenor denies that "contraception is used solely by women."

146. Paragraph 146 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

147. Paragraph 147 characterizes Plaintiff's own complaint, which requires no response. Intervenor incorporates by reference all preceding responses.

148. Paragraph 148 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

149. Paragraph 149 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

150. Paragraph 150 contains legal conclusions to which no response is required.

151. Intervenor admits Paragraph 151's allegations that men and women have different health care needs, and that only women can get pregnant and bear children. Intervenor denies that "only women can . . . use contraception."

152. Paragraph 152 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

153. Paragraph 153 characterizes Plaintiff's own complaint, which requires no response. Intervenor incorporates by reference all preceding responses.

154. Paragraph 154 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

155. Paragraph 155 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

156. Paragraph 156 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

157. Paragraph 157 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

158. Paragraph 158 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

159. Paragraph 159 characterizes Plaintiff's own complaint, which requires no response. Intervenor incorporates by reference all preceding responses.

160. Paragraph 160 contains legal conclusions to which no response is required. To the extent that Paragraph 160 quotes the Administrative Procedures Act ("APA"), the APA speaks for itself.

161. Paragraph 161 contains legal conclusions to which no response is required. To the extent that Paragraph 161 quotes the APA, the APA speaks for itself.

162. Paragraph 162 contains legal conclusions to which no response is required. To the extent that Paragraph 162 quotes the APA, the APA speaks for itself.

163. Paragraph 163 contains legal conclusions to which no response is required. To the extent that Paragraph 163 quotes the APA, the APA speaks for itself.

164. Paragraph 164 contains legal conclusions to which no response is required. To the extent that Paragraph 164 quotes the APA, the APA speaks for itself.

165. Paragraph 165 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

166. Paragraph 166 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

167. Paragraph 167 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law. To the extent a further response is necessary, Intervenor denies that Plaintiff is entitled to any relief whatsoever.

168. Paragraph 168 characterizes Plaintiff's own complaint, which requires no response. Intervenor incorporates by reference all preceding responses.

169. Paragraph 169 contains legal conclusions to which no response is required. To the extent that Paragraph 169 quotes the APA, the APA speaks for itself.

170. Paragraph 170 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

171. Paragraph 171 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

172. Paragraph 172 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

173. Paragraph 173 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

174. Paragraph 174 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

175. Paragraph 175 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

176. Paragraph 176 contains legal conclusions to which no response is required; further, Intervenor denies that the conclusions are an accurate statement of the law.

In response to Plaintiff's prayer for relief, Intervenor denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Plaintiff's request for relief must be denied because:

1.   Plaintiff's requested relief violates the rights secured to Intervenor by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.

2.   Plaintiff's requested relief violates the rights secured to Intervenor by the Free Exercise Clause of the First Amendment to the United States Constitution.

3.   Plaintiff's requested relief violates the rights secured to Intervenor by the Establishment Clause of the First Amendment to the United States Constitution.

4.   Plaintiff's requested relief violates the rights secured to Intervenor by the Free Speech Clause of the First Amendment to the United States Constitution.

5.   Plaintiffs' requested relief violates the rights secured to Intervenor by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

6.   Plaintiff's requested relief violates the rights secured to Intervenor by existing injunctions from the United States Supreme Court.

7.   Plaintiff's efforts to take away religious exemptions from the HHS Mandate, after years of making no effort to take away much larger secular exemptions to the HHS Mandate, constitutes illegal religious discrimination and religious targeting in violation of the Free Exercise Clause of the U.S. Constitution and Article 1, Section 3 of the Constitution of the Commonwealth of Pennsylvania.

Dated: November 21, 2017        Respectfully submitted,


/s/ Nicholas M. Centrella
Nicholas M. Centrella
Conrad O'Brien PC
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-8098
Facsimile: (215) 864-0798
ncentrella@conradobrien.com

Mark Rienzi*
Lori Windham*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

*Counsel for Proposed Intervenor*
*\*Admission proc hac vice pending*