**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA ,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **DONALD J. TRUMP, et al.** | **NO.  17-4540** |
| **Defendants.** | |

<u>**MEMORANDUM OPINION**</u>

The Commonwealth of Pennsylvania has brought suit challenging the authority of Defendants to promulgate two Interim Final Rules which interpret the Affordable Care Act to exempt organizations from providing women with contraceptive services if such organizations hold religious beliefs or moral convictions against providing such services.  Given the far reaching impact that any decision could have as well as the important federal and state issues at stake, the Court issued a scheduling order permitting interested parties to submit amicus briefs. Several entities have taken advantage of that opportunity.  The Little Sisters of the Poor Saints Peter and Paul Home ("Little Sisters") has not.  Instead, it has moved to intervene in this lawsuit both of as of right and by permission of the Court.  For the reasons described below, Little Sisters' motion is denied.

### I.     FACTS

Little Sisters is a religious nonprofit corporation operated by an order of Catholic nuns who care for the sick and elderly poor.  Based on Catholic doctrine, Little Sisters oppose contraception, sterilization, and abortion.  Its motion to intervene must be viewed in the context that follows.

On August 1, 2011, the Health Resources and Services Administration ("HRSA") determined that health plans covered by the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18001 *et seq.,* must provide contraceptive services (the "Contraceptive Mandate").  The Contraceptive Mandate included a narrow exemption for certain religious organizations.  The exemption was subsequently expanded in 2012 to exempt religious nonprofits.  Little Sisters did not qualify for either exemption but the Department of Health and Human Services ("HHS") offered to provide it an alternative regulatory mechanism for compliance.  Under this alternative, HHS required Little Sisters to notify its insurer, third party administrator, or the government of any decision to opt-out of coverage ("Accommodation" or "the Accommodation Process").   On September 24, 2013, Little Sisters filed suit against HHS in the United States District Court of Colorado seeking to enjoin enforcement of the Contraceptive Mandate with respect to it on the theory that the Contraceptive Mandate and HHS's Accommodation Process imposed a "substantial burden" on its religious exercise in violation of the Religious Freedom Restoration Act ("RFRA").

Both the district court and then, on appeal, the Tenth Circuit denied Little Sisters' request for relief.  The Supreme Court then granted certiorari to determine whether the Accommodation Process violated RFRA.  Ultimately, the Supreme Court did not decide this issue but instead remanded the matter back to the Tenth Circuit to provide the parties with "an opportunity to arrive at an approach going forward that accommodates petitioners' religious exercise while at the same time ensuring that women covered by petitioners' health plans 'receive full and equal health coverage, including contraceptive coverage." *Zubik v. Burwell*, 135 S. Ct. 1557, 1561

(2016).[1]  The Tenth Circuit, stayed the litigation while the government reconsidered the exemptions to the Contraceptive Mandate.

On May 4, 2017, President Donald Trump issued an Executive Order entitled "Promoting Free Speech and Religious Liberty."  Among other provisions, the Executive Order directed the Defendant agencies to "consider issuing amended regulations, consistent with applicable law, to address conscience-based objections to the preventive-care mandate promulgated under section 300gg-13(a)(4) of Title 42, United States Code."

Five months later, the Defendant agencies promulgated two Interim Final Rules ("IFRs") which greatly expanded the religious exemptions in essence authorizing employers with religious or moral objections to contraception to block employees and their dependents from access to health insurance coverage for contraceptive care and services.  Shortly thereafter, the Commonwealth of Pennsylvania filed the present suit seeking to enjoin enforcement of the two IFRs.  Through their briefing, the Defendants have vigorously defended the IFRs.  Through its intervention, Little Sisters also seek to defend the IFRs which permit it to entirely opt out of providing contraceptive services without engaging in the Accommodation Process.

## II.    DISCUSSION

In relevant part, Rule 24 of the Federal Rules of Civil Procedure allows a party to intervene in a matter if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  On timely motion, a court must allow intervention by an applicant who: (1) has a sufficient interest in the litigation; (2) which interest

---

[1] Little Sisters' case was consolidated with several other challenges to the Accommodation Process under the name *Zubik v. Burwell*, 135 S. Ct. 1557 (2016).

may be affected or impaired as a practical matter by the disposition of the action; if (3) the interest is not adequately represented by an existing party in the litigation.  *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).[2]

### A.  Timeliness of Intervention Application

The factors to consider in evaluating whether a prospective intervenor's application is timely include: "(1) the stage of the proceedings; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay."  *Wallach v. Eaton Corp*., 837 F.3d 356, 371 (3d Cir. 2016) (quoting *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005).  Each of these factors weighs in favor of intervention.  Little Sisters moved to intervene less than three weeks after Plaintiff filed its Motion for Preliminary Injunction and less than six weeks after it filed the Complaint.  Any proposed intervention will not delay hearing on the motion for preliminary injunction.

