IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA ,**<br>  Plaintiff,<br><br>v.<br><br>**DONALD J. TRUMP, DONALD J. WRIGHT, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, STEVEN T. MNUCHIN, UNITED STATES DEPARTMENT OF THE TREASURY, RENE ALEXANDER ACOSTA AND THE UNITED STATES DEPARTMENT OF LABOR,**<br>  Defendants. | CIVIL ACTION<br><br><br>NO.  17-4540 |

## O R D E R

**AND NOW**, this 13th day of December, 2017, upon consideration of Defendant's Motion in Limine to Limit Evidence at the Preliminary Injunction Hearing (ECF No. 48), Plaintiff's Response thereto (ECF No. 50), and Defendant's Reply in Response thereto (ECF No. 54), **IT IS HEREBY ORDERED** that Defendant's Motion is **DENIED**.[1]

BY THE COURT:

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

---

[1] Defendants may introduce evidence outside of the administrative record to demonstrate that the Moral Exemption Rule and Religious Exemption Rule will cause irreparable harm in the absence of a preliminary injunction, that the public interest favors a preliminary injunction, and the balance of equities tips in favor of granting a preliminary injunction.  Plaintiffs may also introduce evidence outside of the administrative record "for background information . . . or for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds of decision."  *Asarco, Inc. v. U.S. Envtl. Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980).