# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA ,**<br>        Plaintiff,<br><br>v.<br><br>**DONALD J. TRUMP, DONALD J. WRIGHT, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, STEVEN T. MNUCHIN, UNITED STATES DEPARTMENT OF THE TREASURY, RENE ALEXANDER ACOSTA AND THE UNITED STATES DEPARTMENT OF LABOR,**<br>        Defendants,<br><br>**LITTLE SISTERS OF THE POOR SAINTS PETER AND PAUL HOME,**<br>        Intervenor-Defendant. | CIVIL ACTION<br><br><br>NO. 17-4540 |

## MEMORANDUM OPINION

Plaintiff, the Commonwealth of Pennsylvania, initially brought this suit to block two Interim Final Rules ("IFRs") issued by Defendants Donald J. Trump, *et al.* ("Federal Defendants"), which permitted employers to opt out of providing no-cost contraceptive coverage on the basis of sincerely held religious beliefs or sincerely held moral convictions. On December 15, 2017, the Court issued a preliminary injunction enjoining Federal Defendants from enforcing the IFRs, ruling that the IFRs likely violated both procedural and substantive requirements of the Administrative Procedure Act. Federal Defendants then appealed the preliminary injunction. On February 8, 2018, Federal Defendants moved to stay District Court proceedings, arguing that the appeal presented dispositive legal questions, which, if resolved in favor of Federal Defendants, would obviate the need for further litigation. Plaintiff agreed to the stay. On the same day, the

Court granted the motion and stayed proceedings.[1]

On November 7, 2018, Federal Defendants issued new Final Rules, which are scheduled to take effect on January 14, 2019. *See* 83 Fed. Reg. 57,536 & 57,592. The Final Rules largely reiterate the provisions of the IFRs, though certain alterations have been made to the text, and different notice and comment procedures were employed. Plaintiff now moves to lift the stay in order to challenge the Final Rules. Federal Defendants do not oppose. Intervenor-Defendant, however, does oppose, arguing that the appeal of the preliminary injunction remains pending, and thus "[i]t would be premature . . . to lift the stay."

Generally, the filing of a notice of appeal "is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58–59 (1982). However, "[a]n appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending." 11A Wright & Miller, Fed. Prac. & Pro. § 2962 (3d ed.); *see also In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 268 (3d Cir. 2005) (observing that the district court retains the power to "modify or grant injunctions" following an appeal). "The power to stay a proceeding pending appeal is derived from the inherent power of a court to efficiently manage its own docket." *Smith v. Manasquan Bank*, 2018 WL 2958664, at *1 (D.N.J. June 13, 2018). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

In light of the issuance of the Final Rules, a continued stay of District Court proceedings

---

[1] Intervenor-Defendant Little Sisters of the Poor Saints Peter and Paul Home was permitted to intervene following the issuance of the stay.

is no longer warranted. The IFRs are now set to expire on the date that the Final Rules will take effect—one month from today. By its terms, the preliminary injunction enjoins only the enforcement of the IFRs, and would have no effect on the enforcement of the Final Rules. Thus, in the absence of further proceedings, the preliminary injunction effectively will expire along with the IFRs in one month's time.

Further, the issuance of the Final Rules raises new legal issues. Most obviously, Federal Defendants promulgated the Final Rules following a notice and comment procedure that appears to differ from the previous procedure employed for the IFRs. Accordingly, while portions of the analysis relevant to the IFRs may apply to the Final Rules, certain conclusions underlying the preliminary injunction may be inapt in this new context.

By the same token, the changes made to the Final Rules raise the prospect that the appeal of the preliminary injunction will not fully or expeditiously resolve this litigation. Prior to the issuance of the Final Rules, the appeal of the preliminary injunction had the effect of bringing dispositive legal questions before the Third Circuit. Now, however, the Final Rules raise new legal issues, which are not before the Court of Appeals. In any event, the parties have not yet fully briefed the appeal, and thus it does not appear that this Court will have the benefit of Third Circuit guidance prior to the date that the Final Rules are slated to take effect.

For the reasons given, the stay shall be lifted. An appropriate order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**