IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA and STATE OF NEW JERSEY,<br><br>       Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*; ALEX M. AZAR II, *in his official capacity as Secretary of Health and Human Services*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; STEVEN T. MNUCHIN, *in his official capacity as Secretary of the Treasury*; UNITED STATES DEPARTMENT OF THE TREASURY; RENE ALEXANDER ACOSTA, *in his official capacity as Secretary of Labor*; UNITED STATES DEPARTMENT OF LABOR; and UNITED STATES OF AMERICA.<br><br>       Defendants. | No. 2:17-cv-04540-WB |

## **MOTION FOR A PRELIMINARY INJUNCTION**

   Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Commonwealth of Pennsylvania and State of New Jersey, by and through their undersigned counsel, hereby file this Motion for a Preliminary Injunction, requesting that this Court enter an Order enjoining Defendants Donald J. Trump, President of the United States; Alex M. Azar II, Secretary of the United States Department of Health and Human Services; the United States Department of Health and Human Services; Steven T. Mnuchin, Secretary of the United States Department of the Treasury; the United States Department of the Treasury; Rene Alexander Acosta, Secretary of the United States Department of Labor; the United States Department of Labor; and the United States of America; and their agents, designees, and subordinates, as well as any person

acting in concert or participation with them, from enforcing the following Final Rules (the "Rules"):

a) Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act (issued in interim form Oct. 6, 2017, and in final form Nov. 7, 2018); and

b) Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act (issued in interim form Oct. 6, 2017, and in final form Nov. 7, 2018)

As set forth in the contemporaneously filed Memorandum of Law in Support of Plaintiffs' Motion for a Preliminary Injunction, Plaintiffs satisfy the necessary requirements to establish that injunctive relief is warranted. Plaintiffs will show that:

1. They are likely to succeed on the merits of their claim that the Rules are unlawful. The Rules purport to authorize employers and other providers of group health coverage to exempt themselves from the legal requirement that they provide coverage for contraceptive services without cost-sharing requirements. They are both procedurally and substantively defective, having been issued in violation of the Administrative Procedure Act, the Affordable Care Act, Title VII of the Civil Rights Act and the Pregnancy Discrimination Act, the equal protection guarantee of the Fifth Amendment, and the Establishment Clause of the First Amendment.

2. The Rules will cause irreparable harm to the Commonwealth of Pennsylvania, the State of New Jersey, and their citizens. They will impose costs on Plaintiffs, which are unrecoverable in any subsequent action. These will include costs associated with providing necessary contraceptive care to women who are denied it, and costs associated with treating

health conditions experienced by women who are unable to obtain contraceptive care. The Rules will jeopardize the health of Plaintiffs' female citizens and will impose additional costs on these women and their families, thus causing harm to Plaintiffs' interest in protecting the health, safety, and well-being of their citizens. All of these injuries are the result of Defendants' actions.

3.  The balance of equities weighs in favor of an injunction. Plaintiffs will suffer serious and irreparable harm in the absence of an injunction. Defendants, by contrast, will not suffer any meaningful harm as a result of an injunction.

4.  The public interest strongly favors an injunction. Women will face serious medical and financial injury if an injunction is not issued, and Plaintiffs will suffer direct financial harm, including harm to several vital health programs they fund.

This Motion is supported by the contemporaneously filed Memorandum of Law, the accompanying declarations and exhibits, Plaintiffs' Amended Complaint, and any additional submissions that may be considered by the Court.

December 17, 2018

Respectfully submitted,

GURBIR S. GREWAL
Attorney General of New Jersey
GLENN J. MORAMARCO
Assistant Attorney General
ELSEPTH FAIMAN HANS
Deputy Attorney General
KIMBERLY A. CAHALL
Deputy Attorney General
New Jersey Attorney General's Office
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
(609) 376-3235
Glenn.Moramarco@law.njoag.gov

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

 /s/ Michael J. Fischer
MICHAEL J. FISCHER
Chief Deputy Attorney General
AIMEE D. THOMSON
Deputy Attorney General
Office of Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103
(215) 560-2171
mfischer@attorneygeneral.gov