# EXHIBIT T

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, and STATE OF NEW JERSEY,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*<br><br>Defendants. | Civil Action No:<br>**2:17-cv-04540-WB** |

## <u>DECLARATION OF PHILIP GENNACE</u>

I, Philip Gennace, declare and state as follows:

1.      I am the Assistant Commissioner of Life and Health in the New Jersey Department of Banking and Insurance ("DOBI"). In this capacity, I oversee, *inter alia*, the licensing and oversight of health insurance regulated by the State of New Jersey. I make this affidavit based on my personal knowledge and information provided to me in my official capacity.

2.      DOBI is the primary regulator for all fully-insured health insurance plans sold in the State of New Jersey.

3.      Insurance carriers are subject to a complex set of federal and state laws and regulations, and federal and state agencies have distinct but overlapping responsibilities in regulating these entities.

4.      For instance, the federal Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), governs most employee benefit plans offered by private employers, including private employers' self-funded employee health benefit plans. ERISA

preempts most state laws relating to such plans.

5.      As a result of the preemption provisions of ERISA, DOBI does not regulate self-funded health coverage plans offered by private employers, which are plans established and maintained by an employer or by an employee organization for which the employer or employee organization bears the direct financial risk for the costs of claims for health care benefits. These plans are subject to ERISA and are regulated primarily by the U.S. Department of Labor, and are often colloquially referred to as "ERISA plans."

6.      DOBI does regulate fully-insured employer group health plans issued in the State. These are health plans that an employer group purchases from an insurer, for which the insurer assumes the direct financial risk for the cost of claims for health care benefits.

7.      In addition, DOBI regulates health insurance policies offered in the individual market.

8.      I am familiar with the Affordable Care Act's (ACA) requirement that group health plans and health insurance issuers offering group or individual health insurance coverage cover preventive health services, including FDA-approved methods of contraception, without any cost-sharing requirement (the "Contraceptive Care Mandate").

9.      The Contraceptive Care Mandate applies both to non-grandfathered ERISA-regulated plans, as well as almost all insured group and individual health insurance plans that are regulated by DOBI.

10.      In addition, New Jersey law requires employers who offer fully-insured plans to provide coverage for expenses incurred in the purchase of prescription female contraceptives to the same extent as any other outpatient prescription drug under the policy ("New Jersey

Mandate").[1]

11.     Unlike the ACA's Contraceptive Care Mandate, however, the New Jersey Mandate does not require insurers to cover women's contraceptive services without cost sharing. Also, the ACA contraceptive mandate covers all FDA-approved female contraceptive methods. By contrast, the New Jersey mandate covers only those methods which are obtained via prescription (not those that are available over the counter or through an inpatient or out-patient procedure).

12.     In addition, a religious employer (defined as a church, association or convention of churches, or an elementary or secondary school controlled, operated, or principally supported by a church) is statutorily entitled to an exclusion from the New Jersey Mandate if the required coverage conflicts with the employer's *bona fide* religious beliefs and practices. The exemption is not available for prescription drugs that may act as contraceptives but are prescribed for a particular user for medical reasons other than contraception. Also, the exemption is not available for prescription female contraceptives that are necessary to preserve the life or health of an insured.

13.     Approximately 3,434,000 New Jersey residents who have health coverage are covered by employer plans that are self-funded.[2]   Under ERISA, such plans offered by private employers are exempt from state regulation, including the New Jersey Mandate.

14.     Private employers offering self-funded plans that opt out of the Contraceptive Care

---

[1] *See* N.J.S.A. 17B:27A-7.12 (for individual health benefits plans); N.J.S.A. 17B:26-2.1y (for individual health insurers); N.J.S.A. 17:48A-7bb (for medical service corporations); N.J.S.A. 17:48-6ee (for hospital service corporations) and N.J.SA. 17:48E-35.29 (for health service corporations); N.J.S.A. 17:48F-13.2 (for prepaid prescription service organizations); N.J.S.A. 26:2J-4.30 (for health maintenance organizations); N.J.S.A. 17B:27A-19.15 (for small employer health benefits plans); N.J.S.A. 52:14-17.29j (for the State Health Benefits Plan); and N.J.S.A. 17B:27:46.1ee (for group health insurers).

[2] This includes residents covered under New Jersey's state health benefits programs, as well as self-funded plans offered by private employers.

Mandate under the newly expanded exemptions will not be subject to any federal or state requirement to provide contraception to their employees and beneficiaries. Thus, women in plans provided by these employers will not receive contraceptive coverage through these plans.

15.     Upon information and belief, a number of these newly-exempted employers are expected to be New Jersey employers.  As a result, those newly-exempted entities that offer self-funded plans, or that are church-affiliated schools eligible for New Jersey's religious exemption,[3] would no longer have an obligation to provide any contraceptive coverage for their employees and their employees' female dependents.

16.     Moreover, because the ACA's Contraceptive Care Mandate is broader than the New Jersey Mandate and prohibits cost sharing, even employees and female dependents of newly-exempt employers who offer fully-insured plans subject to the New Jersey Mandate will lose coverage for certain contraceptive methods and be subject to cost sharing that was previously prohibited.

17.     Therefore, many New Jersey women are likely to lose the medical coverage for contraceptive care to which they are otherwise entitled under the ACA.

18.     DOBI anticipates that some women who lose contraceptive coverage through their employer's plans, particularly low-income women, will seek contraceptive coverage from other sources, including state-funded programs, such as the New Jersey Prescription Assistance Program, Medicaid, and Title X clinics. Women who do not seek outside funding or who seek it but do not qualify for financial assistance likely will face substantial additional costs. Among

---

[3] Churches and associations and conventions of churches have been exempted from the ACA's Contraceptive Care Mandate since 2011. *See* 76 Fed. Reg. 46621-01 (Aug. 3, 2011).  However, unlike Defendants' broad new religious exemption, the 2011 exemption was not applicable to most church-affiliated schools.

these women, some likely will forgo regular contraceptive use or use cheaper, less effective contraceptive methods, resulting in more unintended pregnancies.

19.     Women who lose their contraceptive coverage obtained through their employers' plans, even if they are in plans that remain subject to the New Jersey Mandate, likely will in many cases face copays and deductibles when attempting to obtain necessary contraceptive coverage. These financial constraints likely will cause some women to change their preferred choice of contraceptive method, fail to consistently maintain their use of contraceptives, or forgo contraceptive use entirely, which will result in more unintended pregnancies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
PHILIP GENNACE

Dated: 12/12/18

5