# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA and
STATE OF NEW JERSEY,

Plaintiffs,

v.

DONALD J. TRUMP, *in his official capacity as President of the United States*; ALEX M. AZAR II, *in his official capacity as Secretary of Health and Human Services*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; STEVEN T. MNUCHIN, *in his official capacity as Secretary of the Treasury*; UNITED STATES DEPARTMENT OF THE TREASURY; RENE ALEXANDER ACOSTA, *in his official capacity as Secretary of Labor*; UNITED STATES DEPARTMENT OF LABOR; and UNITED STATES OF AMERICA,

Defendants.

No. 2:17-cv-04540-WB

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS

Plaintiffs the Commonwealth of Pennsylvania and the State of New Jersey respectfully submit this opposition to Defendants' motion for a stay of these proceedings in light of the federal government's lapse of appropriations.[1] The existence of "a dispute internal to one party" does not provide a basis for staying this case, particularly given the imminent and serious harm that will result if the challenged rules go into effect as scheduled on January 14, 2019. *See* Mem. & Order, ECF No. 173, *United States v. Baltimore Police Dep't*, No. 1:17-cv-00099-JKB

---

[1] Motion for a Stay of Proceedings in Light of Lapse of Appropriations, or in the Alternative for an Extension of the Answer Deadline, ECF No. 96 (Dec. 26, 2018). Plaintiffs do not oppose Defendants' alternative request to extend the deadline to answer or otherwise respond to the amended complaint.

(D. Md. Dec. 26, 2018) (denying similar motion). In fact, the Department of Justice's own policies make clear that its attorneys will be permitted to continue working on this case if the Court denies this request for a stay. *See* U.S. Department of Justice FY 2019 Contingency Plan, at 3 ("DOJ Contingency Plan") ("If a court denies [a request for postponement] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue.").[2] Defendants' motion to stay should be denied, and the deadlines the Court previously entered relating to Plaintiffs' motion for a preliminary injunction should remain in effect. *See* Order, ECF No. 88 (Dec. 14, 2018).

## DISCUSSION

Plaintiffs have moved for a preliminary injunction to prevent the enforcement of final rules that would create sweeping exemptions to the Affordable Care Act's Contraceptive Care Mandate and deny women across the country access to legally protected preventative healthcare. As the Court found in preliminarily enjoining Defendants' previous attempt to undermine the ACA's Contraceptive Care Mandate, Defendants' policies threaten "enormous and irreversible" harm to women "across the nation." *See* Mem. & Op., ECF No. 59, at 39 (Dec. 15, 2017). Accordingly, Plaintiffs requested that the Court set a schedule for briefing and argument on Plaintiffs' motion for an injunction of the final rules that would allow for a decision prior to their January 14 effective date, and the Court agreed.

Given the expedited nature of these proceedings, there is no basis for a stay. To the contrary, courts have declined to issue stays due to a lapse in appropriations in similar situations. For example, in *Roman Catholic Archbishop of Washington v. Sebelius*, during a previous lapse in appropriations, the District Court for the District of Columbia denied the Justice Department's

---

[2] https://www.scribd.com/document/396201134/Fiscal-Year-2019-DOJ-Contingency-Plan.

request for a stay in a case challenging the Affordable Care Act's contraceptive mandate. The

Court stated:

> The Court finds that the issuance of a stay would be inappropriate in this case. First, the case involves the Affordable Care Act's contraception mandate, which will become effective as of January 1, 2014, making the issues in this case time sensitive. And second, plaintiffs filed a motion for a preliminary injunction in September, which the Court consolidated with the merits determination with the understanding that it would endeavor to resolve the issues prior to January 1, 2014.
>
> In light of the irreparable harm alleged, the impending time-sensitive contraceptive mandate, and defendants' unwillingness to delay enforcement of the mandate, the Court finds that an indefinite stay of all litigation deadlines is not compatible with the fair determination of justice. It is essential that the pending motions in this case be litigated now so that they may be resolved prior to January 1, 2014.

2013 WL 5570185, at *1 (D.D.C. Oct. 3, 2013); *see also United States v. U.S. Airways Group,*

*Inc.*, 979 F. Supp. 2d 33, 35 (D.D.C. 2013) (denying stay request during lapse in appropriations

where stay would disrupt expedited discovery and trial schedule set by Court); *Priests for Life v.*

*U.S. Department of Health and Human Services*, 2013 WL 5572730, at *1 (D.D.C. 2013) (in

contraceptive mandate case, denying government's stay request and making only limited

amendments to the briefing schedule so that Court could resolve the issues prior to effective date

of the mandate).

This Court has made clear that it "will be open and will be operating with normal

business hours during the government shutdown," and the guidance posted by the Third Circuit

states that "Federal government agencies are expected to timely respond to emergency or

expedited motions and cases."[3] As Defendants acknowledge, Department of Justice attorneys

may work during a lapse of appropriations under certain circumstances. *See* 31 U.S.C. § 1342.

The Justice Department has construed this exception to include situations in which a court denies

---

[3] *See* http://www.paed.uscourts.gov/ & https://www.ca3.uscourts.gov/.

a request for a stay of proceedings like the motion Defendants have filed in this matter. *See* DOJ

Contingency Plan at 3.

In any event, any difficulty posed by the lapse in appropriations is of the federal

government's own making. The Executive Branch cannot reasonably expect the Judiciary to

allow it to implement its challenged policies while indefinitely delaying resolution of Plaintiffs'

claim that those policies will inflict irreparable harm in the absence of prompt judicial relief.

This Court's expedited schedule was designed to allow the Court to hear and rule upon

Plaintiffs' request for injunctive relief prior to the effective date of the challenged rules, and

Defendants' motion offers no legitimate basis for deviating from that schedule now.

## CONCLUSION

For the reasons set forth above, Defendants' motion to stay should be denied.

December 27, 2018                                    Respectfully submitted,

GURBIR S. GREWAL                                    JOSH SHAPIRO
Attorney General                                    Attorney General
State of New Jersey                                 Commonwealth of Pennsylvania

GLENN J. MORAMARCO                                   /s/ Michael J. Fischer
Assistant Attorney General                          MICHAEL J. FISCHER
ELSEPTH FAIMAN HANS                                  Chief Deputy Attorney General
KIMBERLY A. CAHALL                                  AIMEE D. THOMSON
Deputy Attorneys General                            Deputy Attorney General
New Jersey Attorney General's Office                Office of Attorney General
Richard J. Hughes Justice Complex                   1600 Arch Street
25 Market Street                                    Suite 300
Trenton, NJ 08625                                   Philadelphia, PA 19103
(609) 376-3235                                      (215) 560-2171
Glenn.Moramarco@law.njoag.gov                       mfischer@attorneygeneral.gov