### B.  Sufficient Interest in the Litigation

An intervener must demonstrate an interest in an action that is "significantly protectable." *Harris*, 820 F.2d at 596.  This means that that the applicant must "demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene."  *Id.* at 601. Although an analysis of an applicant's interest is both flexible and pragmatic, escaping talismanic formula, the applicant must show "an interest that is specific to them, is capable of

---

[2] The Commonwealth argues as a preliminary matter that Little Sisters lacks standing to intervene.  The Supreme Court recently held that "an intervenor of right must demonstrate Article III standing when it seeks additional relief beyond that which the plaintiff requests."  *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S.Ct. 1645, 1651 (2017).  It is unclear, however, if defendant-intervenors are required to satisfy Article III standing when they seek relief identical to that sought by existing defendants.  *See McConnell v. Federal Election Comm.,*540 U.S. 93, 233 (2003), *overruled on other grounds by Citizens United v. Fed. Election Comm'n,* 558 U.S. 310 (2010) (assuming, without deciding, that defendant intervenors need not satisfy Article III standing); *United States Dep't of Justice v. Utah Dep't of Commerce,* 2017 WL 3189868, at *4 (D. Utah 2017) (holding that defendant intervenors need not satisfy Article III standing despite the holding in *Town of Chester*).  *But see Seneca Res. Corp. v. Highland Twp*., 2017 WL 4168472 (W.D. Pa. 2017) (holding that *Town of Chester* requires defendant-intervenors to satisfy Article III).  Assuming, without deciding, that Little Sisters would satisfy Article III standing requirements, they are still not entitled to intervene because they do not meet the requirements set out by Federal Rule of Civil Procedure 24 as explained below.

definition, and will be directly affected in a substantially concrete fashion by the relief sought."
*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 972 (3d Cir. 1998).

Little Sisters asserts that it has a legally protectable interest in the relief it obtained from the Supreme Court and in the IFRs themselves. Taking both of these interests in turn, an interest in relief granted by another court or by a settlement constitutes a sufficiently protectable legal interest to merit intervention as of right. *See Maine v. Norton,* 203 F.R.D. 22, 27 (D. Me.), *aff'd sub nom., State v. Dir., U.S. Fish & Wildlife Serv*., 262 F.3d 13 (1st Cir. 2001). Here, however, resolution of the Commonwealth's case will not intrude upon any rights Little Sisters secured in the Supreme Court. In *Zubik*, the Court remanded Little Sister's case to give the parties "an opportunity to arrive at an approach going forward that accommodates petitioners' religious exercise while at the same time ensuring that women covered by petitioners' health plans 'receive full and equal health coverage, including contraceptive coverage." *Zubik,* 135 S. Ct. at 1567. The Court did not hold that the Accommodation Process violated Little Sister's rights under RFRA. No matter how this litigation resolves, Little Sisters has still received what it was promised: "an opportunity to arrive at an approach going forward. . ." and an injunction preventing the government from imposing any fines for non-compliance with the Accommodation Process. *Id.* Additionally, it has the option of seeking recourse through its own lawsuit, *Little Sisters of the Poor v. Hargan*, which, while currently stayed, remains open. *See Norton*, 203 F.R.D. at 27 (considering intervenor's ability to seek relief in primary litigation against an agency to conclude that intervenor did not have a right to intervene in a separate challenge to the agency's interpretation).

Little Sisters also assert that they have an interest in this matter because the Commonwealth seeks to declare that any "arrangement protecting the Little Sisters would violate

the Establishment and Equal Protection Clauses."  In fact, the relief the Commonwealth seeks is to preserve the status quo as it existed prior to the newly promulgated IFRs.  Since Little Sisters are already the beneficiaries of a Supreme Court Order preventing the government from imposing fines on it for failure to comply with the Contraceptive Mandate or the Accommodation Process and there is no suggestion that the Commonwealth through this lawsuit directly seeks to disturb that holding, resolution of this case will not impact Little Sisters' existing exemption from the Contraceptive Mandate.

Little Sisters' argues that because the federal government "candidly admits that the IFR was prompted by the Little Sisters' case and the Supreme Court order they obtained," *see* 82 Fed. Reg. 47,792-01, and because when President Trump signed the Executive Order he described the Contraceptive Mandate as an "attack[ ] against the Little Sisters of the Poor," its interest in this litigation requires its intervention.  However, the only mention of Little Sisters in the regulations themselves is the statement that the agencies wanted to "resolve the pending litigation and prevent future litigation from similar plaintiffs."  Therefore, Little Sisters' interest in the IFRs is no more than a preferred outcome.  As Little Sisters do not have a significantly protectable interest in the present lawsuit, intervention as of right is not appropriate.  Nevertheless, the Court will continue to analyze the remaining prongs of the test for intervention as of right.

### C.  Adequacy of Representation

The adequacy of representation element requires the applicant to demonstrate that her interests are not adequately represented by the existing parties.  Little Sisters' burden of demonstrating inadequate representation is "minimal."  *Hoots v. Pennsylvania*, 672 F.2d 1133, 1135 (3d Cir. 1982).  Inadequate representations is shown when, "although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot

devote proper attention to the applicant's interests." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992).[3]

A presumption of adequacy operates against Little Sisters in this case. "A government entity charged by law with representing a national policy is presumed adequate for the task." *Kleisser*, 157 F.3d at 972; s*ee also United States v. Territory of Virgin Islands*, 748 F.3d 514, 520 (3d Cir. 2014) ("A presumption of adequacy attaches, however, 'if one party is a government entity charged by law with representing the interests of the applicant for intervention.'"). Here, Little Sisters asserts that its interest is in defending the "validity of th[e] protection" provided by the IFRs. Defendants are charged by law with defending those same IFRs. The interests of Little Sisters and the Defendants are thus identical. The Little Sisters even admit that they "seek identical relief" as the Government.

Nevertheless, Little Sisters argue that its interests are more parochial than those of the government and thus the government's representation is inadequate. It finds support for that proposition in *Kleisser* which held that "when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden [to show inadequate representation] is comparatively light." *Kleisser*, 157 F.3d at 972. In *Kleissler*, the Third Circuit held that local school districts and municipalities could intervene in a lawsuit challenging the Forest Service's logging practices because they had a financial interest in proceeds from logging that diverged from the broader interests of the government. In that case, "[t[he straightforward business interests asserted by intervenors" could have "become lost in the thicket of sometimes inconsistent governmental

---

[3] Inadequate representation may be found in two other situations that are not at issue here: First, when "there is collusion between the representative party and the opposing party; or [when] the representative party is not diligently prosecuting the suit." *Id.*

policies." *Kleissler*, 157 F.3d at 973-74.  But, elsewhere, the Third Circuit counselled that this analysis is inapplicable where a proposed intervenor is "challenging the constitutionality of the conditions at [a correctional facility] and the United States is charged by law with securing the same." *Territory of Virgin Islands*, 748 F.3d at 522.  Here, where Little Sisters seek to defend the validity of the IFRs and the Defendants are "charged by law with securing the same," *id.,* the *Kleissler* exception has no traction.

It does not follow from Little Sisters' adverse relationship with President Obama's administration that the Government's representation of its interests is inadequate *now*.  "An earlier adverse relationship with the government does not automatically make for a present adverse relationship." *Dir., U.S. Fish & Wildlife Serv*., 262 F.3d at 21.  Here, Little Sisters' expressed interest in this litigation and the positions taken by the Government demonstrate that the parties are no longer adverse:  Little Sisters contends that the Government issued the IFRs in order to protect its religious liberties pointing to President Trump's reference to its "long, hard ordeal" as an example of past "abuses" of religious liberty.  It does not, however, follow from Little Sisters' adverse relationship with the prior administration that its interests will not be adequately represented by the Government in this litigation.  Quite to the contrary, in its briefings the Government has vociferously defended, as do Little Sisters, the propriety of the IFRs.

Little Sisters' final argument is that intervention is appropriate because the Government's policies in this area are not "'static and there is no guarantee it will adhere to its newfound views."  Little Sisters provides no evidence in support of the assertion that its interests may diverge in the future, which renders the argument "purely speculative." *Pennsylvania Gen. Energy Co., LLC v. Grant Twp*., 658 Fed. App'x 37, 42 (3d Cir. 2016).  In any event, the Third

Circuit does not "endorse[] the practice of permitting intervention premised solely on some possible change in position or policy in the future by a named party."  *Id.*

As Little Sisters has failed to demonstrate that the Government's representation of its interest is inadequate, intervention as of right is inappropriate under Rule 24 of the Federal Rules of Civil Procedure.

### D.  Permissive Intervention Is Not Appropriate

Little Sisters also seeks to intervene under Rule 24(b) of the Federal Rules of Civil Procedure which authorizes a court to "permit anyone to intervene" who "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b).  A court must consider the potential delay or prejudice to existing parties, but otherwise has broad discretion in deciding whether to permit intervention.  *See* Fed. R. Civ. P. 24(b)(2); *Brody*, 957 F.2d at 1116.  In this case, there is significant potential that Little Sisters' intervention will delay this litigation and prejudice the interest of the parties in securing an efficient resolution to an issue that, whichever way it is decided, has deep and widespread implications across the Commonwealth of Pennsylvania.  Moreover, given that Little Sisters' interests match those of the Government, its participation in the proceedings "would be superfluous" and needlessly complicate the proceedings.  *See Hoots*, 672 F.2d at 1136.  Thus, Little Sisters' request for permissive intervention shall be denied.

An order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**

December 8, 2017

9