# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
|   |   |
|---|---|
| | : |
| COMMONWEALTH OF PENNSYLVANIA and STATE OF NEW JERSEY, | : |
| | : |
| *Plaintiffs*, | : |
| | : |
| v. | :   Case No. 2:17-cv-04540-WB |
| | : |
| DONALD J. TRUMP, *et al.*, | : |
| | : |
| | : |
| *Defendants*. | : |
_____:

### *AMICI CURIAE* BRIEF OF MASSACHUSETTS, CALIFORNIA, CONNECTICUT, DELAWARE, DISTRICT OF COLUMBIA, HAWAI'I, ILLINOIS, IOWA, MAINE, MARYLAND, MICHIGAN, MINNESOTA, NEVADA, NEW MEXICO, NEW YORK, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, VIRGINIA, AND WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

MAURA HEALEY
ATTORNEY GENERAL

Jonathan B. Miller
Jon Burke
Julia E. Kobick
Assistant Attorneys General
Elizabeth Carnes Flynn
Special Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, Massachusetts 02108

Date: January 7, 2019

# TABLE OF CONTENTS

Table of Authorities .................................................................................................... ii

Introduction and Interests of *Amici* States ................................................................1

Summary of The Argument ..........................................................................................2

Argument .......................................................................................................................3

    I.     States Across the Country Will Be Injured by the Final Rules.....................................3

        A.  The Rules Will Cause Women in Every State to Lose Contraceptive Coverage
            and Thereby Inflict Financial Injury on States Nationwide.....................................3

            1.   The Rules Will Cause Hundreds of Thousands of People to Lose Coverage....4

            2.   The Rules Will Have a Nationwide Impact ........................................................6

            3.   The Rules Will Result in More Women Receiving Contraceptive Care
               Through State-Funded Programs ......................................................................10

            4.   States Will Bear Increased Health Care Costs Associated With Unintended
               Pregnancies and Negative Health Outcomes ...................................................12

        B.  In This Era of Interstate Employment and College Attendance, These
            Economic Injuries Will Transcend State Lines .....................................................13

    II.    A Nationwide Injury, Like the Injury Inflicted by the Final Rules, Requires a
          Nationwide Remedy.........................................................................................................15

        A.  The Plaintiff States Have Standing to Seek a Nationwide Injunction ..................15

        B.  A Preliminary Injunction Invalidating the Rules Nationwide Is Necessary to
            Alleviate the Harms That Will Be Caused by the Rules........................................17

Conclusion ..................................................................................................................19

# TABLE OF AUTHORITIES

## Cases

*Abington Mem. Hosp. v. Heckler*,
    750 F.2d 242 (3d Cir. 1984)............................................................................................18

*Acierno v. New Castle Cty.*,
    40 F.3d 645 (3d Cir. 1994)..............................................................................................19

*Alfred L. Snapp & Sons, Inc. v. Puerto Rico*,
    458 U.S. 592 (1982).......................................................................................................19

*Califano v. Yamasaki*,
    442 U.S. 682 (1979).......................................................................................................18

*California v. Azar*,
    --- F.3d ---, 2018 WL 6566752 (9th Cir. Dec. 13, 2018)...................................................3

*Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*,
    747 F.2d 844 (3d Cir. 1984)............................................................................................17

*Council Tree Communications, Inc. v. FCC*,
    619 F.3d 235 (3d Cir. 2010)............................................................................................17

*Earth Island Inst. v. Ruthenbeck*,
    490 F.3d 687 (9th Cir. 2007) ......................................................................................16-17

*eBay v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006).......................................................................................................16

*Harmon v. Thornburgh*,
    878 F.2d 484 (D.C. Cir. 1989).......................................................................................17

*Hecht Co. v. Bowles*,
    321 U.S. 321, 329-30 (1944) .........................................................................................16

*Kansas v. Nebraska*,
    135 S. Ct. 1042 (2015)...................................................................................................16

*Madsen v. Women's Health Ctr. Inc.*,
    512 U.S. 753 (1994).......................................................................................................18

*McLendon v. Continental Can Co.*,
    908 F.2d 1171 (3d. Cir. 1990)........................................................................................18

*Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs,*
    145 F.3d 1399 (D.C. Cir. 1998) ........................................................... 17, 18

*Pennsylvania v. Trump,*
    281 F. Supp. 3d 553 (E.D. Pa. 2017) ...................................................... 3, 5, 16

*Porter v. Warner Holding Co.,*
    328 U.S. 395 (1946) ................................................................................ 16

*Prometheus Radio Project v. FCC,*
    652 F.3d 431 (3d Cir. 2011) .................................................................... 17

*S.E.C. v. Wencke,*
    622 F.2d 1363 (9th Cir. 1980) ................................................................ 16

*Town of Chester v. Laroe Estates, Inc.,*
    137 S. Ct. 1645 (2017) ............................................................................ 15

*Trump v. Int'l Refugee Assistance Project,*
    137 S. Ct. 2080 (2017) ............................................................................ 16

*United States v. Oakland Cannabis Buyers' Co-op.,*
    532 U.S. 483 (2001) ................................................................................ 16

## Statutes and Regulations

Administrative Procedure Act, 5 U.S.C. § 706(2) ........................................ 17

80 Fed. Reg. 41318 (July 14, 2015) ............................................................. 6

82 Fed. Reg. 47792 (Oct. 13, 2017) ................................................... *passim*

83 Fed. Reg. 2642 (Jan. 18, 2018) ............................................................. 10

*Religious Exemptions and Accommodations for Coverage of Certain Preventive Services*
*Under the Affordable Care Act*, 83 Fed. Reg. 57536 (Nov. 15, 2018) ................................ *passim*

*Moral Exemptions and Accommodations for Coverage of Certain Preventive Services*
*Under the Affordable Care Act*, 83 Fed. Reg. 57592 (Nov. 15, 2018) ................................ *passim*

130 Code Mass. Regs. 450.317 .................................................................. 12

**Miscellaneous**

A. Sonfield et al., *Public Costs from Unintended Pregnancies and the Role of Public Insurance Programs in Paying for Pregnancy-Related Care: National and State Estimates for 2010*, Guttmacher Institute (Feb. 2015) .................................................................................................12

A. Swanson & J. O'Connell, *What the U.S. Map Should Really Look Like*, Wash. Post (Dec. 12, 2016) ......................................................................................................................13

G. Nelson & A. Rae, *An Economic Geography of the United States: From Commutes to Megaregions*, PLOS One (Nov. 30, 2016) .................................................................................13

Gov't Accountability Office, Health Insurance: Most College Students Are Covered through Employer-Sponsored Plans, and Some Colleges and States Are Taking Steps to Increase Coverage (Mar. 2008) ...................................................................................................................14

Guttmacher Institute, *Medicaid Family Planning Eligibility Expansions* (May 2018) ...............10

Institute of Medicine, CLINICAL PREVENTIVE SERVICES FOR WOMEN: CLOSING THE GAPS 51 (2011)..........................................................................................................................................7

Kaiser Family Foundation, "Employer Health Benefits, 2018 Annual Survey," 103 (2018) .......12

Nat'l Ctr. for Education Statistics, "Residence and Migration of All First-Time Degree/Certificate-Seeking Undergraduates," Digest of Education Statistics (2017)...................14

S. Rollins et al., "Young, Uninsured and in Debt: Why Young Adults Lack Health Insurance and How the Affordable Care Act is Helping," The Commonwealth Fund (June 2012)..............14

U.S. Census Bureau, *Out-of-State and Long Commutes: 2011*, American Community Survey Reports (Feb. 2013) ....................................................................................................................14

U.S. Dept. of Labor, Bureau of Labor Statistics, "24 percent of employed people did some or all of their work at home in 2015," The Economics Daily (July 8, 2016).....................................13

## INTRODUCTION AND INTERESTS OF *AMICI* STATES

The *Amici* States have a compelling interest in protecting the health, wellbeing, and economic security of their residents.  To promote this interest, the States are committed to ensuring a strong and robust regulatory regime that makes contraception as widely available and affordable as possible.  Access to contraception advances educational opportunity, workplace equality, and financial empowerment for women; improves the health of women and children; and reduces healthcare-related costs for individuals, families, and States.

The Patient Protection and Affordable Care Act's ("ACA") "contraceptive mandate" plays a critical role in ensuring State residents access to affordable contraception.  Most women receive health care coverage through employer-sponsored health plans.  The ACA requires employer-sponsored plans to provide comprehensive, no-cost coverage for contraceptive care and services. The *Amici* States have an interest in ensuring that, in implementing the contraceptive mandate, the defendant federal agencies develop regulations that further women's health and equality and that do not impose unjustifiable costs on the States.  In addition, the *Amici* States have an interest in a fair and transparent federal regulatory process.  The *Amici* States depend on federal agencies to follow proper rulemaking procedures designed to incorporate a broad array of interests—including those of State and local governments—before making important, and often complex, regulatory decisions.

The two Final Rules challenged in this case, which authorize employers and universities nationwide to prevent their employees and students from receiving the seamless access to contraceptive care and services guaranteed by the ACA, threaten each of these interests.  The *Amici* States submit this brief to explain why they will be injured by the Final Rules, and why this Court should issue a preliminary injunction barring enforcement of the Final Rules anywhere in

1

the United States.

## SUMMARY OF THE ARGUMENT

Through this case, the Commonwealth of Pennsylvania and the State of New Jersey (the "Plaintiff States") seek to protect themselves, other States, and women across the country from the harms that will result from Defendants' attempt to nullify provisions of the ACA that guarantee women equal access to preventive medical care—specifically contraceptive care and services. Defendants have issued two Final Rules (the "Rules") that authorize employers with religious or moral objections to contraception to block employees, students, and their dependents from receiving contraceptive coverage. *See Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act*, 83 Fed. Reg. 57536 (Nov. 15, 2018); *Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act*, 83 Fed. Reg. 57592 (Nov. 15, 2018).

The Rules have caused—and will continue to cause—significant harm to States nationwide. The Rules will deprive hundreds of thousands of employees, students, and their dependents of contraceptive coverage, threatening the health and wellbeing of the States' residents and the economic and public health of the States generally.  As a result, States will be forced to expend millions of dollars to provide replacement contraceptive care and services for their residents.

Because the Rules will injure women and States across the country, this Court should enjoin implementation of the Rules on a nationwide basis.  When, as here, federal regulatory action is unlawful, courts typically invalidate the action in its entirety.  That relief is especially warranted in this case, where the damage caused by the Rules will transcend State lines and where a

preliminary injunction limited in scope to Pennsylvania and New Jersey would not guarantee those Plaintiff States complete relief.

## ARGUMENT

### I.   States Across the Country Will Be Injured by the Final Rules.

This Court previously ruled that the Plaintiff States have Article III standing to challenge the Rules. *Pennsylvania v. Trump*, 281 F. Supp. 3d 553, 567 (E.D. Pa. 2017); *accord California v. Azar*, --- F.3d ---, 2018 WL 6566752, *5-*8 (9th Cir. Dec. 13, 2018) (five other States have standing under Article III to challenge the Rules).  Like the Interim Final Rules ("IFRs") that preceded them, the Final Rules will "inflict a direct injury upon [the Plaintiff States] by imposing substantial financial burdens on State coffers." *Pennsylvania*, 253 F. Supp. 3d at 567.  The Plaintiff States, moreover, "see[k] to protect a quasi-sovereign interest—the health of [their] women residents." *Id.* at 566.  That quasi-sovereign interest, this Court explained, "is inextricably intertwined" with the Plaintiff States' fiscal injury—namely, an "increase [in] expenditures for State and local programs providing contraceptive services." *Id.* at 567.

The Plaintiff States' basis for Article III standing to challenge the Final Rules now is even stronger than their standing when Defendants issued the IFRs in October 2017.  Defendants have now determined that far *more* women will be harmed by the Final Rules than they had previously estimated.  *See* 83 Fed. Reg. 57578-80.  Building off of that admission and this Court's prior determination that the Plaintiff States had standing under Article III to challenge the IFRs, this brief will highlight the breadth of the nationwide injury to women and States across the country.

### A.   The Rules Will Cause Women in Every State to Lose Contraceptive Coverage and Thereby Inflict Financial Injury on States Nationwide.

Across the country, the Final Rules will result in hundreds of thousands of employees and students, as well as their dependents, losing the comprehensive contraceptive coverage guaranteed

by the ACA.  That loss, in turn, will impose direct financial harm on the States.  Many women who lose contraceptive coverage as a result of the Rules will obtain replacement care and services through state-funded programs.  Others, who are not able to obtain replacement coverage, may experience unintended pregnancies that impose additional costs on States.

### 1. The Rules Will Cause Hundreds of Thousands of People to Lose Coverage.

According to Defendants' Regulatory Impact Analysis for the Final Rules (hereinafter "the RIA"),[1] approximately three million people receive health insurance through employers and universities that have already asserted religious objections to providing coverage for contraceptive care and services under the ACA.  *See* 83 Fed. Reg. 57575-78.  Even more people receive insurance through employers that will be newly eligible for the expanded religious and moral exemptions provided by the Final Rules. *See, e.g.*, 82 Fed. Reg. 47792, 47823 (Oct. 13, 2017) (Interim Final Rule) (comparing the prevalence of religious and moral objections to contraception); 83 Fed. Reg. 57628 (acknowledging that "uncertainty" concerning the prevalence of moral objections justifies higher estimates of the Rules' impact).

Out of these millions, Defendants estimate that between 70,515 ("lower bound estimate") and 126,400 ("upper bound estimate") women will lose employer-based coverage for their chosen method of contraception if the Final Rules go into effect.[2]  *See* 83 Fed. Reg. 57578, 57580, 57627-

---

[1] The RIA is Defendants' official, legally mandated explanation of each Rules' anticipated costs, benefits, and broader effects.  *See* 83 Fed. Reg. 57573.  The RIAs contained in the Final Rules largely adopt the analysis contained in the IFRs except that, as discussed, *see infra*, note 2, Defendants have significantly increased their estimate of the number of women who will lose coverage as a result of the Rules.

[2] These figures include only "women whose contraceptive costs will be impacted by the expanded exemptions in these final rules."  83 Fed. Reg. 57578.  Notably, they represent a significant increase from the estimates contained in the IFRs.  In the IFRs, Defendants indicated that between 31,715 and 120,000 women were likely to lose coverage.  *See* 82 Fed. Reg. 47821, 47823, 47858.  The increase from the IFRs to the Final Rules is largely attributable to the fact

28.  These figures offer a conservative snapshot of the Rules' direct and immediate effects.  The actual number of women affected is likely to be "significantly higher."[3]  *Pennsylvania*, 281 F. Supp. 3d at 582.

 The lower and upper bounds are based on two different calculation methods.  *See* 83 Fed. Reg. 57575-81. The upper bound estimate—126,400 women—is based on nationwide survey data concerning the number of employers that excluded contraceptive coverage from their insurance plans in 2010, before the ACA went into effect.  *See* 83 Fed. Reg. 57578-81; 82 Fed. Reg. 47821-24.  Defendants use this data to produce a statistical estimate of the number employers that will use the expanded moral and religious exemptions provided by the Rules.  *Id.*  Notably, Defendants assume that the number of women who will lose coverage as a result of the Rules will be only a small fraction of the number of women who were denied contraceptive coverage prior to the ACA. *Id*.  The lower bound estimate—70,515[4]—is based primarily on the number employers that have

---

that, in the IFRs, Defendants underestimated the number of people receiving contraceptive coverage through the accommodation by approximately 2,000,000.  *Compare* 82 Fed. Reg. 47821 (stating that 1,027,000 people "are covered in accommodated plans"), *with* 83 Fed. Reg. 57577 (stating that 2,907,000 people "were covered in plans using the accommodation under the previous regulations").

[3] Defendants make a number of significant assumptions that create a "tendency toward underestimation."  83 Fed. Reg. 57581 n. 112.  For example, Defendants' estimates are based on the assumption that "approximately 43.6% of women of childbearing age use women's contraceptive methods covered by the [ACA]."  83 Fed. Reg. 57576.  The source cited for this claim is a Fact Sheet published by the Guttmacher Institute, titled "Contraceptive Use in the United States," available at https://www.guttmacher.org/fact-sheet/contraceptive-use-united-states.  *See* 83 Fed. Reg. 57576 n. 85.  That Fact Sheet, however, indicates only that 43.6% of women of childbearing age have used a contraceptive method covered by the ACA "in the past month."  Of course, over any period of time longer than a month, a higher, cumulative percentage of women will use these methods of contraception.  *See id*. (while only approximately 15% of women have used birth control pills "in the past month," approximately 80% have used them ever).

[4] Of these 70,515 women, only 15 are attributable to the new moral exemption.  *See* 83 Fed. Reg. 57627.  Defendants' "uncertainty" about this low number was a basis for including the upper bound estimate in the RIA.  *Id.* at 57628.  In contrast to the lower bound, the upper bound estimate accounts to some extent for the strong likelihood that employers other than litigating

previously asserted religious objections to providing contraceptive coverage under the ACA, either through litigation ("litigating employers") or by using the ACA's existing accommodation ("accommodated employers"). *See* 83 Fed. Reg. 57575-78; 82 Fed. Reg. 47815-21.[5]

Importantly, the figures provided in the RIA are adjusted for many factors that could affect employers' use of the expanded exemptions. For example, Defendants take into account the fact that some objecting employers will continue to use the accommodation rather than the expanded exemptions, *see, e.g.*, 83 Fed. Reg. 57575, 82 Fed. Reg. 47815; that some employers are covered by injunctions exempting them from the contraceptive mandate, 83 Fed. Reg. 57575-76, 82 Fed. Reg. 47818; and that some employers who choose to use the expanded exemptions will object to covering only a few contraceptive methods, 83 Fed. Reg. 57581, 82 Fed. Reg. 47823.

In sum, the RIA establishes that, at a minimum, tens of thousands of women who are currently using a method of contraception covered by the ACA will immediately lose their employer-sponsored coverage as a direct result of the Rules, should the Rules go into effect.

### 2.    The Rules Will Have a Nationwide Impact.

The Rules will affect States across the country. As discussed, Defendants' more comprehensive analysis of the Rules' likely impact—that 126,400 women will lose coverage as a result of the both the expanded moral and religious exemptions—is based on *nationwide* survey data. *See supra*, at 5-6. There is nothing in the Administrative Record to suggest that the Rules

---

and accommodated employers will make use of the expanded exemptions, particularly the new moral exemption. *See* 83 Fed. Reg. 57578-81.

[5] Defendants do not know how many employers are actually using the accommodation. Under the prior regulations, not all employers were required to provide notice to Defendants in order to use the accommodation, and many did not do so. *See* 83 Fed. Reg. 57576; 82 Fed. Reg. at 47817-18. For the purposes of the RIA, Defendants estimate that 209 employers have been using the accommodation. *Id.* This figure is taken from an estimate originally made by the Department of Health and Human Services ("HHS") in 2014. *Id.* HHS has characterized the figure as "likely…[an] underestimate." 80 Fed. Reg. 41318, 41332 (July 14, 2015).

will not have a nationwide impact, nor is there a basis to believe that women residing in any particular State will be peculiarly unaffected by the Rules.[6]

The Administrative Record itself demonstrates the Rules' nationwide impact.  It identifies litigating and accommodated employers and universities that have already raised religious objections to providing contraceptive coverage under the ACA. *See* Exhibit A.[7]  And it specifically identifies the litigating employers and universities that Defendants expect will use the expanded religious exemption created by the Rules.  *See id.*  These litigating employers and universities, as demonstrated in the following chart,[8] are located in nearly every State in the country, including Pennsylvania, New Jersey, and the *Amici* States.

---

[6] The contraceptive equity laws that exist in some States may mitigate, but will not eliminate, the harm caused by the Rules.  With respect to the lower bound estimate, Defendants expect that approximately 63% of women who work for accommodated employers and who lose coverage because of the Rules will be covered by self-funded employer-based plans exempt from State regulation due to preemption by the Employee Retirement and Income Security Act.  *See* 83 Fed. Reg. 57577.  State contraceptive equity laws cannot, therefore, protect these women.  The upper bound estimate, for its part, already excludes women covered by State contraceptive equity laws. The survey that the estimate is based upon was taken in 2010, after 29 States had already enacted contraceptive equity laws.  *See* Institute of Medicine, CLINICAL PREVENTIVE SERVICES FOR WOMEN: CLOSING THE GAPS 51 (2011).  Employers with fully insured plans in those States could not, therefore, have exempted contraceptive coverage at that time, even if they had wanted to.

[7] Exhibit A includes two spreadsheets that Defendants used to calculate the number of women likely to be affected by the Rules in the RIA.  The spreadsheets were included in the Administrative Record filed in the District Court, at Exhibits 55 and 82, pp. 669264-70 and 670107-33.  The RIA estimates that "6,400 women of childbearing age that use contraception covered by the Guidelines…will be affected by use of the expanded exemption among *litigating* entities."  83 Fed. Reg. 57577 (emphasis added).  The record identifies the "litigating entities" included in this estimate.  *See* Exhibit A, pp. 669264-70.

[8] This chart was compiled by using Exhibits 55 and 82 of the Administrative Record, *see supra*, note 7; complaints filed in each case brought by litigating employers and universities; and publicly available information about employer and university locations. To be clear, the chart is not exhaustive. Employers and universities other than the listed "litigating entities" are likely to make use of the new exemptions.  *See supra*, at 5-6.

| State | Examples of Litigating Employers and Universities That Are Not Required by State Law to Provide Contraceptive Coverage, and That the Federal Defendants Expect to Drop Contraceptive Coverage Under the Expanded Exemptions |
|---|---|
| Alabama | Hobby Lobby Stores, Inc.; Eternal World Television Network, Inc. |
| Arizona | Hobby Lobby Stores, Inc. |
| Arkansas | Hobby Lobby Stores, Inc.; Mardel |
| California | Hobby Lobby Stores, Inc. |
| Colorado | Hobby Lobby Stores, Inc.; Association of Christian Schools, International; Colorado Christian University; Mardel; Continuum Health Partnerships Inc.; Mountain States Health Properties LLC; Continuum Health Management LLC; CH-Greeley LLC; Family Talk |
| Connecticut | Hobby Lobby Stores, Inc. |
| Florida | Hobby Lobby Stores, Inc.; Mersino Management Co.; CMA d/b/a Shell Point Retirement Center; Ave Maria University; Ave Maria School of Law; Rhodora J. Donahue Academy, Inc.; Beckwith Electrical Co.; Alliance Community for Retirement Living; Cherry Creek Mortgage Co. |
| Georgia | Hobby Lobby Stores, Inc. |
| Idaho | Hobby Lobby Stores, Inc. |
| Illinois | Hobby Lobby Stores, Inc.; Samaritan Ministries International; Tyndale House Publishers, Inc.; Franciscan Alliance; Wheaton College |
| Indiana | Hobby Lobby Stores, Inc.; Taylor University; Indiana Wesleyan University; Mersino Management Co.; University of St. Francis; St. Anne Home; Our Sunday Visitor; Franciscan Alliance; Grace College and Seminary; Grote Industries, LLC; Ozinga Bros. Inc.; Cherry Creek Mortgage Co.; Tonn and Blank Construction, LLC; University of Notre Dame |
| Iowa | Hobby Lobby Stores, Inc.; Dordt College |
| Kansas | Hobby Lobby Stores, Inc.; Mardel; Sealco LLC; Villa St. Francis Catholic Care Center; Randy Reed Automotive, Inc. |
| Kentucky | Hobby Lobby Stores, Inc.; Asbury Theological Seminary; Encompass Develop Design and Construct LLC; The C.W. Zumbiel Co. |
| Louisiana | Hobby Lobby Stores, Inc.; Mardel |
| Maine | Hobby Lobby Stores, Inc. |
| Maryland | Hobby Lobby Stores, Inc.; Global Pump Co.; Mersino Management Co. |
| Massachusetts | Hobby Lobby Stores, Inc.; Autocam Medical |
| Michigan | Hobby Lobby Stores, Inc.; Autocam Medical; Midwest Fastener Corp.; Mersino Management Co. |
| Minnesota | Hobby Lobby Stores, Inc.; Crown College; Annex Medical Inc.; Sacred Heart Medical, Inc.; Doboszenski & Sons, Inc.; Feltl & Co., Inc.; American Mfg Co.; Hastings Automotive, Inc.; Hastings |

| | Chrysler Center, Inc.; Cherry Creek Mortgage Co.; Stinson Electric Inc.; The QC Group, Inc.; SMA, LLC |
|---|---|
| Mississippi | Hobby Lobby Stores, Inc.; American Family Association |
| Missouri | Hobby Lobby Stores, Inc.; Mardel; Sharpe Holdings, Inc.; Sioux Chief Mfg. Co., Inc. |
| Montana | Hobby Lobby Stores, Inc. |
| Nebraska | Hobby Lobby Stores, Inc.; Mersino Management Co. |
| Nevada | Hobby Lobby Stores, Inc. |
| New Hampshire | Hobby Lobby Stores, Inc. |
| New Jersey | Hobby Lobby Stores, Inc. |
| New Mexico | Hobby Lobby Stores, Inc. |
| New York | Hobby Lobby Stores, Inc. |
| North Carolina | Hobby Lobby Stores, Inc.; Conestoga Wood Specialties Corp. |
| North Dakota | Hobby Lobby Stores, Inc.; Trinity Bible College; Treasure Island Coins |
| Ohio | Hobby Lobby Stores, Inc.; Freshway Foods; Freshway Logistics; The C.W. Zumbiel Co.; Electrolock Inc.; Stone River Management Co.; Dunstone Co.; Johnson Welded Products, Inc. |
| Oklahoma | Hobby Lobby Stores, Inc.; Mardel; Southern Nazarene University; Oklahoma Wesleyan University; Oklahoma Baptist University; Korte & Luitjohan Contractors, Inc. |
| Oregon | Hobby Lobby Stores, Inc. |
| Pennsylvania | Hobby Lobby Stores, Inc.; Alliance Home of Carlisle (d/b/a Chapel Pointe at Carlisle); Conestoga Wood Specialties Corp.; Geneva College; Westminster Theological Seminary; Seneca Hardwood Lumber |
| Rhode Island | Hobby Lobby Stores, Inc. |
| South Carolina | Hobby Lobby Stores, Inc.; Electrolock Inc. |
| South Dakota | Hobby Lobby Stores, Inc. |
| Tennessee | Hobby Lobby Stores, Inc.; Autocam Medical; Union University |
| Texas | Hobby Lobby Stores, Inc.; Mersino Management Co.; Mardel; East Texas Baptist University; The Criswell College; The QC Group, Inc.; University of Dallas; Catholic Charities; Sealco LLC; Insight for Living Ministries; M&N Plastics, Inc.; Cherry Creek Mortgage Co. |
| Utah | Hobby Lobby Stores, Inc.; Cherry Creek Mortgage Co. |
| Vermont | Hobby Lobby Stores, Inc. |
| Virginia | Hobby Lobby Stores, Inc.; Media Research Center; Trijicon, Inc. |
| Washington | Hobby Lobby Stores, Inc.; Conestoga Wood Specialties Corp. |
| West Virginia | Hobby Lobby Stores, Inc. |
| Wisconsin | Hobby Lobby Stores, Inc. |
| Wyoming | Hobby Lobby Stores, Inc. |

Collectively, these employers and universities employ or enroll hundreds of thousands of people across the country, many of whom also have dependents receiving insurance through these plans. *See* Exhibit A, pp. 669264-70.

> ### 3. The Rules Will Result in More Women Receiving Contraceptive Care Through State-Funded Programs.

The RIA estimates that the direct cost of providing replacement contraceptive care and services for women who lose employer-sponsored coverage because of the Rules will be between $41.2 and $67.3 million annually.[9]  *See* 83 Fed. Reg. 57578.  States will bear a significant share of this cost.  As Defendants acknowledge—in attempting to downplay the Rules' impact on women and their families—women who lose coverage as a result of the Rules will receive care and services through state-funded programs.  *See, e.g.*, 82 Fed. Reg. 47803.  Millions of women across the country who have health insurance through an employer-sponsored plan are also eligible for a range of state-funded programs.

Among the Plaintiff and *Amici* States, eligibility limits for state-sponsored programs extend up to 300% of the Federal Poverty Level ("FPL") (and in limited circumstances beyond), with many such programs falling in the range of 200% to 250% of FPL.[10]  With the 2018 FPL set at $20,780 for a family of three, $25,100 for a family of four, and higher for larger families, *see* 83 Fed. Reg. 2642, 2643 (Jan. 18, 2018), this means that many women earning more than $40,000 per year and even some women earning over $70,000 may be eligible under these programs.  State programs typically fall into three categories: Medicaid, Medicaid Family Planning Expansion, and

---

[9] As with the number of women likely to lose coverage, this cost estimate represents a significant increase from the IFRs' estimate of $18.5 to $63.8 million annually.  *See* 82 Fed. Reg. 47821, 47823-24.

[10] Guttmacher Institute, *Medicaid Family Planning Eligibility Expansions* (May 2018), https://www.guttmacher.org/state-policy/explore/medicaid-family-planning-eligibility-expansions.

Title X/State Family Planning.  Coverage through employer-sponsored insurance generally does not render women ineligible, particularly where coverage has been declined by the employer, though not all States serve as secondary payers under their Medicaid programs.  As shown in Exhibit B, a significant number of women *with employer-sponsored insurance* will be income-eligible for coverage under State programs when their employers choose to avail themselves of the exemptions created by the Rules.  Overall, for the States included in the estimate, there are 7,173,998 income-eligible women, with 4,407,494 in plans that are not subject to any state-imposed contraception mandate.

States will also be *required* to fund coverage for women through their Medicaid programs.  For example, Medicaid programs in at least 14 States serve as secondary payers for eligible individuals even if they have other forms of insurance.  Using the basic Medicaid program income threshold (138% FPL),[11] there are approximately 1,212,166 women eligible to receive this type of "wraparound" coverage for contraceptive care and services in these States if their employers object to providing such coverage on religious or moral grounds.

The *Amici* States' experience confirms that women who cannot utilize existing health care coverage (particularly when it comes to reproductive health) routinely seek coverage from state-funded programs, including at community health centers.  In fact, many women who lose contraceptive coverage because of the Rules will already be utilizing such programs for other healthcare costs.  In Massachusetts, for example, the State Medicaid program, MassHealth, already covers more than 150,000 residents with inadequate commercial insurance.  For these women, there will be no need to "seek out" state-funded care; they will automatically receive state-funded

---

[11] Twenty-five States have extended Medicaid eligibility for family planning services above this income threshold.  *See supra*, at n. 10.  As a result, this figure likely understates the number of eligible women.

replacement coverage.

> **4.     States Will Bear Increased Health Care Costs Associated with Unintended Pregnancies and Negative Health Outcomes.**

The reduction in access to contraception caused by the Rules will also lead to an increase in unintended pregnancies and negative health outcomes for women and children.[12]  This will impose additional costs on States, which already spend billions of dollars annually on unintended pregnancies.[13]  The fact that women who lose contraceptive coverage because of the Rules will retain the balance of coverage provided by their employer-sponsored plans will not insulate States from harm.  Increased health care costs will be passed on to the States through Medicaid and other programs that provide wrap-around coverage and reimbursement for deductibles, co-insurance, emergency care, and other amounts and services not covered by primary insurance.[14] These are significant costs: the average employer-sponsored plan has an annual deductible of $1,573 for individuals and, depending on plan-type, up to $4,527 for families, and most plans impose additional cost-sharing fees for emergency room and hospital care.[15]  State Medicaid programs will thus assume significant costs associated with the unintended pregnancies of women who lose coverage because of the Rules.

---

[12] Defendants acknowledge that a "noteworthy" potential effect of the Rules will be an increase in spending on "pregnancy-related medical services."  83 Fed. Reg. 57585 & n. 123.

[13] A. Sonfield et al., *Public Costs from Unintended Pregnancies and the Role of Public Insurance Programs in Paying for Pregnancy-Related Care: National and State Estimates for 2010*, Guttmacher Institute (Feb. 2015), https://www.guttmacher.org/sites/default/files/report_pdf/public-costs-of-up-2010.pdf.

[14] *See, e.g.*, 130 Code Mass. Regs. 450.317 (MassHealth's wrap-around insurance regulations).

[15] *See* Kaiser Family Foundation, "Employer Health Benefits, 2018 Annual Survey," 103, 114 (2018).

**B.**     **In This Era of Interstate Employment and College Attendance, These Economic Injuries Will Transcend State Lines.**

The economic injuries inflicted by the Rules not only will occur in every State, but also will cross State borders.  In today's interconnected economy, changes in access to healthcare and health insurance in one State invariably affect other States.  Thus, if an employer or university drops contraceptive coverage for its employees or students under the Rules, the consequences of that action will be felt outside the State or States in which the employer or university is located.  As a result, even the partial measures a State may take to mitigate the damages caused by the Final Rules—for example, a State contraception mandate, from which all self-funded plans would be exempt—are of limited use in protecting the State's residents and forestalling financial injury to the State.  For the same reasons, an injunction limited only to the Plaintiff States could not protect them from all of the financial harms caused by the Final Rules.

Consider a few examples. Workers today often commute to or telework[16] for employers that are located in States other than the State in which they live.  Recent research on commuter patterns found that employees congregate in "mega-regions" nationwide that span State boundaries, and that these mega-regions are a more meaningful representation of economic ties than are State borders.[17]  Research on commuting patterns bears out this phenomenon.  Significant numbers of New Jersey and Pennsylvania residents, for example, travel each day to jobs in other

---

[16] *See, e.g.*, U.S. Dept. of Labor, Bureau of Labor Statistics, "24 percent of employed people did some or all of their work at home in 2015," The Economics Daily (July 8, 2016), https://www.bls.gov/opub/ted/2016/24-percent-of-employed-people-did-some-or-all-of-their-work-at-home-in-2015.htm.

[17] *See* G. Nelson & A. Rae, *An Economic Geography of the United States: From Commutes to Megaregions*, PLOS One (Nov. 30, 2016), https://journals.plos.org/plosone/article/file?id=10.1371/journal.pone.0166083&type=printable; A. Swanson & J. O'Connell, *What the U.S. Map Should Really Look Like*, Wash. Post (Dec. 12, 2016), https://www.washingtonpost.com/news/wonk/wp/2016/12/12/the-radical-new-map-that-would-really-reflect-life-in-the-u-s/?utm_term=.b6fc5de2efa4.

States—548,040 New Jersey residents, or 14% of the workforce, and 299,970 Pennsylvania residents, or 5.4% of the workforce.[18]   Thus, some of the Pennsylvania and New Jersey women who will lose contraceptive coverage because of the Rules will likely work for out-of-state employers, but nevertheless obtain state-funded replacement care in the States in which they reside.

Similarly, hundreds of thousands of students attend universities and colleges outside of their home State.[19]   Each year, for example, Pennsylvania takes in more than 32,000 first-time out-of-state students alone—the second most of any State in the country.[20]   Many of these out-of-state students continue to receive health insurance coverage as dependents on their parents' employer-based plans.[21]   Indeed, nationally, nearly 14 million people under the age of 26 remain on their parents' employer-sponsored health plans.[22]   Thus, some of the women who will lose

---

[18] U.S. Census Bureau, *Out-of-State and Long Commutes: 2011*, American Community Survey Reports, at 10 & tbl. 6 (Feb. 2013), https://www2.census.gov/library/publications/2013/acs/acs-20.pdf.

[19] *See, e.g.* Nat'l Ctr. for Education Statistics, "Residence and Migration of All First-Time Degree/Certificate-Seeking Undergraduates," Digest of Education Statistics (2017), https://nces.ed.gov/programs/digest/d17/tables/dt17_309.20.asp?current=yes.

[20] *Id.*

[21] *See, e.g.*, Gov't Accountability Office, HEALTH INSURANCE: MOST COLLEGE STUDENTS ARE COVERED THROUGH EMPLOYER-SPONSORED PLANS, AND SOME COLLEGES AND STATES ARE TAKING STEPS TO INCREASE COVERAGE (Mar. 2008), https://www.gao.gov/assets/280/274105.pdf.

[22] *See, e.g.*, S. Rollins et al., "Young, Uninsured and in Debt: Why Young Adults Lack Health Insurance and How the Affordable Care Act is Helping," The Commonwealth Fund, at 2 (June 2012), https://www.commonwealthfund.org/sites/default/files/documents/___media_files_publications_issue_brief_2012_jun_1604_collins_young_uninsured_in_debt_v4.pdf (estimating that approximately 14 million people under the age of 26 remain on their parents health insurance plan).

contraceptive coverage under the Rules will remain on parents' out-of-state employer-based health plans, but obtain state-funded replacement care in the States in which they live and attend school.

As these examples illustrate, the harms caused by the loss of contraceptive coverage will spread across state lines, as commuters, remote workers, and dependents who reside in other States lose coverage and seek replacement care where they live. The injuries threatened by the Final Rules to the States and their residents are thus pervasive across all the States both because women will be affected in every State, and because the Rules' harms will reach individual women across State lines.

## II.    A Nationwide Injury, Like The Injury Inflicted by the Final Rules, Requires a Nationwide Remedy.

In light of the interstate nature of the injury threatened by the Rules, the proper remedy for Defendants' statutory and constitutional violations is an injunction barring implementation of the Rules anywhere in the United States. This Court has authority under Article III to halt implementation of a uniform, national policy promulgated in violation of the ACA and the U.S. Constitution. It should exercise its broad discretion to fashion a remedy that provides complete relief to the parties and forestalls the harms that will otherwise be inflicted on women and States nationwide.

### A.    The Plaintiff States Have Standing to Seek a Nationwide Injunction.

To come within a federal court's Article III jurisdiction, "a plaintiff must demonstrate standing for each *claim* [it] seeks to press and for each *form* of relief that is sought," whether the relief be in the form of damages, injunctive relief, or declaratory relief. *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017) (emphasis added). Thus, "a plaintiff who has standing to seek damages must also demonstrate standing to pursue injunctive relief." *Id.* But once a plaintiff has established that it has standing for each claim and each form of relief, Article III

imposes no further restraint on the *scope* of equitable relief that a District Court may order.  To the contrary, "[f]or 'several hundred years,' courts of equity have enjoyed 'sound discretion' to consider the 'necessities of the public interest' when fashioning injunctive relief."  *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 496 (2001) (quoting *Hecht Co. v. Bowles*, 321 U.S. 321, 329-30 (1944)); *see also Kansas v. Nebraska*, 135 S. Ct. 1042, 1053 (2015) ("When federal law is at issue and 'the public interest is involved,' a federal court's 'equitable powers assume an even broader and more flexible character then when only a private controversy is at stake.'" (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946))); *S.E.C. v. Wencke*, 622 F.2d 1363, 1371 (9th Cir. 1980) ("The Supreme Court has repeatedly emphasized the broad equitable powers of the federal courts to shape equitable remedies to the necessities of particular cases.").

This Court has already determined, correctly, that the Plaintiff States have Article III standing to pursue their claims and seek equitable relief.  *See* Pennsylvania, 281 F. Supp. 3d at 564-69; *supra*, at 3.  This Court therefore has broad authority, reviewed only for abuse of discretion, to issue an injunction tailored to the necessities of the case.  *See eBay v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 394 (2006) ("[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts," and that "act of equitable discretion" is only "reviewable on appeal for abuse of discretion."). Previously, this Court exercised that authority to enjoin, on a preliminary basis, enforcement of the Interim Final Rules anywhere in the United States. *See Pennsylvania*, 281 F. Supp. 3d at 585. This Court's exercise of that authority was consistent with numerous decisions from the Supreme Court and Courts of Appeals that have upheld nationwide injunctions without raising, or by affirmatively rejecting, Article III concerns. *See, e.g.*, *Trump v. Int'l Refugee Assistance Project*, 137 S. Ct. 2080, 2087-88 (2017); *Earth Island*

16

*Inst. v. Ruthenbeck*, 490 F.3d 687, 699 (9th Cir. 2007), *aff'd in part & rev'd in part on other grounds by Summers v. Earth Island Inst.*, 555 U.S. 488 (2009); *Ciba-Geigy Corp. v. Bolar Pharmaceutical Co., Inc.*, 747 F.2d 844, 85, 855-56 (3d Cir. 1984).

### B.   A Preliminary Injunction Invalidating the Rules Nationwide Is Necessary to Alleviate the Harms That Will Be Caused by the Rules.

Because Article III is no barrier to the issuance of a nationwide remedy, this Court should issue a preliminary injunction that bars enforcement of the Rules on a nationwide basis.  Such relief would accord with the settled rule that legally deficient regulations are invalidated in their entirety, not as applied only to the plaintiffs; ensure that the Plaintiff States obtain complete relief for their injuries; and address the magnitude of the harms that will inflicted on women, States, and the public interest nationwide.

"'[W]hen a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed.'"  *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998) (quoting *Harmon v. Thornburgh*, 878 F.2d 484, 495 n. 21 (D.C. Cir. 1989)).  That settled rule follows directly from the Administrative Procedure Act ("APA)", which empowers courts not only to "hold unlawful" but also to "set aside" legally infirm "agency action."  5 U.S.C. § 706(2).  In accordance with that rule, the Third Circuit has frequently vacated regulations, in their entirety, that were not promulgated in compliance with the APA.  *See, e.g.*, *Prometheus Radio Project v. FCC*, 652 F.3d 431, 453-54 & n. 25 (3d Cir. 2011) (vacating FCC regulation that was not promulgated in compliance with the APA); *Council Tree Communications, Inc. v. FCC*, 619 F.3d 235, 258 (3d Cir. 2010) (same).  As a consequence of vacatur, the invalidated regulations have no effect anywhere in the country, and regulations previously in force are reinstated.  *See Council Tree Communications*, 619 F.3d at 258 ("'vacating or rescinding invalidly promulgated regulations

has the effect of reinstating prior regulations'" (quoting *Abington Mem. Hosp. v. Heckler*, 750 F.2d 242, 244 (3d Cir. 1984))).

This approach accords with the practical reality that invalid federal regulations—like those at issue here—often inflict harm on a nationwide basis.  As discussed, Defendants have identified employers in virtually every State in the country that will likely use the Rules to drop contraceptive coverage for their employees.  *See supra*, at 7-10.  Consequently, States across the country, including the Plaintiff States and the *Amici* States, will be forced to provide replacement contraceptive care and services through State programs or Medicaid plans or to provide healthcare associated with unintended pregnancies.  *See supra*, at 10-12.

A preliminary injunction limited to the Plaintiff States, in contrast, would be inconsistent with the "ordinary" rule that invalid regulations must be vacated in their entirety.  *Nat'l Mining*, 145 F.3d at 1409.  It would create serious inequities for women employed by Hobby Lobby, Mersino Management Co., and other employers with locations in multiple States that are expected to drop contraceptive coverage.  And it would not even provide "complete relief" to Pennsylvania and New Jersey.  *Madsen v. Women's Health Ctr. Inc.*, 512 U.S. 753, 765 (1994) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).  As discussed, thousands of Pennsylvania and New Jersey residents receive health insurance coverage through out-of-state employers.  *See supra*, at 13-15.  A preliminary injunction covering only those States would not protect these residents and would deprive Pennsylvania and New Jersey of "full relief" from the Rules, which are "illegal wherever…used."  *McLendon v. Continental Can Co.*, 908 F.2d 1171, 1182 (3d. Cir. 1990).  The Plaintiff States have an interest in preventing the financial injury that will result if out-of-state employers use the Rules' exemptions to drop coverage, causing residents to seek replacement coverage and care where they live: in Pennsylvania and New Jersey.  And they have a further

quasi-sovereign interest in protecting the health and wellbeing of their residents—including residents who work out-of-state.  *See Alfred L. Snapp & Sons, Inc. v. Puerto Rico*, 458 U.S. 592, 597-98, 607-08 (1982) (recognizing Puerto Rico's interest in protecting residents from discrimination by companies located in Virginia).

Finally, issuance of nationwide relief would be consistent with the "primary purpose of a preliminary injunction"—namely, "maintenance of the status quo until a decision on the merits of a case is rendered."  *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994).  The Rules represent a departure from the status quo, which had both ensured that women retain seamless access to contraceptive coverage and accommodated sincerely held religious beliefs.  A nationwide injunction would preserve the rights of the thousands of women across the country expected to lose to contraceptive coverage as a result of the Rules, as well as the rights of the States expected to assume the costs of their contraceptive care.

## CONCLUSION

For the foregoing reasons, the *Amici* States urge this Court to grant the Plaintiff States' motion for a preliminary injunction and to bar enforcement of the Rules anywhere in the United States.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS
MAURA HEALEY
ATTORNEY GENERAL

*/s/ Jonathan B. Miller*
Jonathan B. Miller
Jon Burke
Julia E. Kobick
Assistant Attorneys General
Elizabeth Carnes Flynn
Special Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place

Date: January 7, 2019     Boston, Massachusetts 02108

## ADDITIONAL COUNSEL

XAVIER BECERRA
Attorney General of California
1300 I Street
Sacramento, CA 95814

GEORGE JEPSEN
Attorney General of Connecticut
55 Elm Street
Hartford, CT 06106

KATHLEEN JENNINGS
Attorney General of Delaware
Carvel State Building, 6th Floor
820 North French Street
Wilmington, DE 19801

KARL A. RACINE
Attorney General for the District of Columbia
One Judiciary Square
441 4th Street, N.W.
Washington, DC 20001

RUSSEL A. SUZUKI
Attorney General of Hawai'i
425 Queen Street
Honolulu, HI 96813

LISA MADIGAN
Attorney General of Illinois
100 West Randolph Street
Chicago, IL 60601

THOMAS J. MILLER
Attorney General of Iowa
1305 E. Walnut Street
Des Moines, IA 50319

AARON M. FREY
Attorney General of Maine
6 State House Station
Augusta, ME 04333

BRIAN E. FROSH
Attorney General of Maryland
200 Saint Paul Place
Baltimore, Maryland 21202

DANA NESSEL
Attorney General of Michigan
P.O. Box 30212
Lansing, MI 48909

KEITH ELLISON
Attorney General of Minnesota
102 State Capitol
75 Rev. Martin Luther King Jr. Blvd.
St. Paul, MN 55155

AARON D. FORD
Attorney General of Nevada
100 North Carson Street
Carson City, NV 89701

HECTOR BALDERAS
Attorney General of New Mexico
408 Galisteo St.
Santa Fe, NM 87501

LETITIA JAMES
Attorney General of New York
28 Liberty Street
New York, NY 10005

JOSHUA H. STEIN
Attorney General of North Carolina
North Carolina Department of Justice
114 W. Edenton Street
Raleigh, NC 27603

ELLEN F. ROSENBLUM
Attorney General of Oregon
1162 Court Street NE
Salem, OR 97301

PETER F. NERONHA
Attorney General of Rhode Island
150 South Main Street
Providence, RI 02903

THOMAS J. DONOVAN, JR.
Attorney General of Vermont
109 State Street
Montpelier, VT 05609

MARK R. HERRING
Attorney General of Virginia
202 North Ninth Street
Richmond, VA 23219

ROBERT W. FERGUSON
Attorney General of Washington
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan B. Miller, hereby certify that a true copy of the above document, filed through the

CM/ECF system, will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing.

Dated: January 7, 2019                              */s/ Jonathan B. Miller*
                                                    Jonathan B. Miller

# Exhibit A

Draft--For Discussion Purposes

| Case | Plaintiffs | Type: For-profit (F), Nonprofit (N), House of Worship (H), IA (II), Church Plan (C), Pro-life (P), Grandfathered (G) | Number of Employees/Students | Document employee number located within | Are students/employees counted in final total? | If not counted, explanation why | Number counted towards final total | Total employees (minus HoW/IA and SICPs) | Total students at relevant universities |
|---|---|---|---|---|---|---|---|---|---|
| Am. Pulverizer Co. v. U.S. Dep't of Health and Human Servs., No. 6:12-cv-03459, 2012 WL 6951316 (W.D. Mo. Dec. 20, 2012); | | F | 175 employees | Complaint | Yes | | 175 | 175 | |
| American Family Association v. Sebelius, 1:13-cv 00032-SA-DAS (N.D. Miss. Feb. 20, 2013) | | N | 135 employees | Complaint | Yes | | 135 | 135 | |
| Annex Med., Inc. v. Burwell, No. 13-1118, 2013 WL 1276025 (8th Cir. Feb. 1, 2013) | | F | 18 employees | Complaint | Yes | | 18 | 18 | |
| Archdiocese of St. Louis v. Burwell, No. 4:13-cv-02300 (E.D. MO), No. 14-3016 (8th Cir.) | Archdiocese of St. Louis | H | 7,800 employees/staff | Complaint | No | Diocese self-insured plan (see Brandt v Burwell note below | 0 | 0 | |
| | Catholic Charities of St. Louis | C | 1600 employees | Complaint | No | same | 0 | 0 | |
| Armstrong v. Burwell, No. 1:13-cv-00563-RBJ (D. Colo. Sept. 17, 2013); gov't appeal dismissed Sept. 4, 2014 (10th Cir. order); | | F | 730 employees | Complaint | Yes | | 730 | 730 | |
| Association of Christian Schools International v. Burwell, No. 1:14-cv-2966 (D. Colo.), No. 14-1492 (10th Cir.) | Association of Christian Schools International | N | 140 employees | Complaint | Yes | | 140 | 140 | |
| | Samaritan Ministries International | N | 133 employees | Complaint | Yes | | 133 | 133 | |
| | Taylor University | N | 1,900 Students; 641 Employees | Complaint | Students = no; employees = yes | Complaint does not state that they offer a student health plan; therefore students not counted | 641 | 641 | 0 |
| | Indiana Wesleyan University | N | 15,000 students; 3,565 employees (1,018 FT and 2,547 PT) | Complaint | Students = no; employees = partial | Complaint does not state that they offer a student health plan; therefore students not counted. Complaint states that 890 employees enroll in the plan. Because other entities usually provide the overall number of employees, not the number enrolled in the plan, and in the IFR we estimate 62% of all employees are in plans, this number is upscaled to 890/62%=1435. | 1,435 | 1,435 | 0 |
| Autocam Corp. v. Burwell, 730 F.3d 618 (6th Cir. Sept. 17, 2013), | Autocam | | 478 employees | Complaint | Yes | | 478 | 478 | |
| | Autocam Medical | | 183 employees | Complaint | Yes | | 183 | 183 | |
| Ave Maria Foundation v. Burwell, No. 2:13-cv-15198 (E.D. Mich.), Nos. 14-1310 (6th Cir.) | The Ave Maria Foundation | N | 51 employees | Estimated number based on online information | Yes | | 51 | 51 | |
| | Ave Maria Communications | N | 19 employees | Form W-3 filing | Yes | | 19 | 19 | |
| | Domino's Farms Petting Farm | N | 18 employees | Form W-3 filing | Yes | | 18 | 18 | |
| | Rhodora J. Donahue Academy, Inc. | N | 26 employees | Website | Yes | | 26 | 26 | |
| | Thomas More Law Center | N | 14 employees | Form W-3 filing | Yes | | 14 | 14 | |
| Ave Maria School of Law v. Burwell, No. 2:13-cv-00795 (M.D. Fl.), Nos. 14-15777 (11th Cir.) | | N | 68 employees | Complaint | Employees = yes; students = no | Complaint does not state that they offer a sudent health plan; therefore students not counted | 68 | 68 | 0 |
| Ave Maria University v. Burwell, No. 2:13-cv-00630 (M.D. Fla.), Nos. 14-15780 (11th Cir.) | | | 150 employees | Complaint | Employees = yes; students = no | Complaint does not state that they offer a sudent health plan, therefore students not counted | 150 | 150 | 0 |
| Barron Indus., Inc. v. Burwell, No. 1:13-cv-01330-KBJ (D.D.C. Sept. 25, 2013); | | F | 56 employees | Complaint | Yes | | 56 | 56 | |
| Beckwith Elec. Co. v. Burwell, No. 8:16-cv-1944 (M.D. Fla.) | | F | 126 employees | Complaint | Yes | | 126 | 126 | |
| Belmont Abbey College v. Sebelius, et al., No. 1:11-cv-01989 (D.D.C. Nov. 10, 2011) | | N | 1,600 students; 305 employees | Complaint | Yes | | 1,600 students; 305 employees | 305 | 1,600 |
| Bick Holdings, Inc. v. Burwell, No. 4:13-cv-00462-AGF (E.D. Mo. Apr. 1, 2013); | | F | 196 employees | Complaint | Yes | | 196 | 196 | |
| Brandt v. Burwell, No. 2:14-cv-00681 (W.D. Pa.), Nos. 14-3663, 14-4087 (3d Cir.) | Diocese of Greensburg | H | 3,100 employees; 5,000 other participants in plan (this is a high number- it includes employees from other Dioceses) | Complaint | No | Diocese self-insured plan; Government argued that these and all similar Catholic diocese-sponsored self-insured plans and entities participating in such plans that are litigants represented by Jones Day likely qualify to be church plans exempt from ERISA. See, e.g., Doc. # 23, 2:14-cv-00681-AJS (W.D. Pa.). We cannot force such plan TPAs to offer contraceptive payments, and it is likely the churches will tell them not to, and the TPAs will not make the offers. | 0 | 0 | |
| | Catholic Charities | C | 18 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| | St. John School | C | 13 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |

669264

Draft--For Discussion Purposes

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Case | Plaintiffs | Type: For-profit (F), Nonprofit (N), House of Worship or IA (H), Church Plan (C), Pro-life (P), Grandfathered (G) | Number of Employees/Students | Document employee number located within | Are students/employees counted in final total? | If not counted, explanation why | Number counted towards final total | Total employees (minus HoW/IA and SICPs) | Total students at relevant universities |
| 28 | Briscoe v. Burwell, No. 1:13-cv-00285-WYD-BNB (D. Colo. Sept. 6, 2013); gov't appeal dismissed Sept. 4, 2014 (10th Cir. order); | Briscoe owns all plaintiff organizations involved: Continuum Health Partnerships, Inc./ Mountain States Health Properties, LLC/ Continuum Health Management, LLC/ CH-Greeley, LLC | F | 200 employees | Complaint | Yes | | 200 | 200 | |
| 29 | Catholic Benefits Association LCA v. Burwell CBA 1), No. 5:14-cv-00240 (W.D. Okla.), Catholic Benefits Association LCA v. Burwell (CBA II), No. 5:14-cv-00685 (W.D. Okla.),Nos. 14-6171, 14-6163, 15-6029, 15-6037, 15-6139, 16-6030, 16-6217 (10th Cir.) | Catholic Benefits Associatoin | N | Unknown | N/A | To estimate the number in CBA plans that may be effected, 10,000 used. | CBA does not carry its own insurance | 0 | 10,000 | |
| 30 | | Catholic Insurance Company | N | Unknown | N/A | No | CBA owns CIC, so we assume CIC also does not offer insurance | 0 | 0 | |
| 31 | | Archdiocese of Baltimore | H | 5, 500 participants | Complaint | | Diocese self-insured plan | 0 | 0 | |
| 32 | | Cathedral Foundation (AKA Catholic Review Media) | C | 32 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 33 | | Archdiocese of Oklahoma City- Complaint lists Mount St. Mary, St. Ann, and Office of Catholic Schools as sub-ministries | H | Unknown (see St. Ann, Mount St. Mary and Office of Catholic Schools below) | | No | Diocese self-insured plan | 0 | | |
| 34 | | St. Ann | C | 78 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 35 | | Mount St. Mary | C | Unknown | | No | Diocese self-insured plan | 0 | 0 | |
| 36 | | Office of Catholic Schools | C | | | | Diocese self-insured plan | 0 | | |
| 37 | | Villa St. Francis Catholic Care Center | N | 100 participants | Complaint | Yes | | 100 | 100 | |
| 38 | | Goodwill Publishers | N | 140 employees | Complaint | Yes | | 140 | 140 | |
| 39 | | Catholic Charities Oklahoma City | C | 103 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 40 | | All Saints | C | Unknown | | No | Diocese self-insured plan | 0 | 0 | |
| 41 | | Catholic Charities and Family Services, Diocese of Norwich | N | 69 employees | Second Complaint | Yes | | 69 | 69 | |
| 42 | Catholic Charities of the Archdioceses of Philadelphia v. Burwell, No. 2:14-cv-3096 (E.D. Pa.), No. 14-3126 (3d Cir.) | Catholic Social Services | C | 626 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 43 | | St. Francis Homes for Boys | C | 227 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 44 | | St. Edmund's Home for Children | C | 226 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 45 | | Don Guanella Village | C | 413 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 46 | | Divine Providence Village | C | 667 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 47 | | St. Gabriel's System | C | 458 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 48 | | Catholic Community Services | C | 92 | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 49 | | Nutritional Development Services | C | 64 | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 50 | | Villa St. Martha | C | 117 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 51 | | St. Monica Manor | C | 356 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 52 | | St. John Neumann Nursing Home | C | 360 Employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 53 | | Immaculate Mary Home | C | 490 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 54 | | St. Francis Country House | C | 488 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 55 | | St. Martha Manor | C | 272 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 56 | | St. Mary Manor | C | 339 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 57 | | St. John Vianney Center | C | 84 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 58 | | Catholic Clinical Consultants | C | 19 | Form W-3 filing | No | | 0 | 0 | |
| 59 | Catholic Diocese of Beaumont v. Burwell, No. 1:13-cv-00709 (E.D. Tex.), No. 14-40212 (5th Cir.) | Diocese | H | 950 employees; 232 staff at schools | Complaint | No | Offers coverage through Christian Brothers Employee Benefit Trust- a self insured church plan | 0 | 0 | |
| 60 | | Catholic Charities of Southeast Texas, Inc. | C | 18 employees | Complaint | | Offers coverage through Christian Brothers Employee Benefit Trust- a self insured church plan | 0 | 0 | |
| 61 | Catholic Diocese of Biloxi v. Burwell, No. 1:14-cv-00146 (S.D. Miss.) | Diocese of Jackson | H | 900 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 62 | | Catholic Charities | C | 140 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 63 | | Vicksburg | C | 70 employees | Website | No | Diocese self-insured plan | 0 | 0 | |
| 64 | | St Joseph | C | 85 employees | Website | No | Diocese self-insured plan | 0 | 0 | |
| 65 | | Diocese of Biloxi | C | 600 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 66 | | De L'epee Deaf Center | C | 5 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 67 | | Catholic Social & Community Services Inc. | C | 20 employees | Form W-3 filing | no | Diocese self-insured plan | 0 | 0 | |
| 68 | | Resurrection Catholic and Sacred Heart | C | 200 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |

669265

Draft--For Discussion Purposes

| | A | B | C | D | E | F | G | H | I | J |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Case | Plaintiffs | Type: For-profit (F), Nonprofit (N), House of Worship or IA (H), Church Plan (C), Pro-life (P), Grandfathered (G) | Number of Employees/Students | Document employee number located within | Are students/employees counted in final total? | If not counted, explanation why | Number counted towards final total | Total employees (minus HoW/IA and SICPs) | Total students at relevant universities |
| 69 | Conlon, Bishop of Catholic Diocese of Joliet v. Sebelius, 1:12-cv-03932 (N.D. Ill. May 21, 2012) | St. Dominic-Jackson Memorial Hospital and affiliated locations and programs | G | 2,200 employees | Complaint | No | Self-insured plan sponsored by Catholic affiliated hospital; grandfathered and already omits contraceptices, so could retain grandfathered status or pursue church plan status to continue omitting. | 0 | 0 | |
| 70 | | Diocese of Joliet | H | At least 1,570 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 71 | | Catholic Charities of Joliet | C | 240 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 72 | | Diocese of Springfield | H | 2585 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 73 | | Catholic Charities of Springfield | C | 200 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 74 | | Catholic Charities of Chicago | N | 2700 employees | Complaint | Yes | Self-funded welfare benefit plan but not sure if church plan | 2,700 | 2,700 | |
| 75 | Catholic Diocese of Nashville v. Burwell, No. 3:13-cv 1303 (M.D. Tenn.), No. 13-6640 (6th Cir.) | Diocese of Nashville | H | 1200 employees | Complaint | No | House of Worship, fully insured | 0 | 0 | |
| 76 | | Catholic Charities | N | 115 employees | Complaint | Yes | | 115 | 115 | |
| 77 | | Aquinas College | N | 16 employees | Website | employees: yes; students: no | Website/news reports indicate recent drastic downsizing of workforce; students not counted because complaint does not allege a student plan | 16 | 16 | 0 |
| 78 | | Camp Marymount | N | 75 employees | Complaint | Yes | | 75 | 75 | |
| 79 | | MQA | N | 85 employees | Complaint | Yes | | 85 | 85 | |
| 80 | | St. Mary Villa | N | 50 employees | Complaint | Yes | | 50 | 50 | |
| 81 | | Dominican Sisters | H | 23 employees | | No | Religious order | 0 | 0 | |
| 82 | Catholic Diocese of Peoria v. Sebelius, 1:12-cv-01276 JES-BGC (C.D. Ill. August 9, 2012) | | H | Unknown | | No | Diocese self-insured plan (court order, 2013 WL 74240), and grandfathered | 0 | 0 | |
| 83 | Catholic Health Care System v. Burwell, No. 1:12-cv-02542 (E.D.N.Y.), No. 14-427 (2d Cir.), **PACER** | Archdiocese of New York | H | 10,000 employees | Complaint | No | In the lawsuit the government took the position that this is a self-insured church plan. See, e.g., 987 F.Supp.2d at 242 | 0 | 0 | |
| 84 | | ArchCare | C | 4,000 employees | Complaint | No | Catholic hospital self-insured plan? | 0 | 0 | |
| 85 | | Catholic Health Services of Long Island | C | 17,000 employees | Complaint | No | Catholic hospital self-insured plan | 0 | 0 | |
| 86 | | The Diocese of Rockville Centre | C | 2,000 employees | Complaint | No | In the lawsuit the government took the position that this is a self-insured church plan. See, e.g., 987 F.Supp.2d at 242 | 0 | 0 | |
| 87 | | Monsignor Farrel High School | | 73 employees | Website | No | In the lawsuit the government took the position that this is a self-insured church plan. See, e.g., 987 F.Supp.2d at 242 | 0 | 0 | |
| 88 | | Cardinal Spellman High School | C | 100 employees | Complaint | No | In the lawsuit the government took the position that this is a self-insured church plan. See, e.g., 987 F.Supp.2d at 242 | 0 | 0 | |
| 89 | Christian & Missionary Alliance Foundation, Inc., No. 2:14-cv-00580 (M.D. FL.), Nos. 15-11437, 15-11635 (11th Cir.) | CMA d/b/a Shell Point Retirement Center | | 1247 employees | Form W-3 filing | Yes | | 1,247 | 1,247 | |
| 90 | | Alliance Community for Retirement Living | | 344 employees | Form W-3 filing | Yes | | 344 | 344 | |
| 91 | | Alliance Home of Carlisle | | 219 employees | Form W-3 filing | Yes | | 219 | 219 | |
| 92 | | Town and Country Manor | | 365 employees | Form W-3 filing | Yes | | 365 | 365 | |
| 93 | | Simpson University | | 815 employees | Complaint | employees: yes; students: no | Complaint does not seek relief for any student plan | 815 | 815 | 0 |
| 94 | | Crown College | | 114 employees | Form W-3 filing; student enrollment: https://www.crown.edu/about/ quick-facts/ ("nearly 1,300 students") | Yes | | 1,275 students; 114 employees | 114 | 1,275 |
| 95 | Christian Employers Alliance v. Burwell, No. 3:16-cv 309 (D.N.D.) | Christian Employers Alliance | | Unknown | | No | No claim was made for CEA plans, and no list of members beyond TBC and TIC | 0 | 0 | |
| 96 | | Trinity Bible College | | 249 employees | Form W-3 filing | employees: yes; students: no | complaint does not mention student plan | 249 | 249 | |
| 97 | | Treasure Island Coins | | 9 staff | Website | Yes | | 9 | 9 | |
| 98 | Colorado Christian Univ. v. Burwell, No. 1:13-cv 02105 (D. Colo.), No. 14-1329 (10th Cir.) | Colorado Christian University | | 5,300 students; 680 employees | Complaint | Yes | | 5,300 students; 680 employees | 680 | 5,300 |
| 99 | Conestoga Wood Specialties Corp. v. Burwell (Burwell v. Hobby Lobby Stores, Inc.), No. 13-356 (U.S. June 30, 2014); | Conestoga Wood Specialties Corp. (Individual operators of Conestoga Wood Specialties Corporation are the three other named plaintiffs) | | 950 employees | Complaint | Yes | | 950 | 950 | |

**669266**

Draft--For Discussion Purposes

| | Case | Plaintiffs | Type: For-profit (F), Nonprofit (N), House of Worship or IA (H), Church Plan (C), Pro-life (P), Grandfathered (G) | Number of Employees/Students | Document employee number located within | Are students/employees counted in final total? | If not counted, explanation why | Number counted towards final total | Total employees (minus HoW/IA and SICPs) | Total students at relevant universities |
|---|---|---|---|---|---|---|---|---|---|---|
| 100 | Diocese of Cheyenne v. Burwell, No. 2:14-cv-00021 (D. Wyo.), No. 14-8040 (10th Cir.) | Diocese of Cheyenne | | 16 employees plus over 100 teachers | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 101 | | Catholic Charities | | 6 employees | Complaint | No | | 0 | 0 | |
| 102 | | St. Anthony School | | 41 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 103 | | St. Joseph's Home | | 130 employees, 62 orphan children | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 104 | | JPIICS | | 20 | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 105 | | Wyoming Catholic College | | 32 employees | Complaint | No | Offers coverage through Christian Brothers Employee Benefit Trust- a self insured church plan | 0 | 0 | 0 |
| 106 | Diocese of Fort Wayne-South Bend Inc. v. Burwell, No. 1:12-cv-00159 (N.D. Ind.), No. 14-1431 (7th Cir.) | Diocese of Fort Wayne South Bend | | 2,741 employees | Complaint | No | Diocese self-insured plan; also grandfathered | 0 | 0 | |
| 107 | | Catholic Charities | | 39 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 108 | | St Anne Home | | 310 employees | Complaint | Yes | Self-insured plan, but not sure if it is a church plan | 310 | 310 | |
| 109 | | University of St Francis | | 2,300 students, 413 employees | Complaint | employees: yes; students: no | No student plan discussed; Employees are offered a self-insured health plan, but not sure it is a church plan, so included | 413 | 413 | 0 |
| 110 | | Our Sunday Visitor | | 300 employees | Complaint | Yes | Self-insured plan, but not sure if it is a church plan | 300 | 300 | |
| 111 | | Specialty Physicians | | 342 employees | Complaint | Yes | | 342 | 342 | |
| 112 | | Franciscan Alliance | | 18,000 employees | Complaint | Partial | All but 1,733 employees are on a church plan exempt from ERISA. See: https://www.franciscanhealth.org/sites/default/files/2015%20employee%20benefit%20booklet.pdf (Only employees in Illinois are in BCBS plans and there are 1733 of those employees according to complaint) | 1,733 | 1,733 | |
| 113 | Doboszenski & Sons, Inc. v. Burwell, No. 0:13-cv-03148-JNE-FLN (D. Minn. Nov. 11, 2013); | | | 32 employees | Complaint | Yes | | 32 | 32 | |
| 114 | Dobson v. Burwell, No. 1:13-cv-03326 (D. Colo.), No. 14-1233 (10th Cir.) | | | 28 employees | Complaint | Yes | | 28 | 28 | |
| 115 | Domino's Farms Corporation v. Sebelius et al., No. 12-cv-15488 (E.D. Mich. Dec. 20, 2012) | | | 89 employees | Complaint | Yes | | 89 | 89 | |
| 116 | Dordt Coll. v. Burwell, No. 5:13-cv-04100 (N.D. Iowa, Western Divison), No. 14-2726 (8th Cir.) | Dordt College | | 1,400 students, 280 employees | Complaint | Yes | | 1,400 students, 280 employees | 280 | 1,400 |
| 117 | | Cornerstone University | | 2,923 students, 294 employees | Complaint | employees: yes; students: no | No student plan discussed | 294 | 294 | 0 |
| 118 | East Texas Baptist Univ. v. Burwell, No. 4:12-cv-03009 (S.D. Tex.), No. 14-20112 (5th Cir.) | Houston Baptist University | | 2,589 students, 416 employees | Complaint | No | Self-insured church plan | 0 | 0 | 0 |
| 119 | | East Texas Baptist University | | 1,290 students, 283 employees | Complaint | Yes | | 1,290 students, 283 employees | 283 | 1,290 |
| 120 | | Westminster Theological Seminary (Intervenor) | | 60 FT, 65 PT employees, 620 students | Complaint in intervention | employees: yes; students: no | complaint does not mention student plan | 125 | 125 | 0 |
| 121 | Eden Foods, Inc. v. Burwell, No. 13-1677 (6th Cir. June 28, 2013), | | | 128 employees | Complaint | Yes | | 128 | 128 | |
| 122 | Eternal Word Television Network, Inc. v. Burwell, No. 1:13-cv-00521 (S.D. AL), No. 14-12696 (11th Cir.) | | | 350 employees | Complaint | Yes | | 350 | 350 | |
| 123 | Fellowship of Catholic University Students v. Burwell, No. 1:13-cv-03263-MSK-KMT (D. Colo. Apr. 23, 2014) | | | 450 employees | Complaint | No | Case resolved on basis that plaintiff is integrated auxilary | 0 | 0 | |
| 124 | Feltl & Co., Inc. v. Burwell, No. 13-CV-2635 DWF/JJK (D. Minn. Nov. 8, 2013); | Complaint lists two owners of the company as individual plaintiffs | | 4 employees | Website | Yes | | 4 | 4 | |
| 125 | Franciscan University v. Sebelius, 2:12-CV-440 (S.D. Ohio) | | | Unknown | Complaint | No | Sued while grandfathered and then dropped student plan. With no additional suit, no apparent affect from rule. | 0 | 0 | 0 |
| 126 | Geneva College v. Burwell, No. 2:12-cv-00207 (W.D. Pa.), Nos. 13-3536, 14-1374 (3rd. Cir.) | Geneva College | | 1,850 students, 350 employees | Complaint | Yes | | 1,850 students, 350 employees | 350 | 1,850 |
| 127 | | Seneca Hardwood Lumber | | 22 employees | Complaint | No | Permanent injunction shields from previous rule | 0 | 0 | |
| 128 | Gilardi v. U.S. Dep't of Health and Human Servs., No. 13-5069, 2013 WL 5854246 (D.C. Cir. Nov. 1, | Freshway Foods | | 340 employees | Complaint | Yes | | 340 | 340 | |
| 129 | No. 13-5069, 2013 WL 5854246 (D.C. Cir. Nov. 1, | Freshway Logistics | | 55 employees | Complaint | Yes | | 55 | 55 | |
| 130 | Grace Schools v. Burwell, No. 3:12-cv-00459 (N.D. Ind.), No. 14-1430 (7th Cir.) | Grace College and Seminary | | 2,700 students, 457 employees | Complaint | Yes | | 2,700 students, 457 employees | 457 | 2,700 |
| 131 | | Biola University | | 6,222 students, 856 employees | Complaint | Yes | | 6,222 students, 856 employees | 856 | 6,222 |

669267

Draft--For Discussion Purposes

| # | Case | Plaintiffs | Type: For-profit (F), Nonprofit (N), House of Worship or IA (H), Church Plan (C), Pro-life (P), Grandfathered (G) | Number of Employees/Students | Document employee number located within | Are students/employees counted in final total? | If not counted, explanation why | Number counted towards final total | Total employees (minus HoW/IA and SICPs) | Total students at relevant universities |
|---|---|---|---|---|---|---|---|---|---|---|
| 132 | Grote Indus. LLC v. Burwell, No. 13-1077, 2013 WL 5960692 (7th Cir. Nov. 8, 2013), cert. denied sub nom. Burwell v. Korte, No. 13-937 (U.S. July 1, 2014); | | | 1,148 employees | | Yes | | 1,148 | 1,148 | |
| 133 | Hall v. Burwell, No. 013-cv-00295-JRT-LIB (D. Minn. Apr. 2, 2013); | | | Approximately 50 employees | Complaint and online news reports | Yes | | 50 | 50 | |
| 134 | Hartenbower v. U.S. Dep't of Health and Human Servs., No. 1:13-cv-02253 (N.D. Ill. Apr. 18, 2013); | Hart Electric | | 54 employees (including owners) | Complaint | Yes | | 54 | 54 | |
| 135 | | H.I. Hart | | 7 employees | Complaint | Yes | | 7 | 7 | |
| 136 | Hastings Chrysler Center, Inc. v. Burwell, No. 0:14-cv-00265-PAM-JJG (D. Minn. May 28, 2014); | | | 60 employees | Complaint | Yes | | 60 | 60 | |
| 137 | Hobby Lobby Stores, Inc., et al. v. Sebelius, et al., No. CIV-12-1000-HE (W.D. Okla. Oct. 2, 2012); Burwell | Hobby Lobby | | 13,240 employees | Complaint | Yes | | 13,240 | 13,240 | |
| 138 | | Mardel | | 372 employees | Complaint | Yes | | 372 | 372 | |
| 139 | Holland v. U.S. Dep't of Health and Human Servs., No. 13-15487 (S.D. W. Va. July 15, 2014); | | | 150 employees | Complaint | Yes | | 150 | 150 | |
| 140 | Infrastructure Alternatives, Inc. v. Burwell, No. 1:13-cv-00031-RJJ (W.D. Mich. Sept. 30, 2013) | | | 70 employees | Complaint | Yes | | 70 | 70 | |
| 141 | Insight for Living Ministries v. Burwell, No. 4:14-cv-675 (E.D. Tex.), No. 15-40031 (5th Cir.) | | | 108 employees | Form W-3 filing | Yes | | 108 | 108 | |
| 142 | Johnson Welded Prods. v. Burwell, No. 1:16-cv-557 (D.D.C.) | | | 421 employees (including Lilli Johnson) | Complaint | Yes | | 421 | 421 | |
| 143 | Korte v. Burwell, No. 12-3841, 2013 WL 5960692 (7th Cir. Nov. 8, 2013), cert. denied No. 13-937 (U.S. July 1, 2014); | | | 90 employees | Complaint | Yes | | 90 | 90 | |
| 144 | Legatus v. Burwell, No. 2:12-cv-12061-RHC-MJH (E.D. Mich. Dec. 20, 2013) | Legatus | | 69 employees | Complaint | Yes | | 69 | 69 | |
| 145 | | Weingartz Supply Company, W&P Management LLC, and subsidiaries | | 170 employees | Complaint | Yes | | 170 | 170 | |
| 146 | Lindsay v. U.S. Dep't of Health and Human Servs., No. 13-cv-1210 (N.D. Ill. Mar. 20, 2013); | | | 70 employees | Complaint | Yes | | 70 | 70 | |
| 147 | Little Sisters of the Poor Home for the Aged v. Burwell, No. 1:13-cv-2611 (D. Colo.), No. 13-1540 (10th Cir.) | Christian Brothers Employee Benefit Trust ( Little Sisters uses Christian Brothers Employee Benefit Trust, and Christian Brothers Services is the TPA for the Christian Brothers Employee Benefit Trust) | | 5,000 employees | Complaint | No | Self-insured church plan | 0 | 0 | |
| 148 | Louisiana Coll. v. Burwell, No. 1:12-cv-00463 (W.D. La.), No. 14-31167 (5th Cir.) | | | 1,450 students, 260 employees | Complaint | No | Self-insured church plan | 0 | 0 | 0 |
| 149 | March for Life v. Burwell, No. 1:14-cv-1149 (D.D.C.), No. 15-5301 (D.C. Cir.) | | | 2 employees covered in plan; less than 10 overall | | No | All employees must/do oppose the coverage; therefore not counting as affected by rule | 0 | 0 | |
| 150 | Media Research Center v. Sebelius, No. 1:14-CV-379 (E.D. Virginia) | | | 114 employees | Complaint | Yes | | 114 | 114 | |
| 151 | Mersino Mgmt. Co. v. Burwell, No. 13-1944 (6th Cir. July 9, 2014) | | | 110 employees | Complaint | Yes | | 110 | 110 | |
| 152 | Michigan Catholic Conf. v. Burwell, No. 1:13-cv-1247 (W.D. Mich.), No. 13-2723 (6th Cir.) | Michigan Catholic Charities | | 6,429 employees | Complaint | No | Self-insured church plan | 0 | 0 | |
| 153 | | Catholic Charities | | 55 employees | Complaint | No | Self-insured church plan | 0 | 0 | |
| 154 | Midwest Fastener Corp. v. Burwell, No. 1:13-cv-01337-ESH (D.D.C. Oct. 16, 2013); | | | 187 employees | Complaint | Yes | | 187 | 187 | |
| 155 | MK Chambers Co. v. Dep't of Health and Human Servs., No. 13-cv-11379 (E.D. Mich. Nov. 21, 2014) | | | 106 employees | Business profile on manta.org | Yes | | 106 | 106 | |
| 156 | Nagle, Christopher, et al. v. Kathleen Sebelius, et al.; No. 2:13-cv-12036-VAR-DRG (E.D. Mich. May 10, 2013) (AKA "M&N Plastics") | | | 109 employees | Complaint | Yes | | 109 | 109 | |
| 157 | Newland v. Burwell, 881 F. Supp. 2d 1287 (D. Colo. July 27, 2012), affirmed on appeal, No. 12-1380 (10th Cir. Oct. 3, 2013) | | | Unknown | | No | Permanent injunction | 0 | | |
| 158 | O'Brien v. U.S. Dep't of Health & Human Servs., No. 12-3357 (8th Cir. Nov. 28, 2012) | | | 87 employees | Complaint | Yes | | 87 | 87 | |
| 159 | Ozinga v. Burwell, No. 1:13-cv-3292 (N.D. Ill.), No. 15-3648 (7th Cir.) | | | 675+ employees | Complaint | Partial | Only 110 obtain insurance through the plan that would be affected by the exemption. This is upscaled to 110/62%=178 | 178 | 178 | |
| 160 | Persico v. Burwell, No. 1:13-cv-0303 (W.D. Pa.), Nos. 14-1376 (3d Cir.); | Cathlicc Diocese of Erie | | 1,500 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 161 | | St Martin Center | | 61 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 162 | formerly Most Reverend Donald W. Trautman, Bishop | Prince of Peace Center | | 20 employees | Form W-3 filing | No | Diocese self-insured plan | 0 | 0 | |
| 163 | of the Roman Catholic Diocese of Erie, et al., v. Sebelius; No. 1:12-cv-00123-SPB (W.D. Pa. May 30, | Erie Catholic Preparatory School | | 80 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 164 | Priests for Life, No. 1:13-cv-01261 (D.D.C.), No. 13-5368 (D.C. Cir.) | | | 60 employees | Website | Yes | | 60 | 60 | |

Draft--For Discussion Purposes

| | Case | Plaintiffs | Type: For-profit (F), Nonprofit (N), House of Worship or IA (H), Church Plan (C), Pro-life (P), Grandfathered (G) | Number of Employees/Students | Document employee number located within | Are students/employees counted in final total? | If not counted, explanation why | Number counted towards final total | Total employees (minus HoW/IA and SICPs) | Total students at relevant universities |
|---|---|---|---|---|---|---|---|---|---|---|
| 165 | Randy Reed Auto. Inc. v. Burwell, No. 5:13-cv-6117-SJ-ODS (W.D. Mo. Dec. 3, 2013); | | | approximately 179 employees | Complaint | Yes | | 179 | 179 | |
| 166 | Reaching Souls Int'l, Inc. v. Burwell, No. 5:13-cv-01092 (W.D. Okla.), No. 14-6028 (10th Cir.) | | | 78,000 participants (pastors, employees, and their families) | Complaint | No | Self insured church plan | 0 | 0 | |
| 167 | Real Alternatives, Inc. v. Burwell, No. 1:15-cv-105 (M.D. Pa.), No. 16-1275 (3d Cir.) | | | 3 employees | Complaint | No | All employees must/do oppose the coverage; therefore not counting as affected by rule) | 0 | 0 | |
| 168 | Right to Life of Michigan v. Kathleen Sebelius, No. 1:13-CV-0202 (W.D. Mich. Nov. 22, 2013) | | | 43 employees | Complaint | No | All employees must/do oppose the coverage; therefore not counting as affected by rule) | 0 | 0 | |
| 169 | Roman Catholic Archbishop of Washington v. Burwell, No. 1:13-cv-01441 (D.D.C.), Nos. 13-5371, 14-5021 (D.C. Cir.) | Cathloic University | | 7,000 students, 1,766 employees | Complaint | Yes | | 7,000 students, 1,766 employees | 1,766 | 7,000 |
| 170 | | Archdiocese of Washington | | 2,100 eligible employees, 1,200 teachers/employees at schools | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 171 | | Thomas Aquinas College | | 370 students, 78 eligible employees | Complaint | No | Church plan and complaint does not state that it offers student insurance | 0 | 0 | 0 |
| 172 | | Consortium of Catholic Academies | | 119 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 173 | | Archbishop Carroll | | 70 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 174 | | Don Bosco | | 51 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 175 | | Catholic Information Center | | 9 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 176 | | Mary of Nazareth | | 44 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 177 | | Catholic Charities | | 890 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 178 | | Victory Housing | | 184 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 179 | Roman Catholic Archdiocese of Atlanta v. Burwell, No. 1:12-cv-03489 (N.D. Ga.), Nos. 14-12890, 14-13239 (11th Cir.) | Roman Catholic Archdiocese of Atlanta | | 9,800 students, 4,200 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 180 | | Catholic Charities | | 75 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 181 | | CENG | | 200 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 182 | | Diocese of Savannah | | 5,000 students; hundreds of employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 183 | Roman Catholic Diocese of Dallas v. Sebelius, No. 3:12-cv-01589-B (N.D. Tex.) | | | 900 students; 100+ employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 184 | School of the Ozarks v. Rightchoice Managed Care, Inc., No. 6:13-cv-03157 (W.D. Mo.), No. 15-1330 (8th Cir.) | | | 1,442 students, 601 employees | Students - online; employees - Form w3 Filing | Employees only | Complaint does not say they offer a student plan | 601 | 601 | |
| 185 | Sharpe Holdings, Inc. v. Burwell, No. 2:12-cv-92 (E.D. Mo.) and CNS Int'l Ministries, No. 14-1507 (8th Cir.) | Sharpe | | 50 employees | 2dam complaint and Linked in | Yes | | 50 | 50 | |
| 186 | | Ozark | | 51 employees | 2dam complaint and Linked in | Yes | | 51 | 51 | |
| 187 | | CNS International Ministries | | 204 employees | Form W-3 filing | Yes | | 204 | 204 | |
| 188 | | NIS Financial | | 49 employees | 2dam Complaint | Yes | | 49 | 49 | |
| 189 | | CNS Corp | | 49 employees | 2dam Complaint | Yes | | 49 | 49 | |
| 190 | | Heartland Christian College | | 12 employees | Form W-3 filing | Employees only | Complaint does not say they offer a student plan | 12 | 12 | 0 |
| 191 | Sioux Chief Mfg. Co. v. Burwell, No. 13-0036-CV-W-ODS (W.D. Mo. Feb. 28, 2013); | | | 370 employees | Complaint | Yes | | 370 | 370 | |
| 192 | SMA, LLC v. Burwell, No. 0:13-cv-01375-ADM-LIB (D. Minn. July 8, 2013); | | | 35 employees | Complaint | Yes | | 35 | 35 | |
| 193 | Southern Nazarene Univ. v. Burwell, No. 5:13-cv-1015 (W.D. Okla.), No. 14-6026 (10th Cir.) | Southern Nazarene University | | 2,100 students, 505 employees | Complaint | Yes | | 2,100 students, 505 employees | 505 | 2,100 |
| 194 | | OK Weselan University | | 1,220 students, 557 employees | Complaint | Employees only | Complaint does not say they offer a student plan | 557 employees | 557 | 0 |
| 195 | | OK Baptist University | | 1,900 students, 328 employees | Complaint | Yes | | 1,900 students, 328 employees | 328 | 1,900 |
| 196 | | Mid America Christian University | | 1,447 stuends, 298 employees | Complaint | No | Mid America Christian Univ is on Guidestone, a self-insured church plan | 0 | 0 | 0 |
| 197 | Stewart v. Burwell, No. 1:13-cv-01879 (D.D.C. Apr. 3, 2014); | Encompass Develop, Design & Construct, LLC | | 43 employees | Complaint | Yes | | 43 | 43 | |
| 198 | Stinson Electric, Inc. v. Burwell, No. 14-00830-PJS-JJG (D. Minn. April 30, 2014); | | | 19 employees | Business profile on manta.org | Yes | | 19 | 19 | |
| 199 | The C.W. Zumbiel Co. v. Burwell, No. 1:13-cv-01611 (D.D.C. Nov. 27, 2013); | | | 350 employees | Complaint | Yes | | 350 | 350 | |
| 200 | The Criswell College v. Sebelius, No. 3:12-cv-04404-N (N.D. Tex.) | | | 322 students, 50 employees | Complaint | Employees only | Complaint does not say they offer a student plan | 50 | 50 | |
| 201 | The QC Grp., Inc., v. Burwell, No. 0:13-cv-01726-JRT-SER (D. Minn. Sept. 11, 2013); | | | 62 employees | Complaint | Yes | | 62 | 62 | |
| 202 | Thomas G. Wenski v. Kathleen Sebelius, No. 12-cv-23820-Graham/Goodman (S.D. Fla. Nov. 7, 2012) | Archdiocese of Miami | | Unknown | | No | House of worship | 0 | 0 | |
| 203 | | Catholic Health Services | | 2,000 employees | Complaint | Yes | | 2,000 | 2,000 | |
| 204 | | Catholic Hospice | | 610 employees | Form W-3 filing | Yes | | 610 | 610 | |

Draft--For Discussion Purposes

| | Case | Plaintiffs | Type: For-profit (F), Nonprofit (N), House of Worship or IA (H), Church Plan (C), Pro-life (P), Grandfathered (G) | Number of Employees/Students | Document employee number located within | Are students/employees counted in final total? | If not counted, explanation why | Number counted towards final total | Total employees (minus HoW/IA and SICPs) | Total students at relevant universities |
|---|---|---|---|---|---|---|---|---|---|---|
| 205 | | St. Thomas University | | Unknown | | No | Lawsuit mentions St. Thomas University but asserts no claims for its health plans | 0 | 0 | 0 |
| 206 | Tonn & Blank Constr. v. Burwell, No. 1:12-cv-00325-JD-RBC (N.D. Ind. Apr. 1, 2013); | | | 60 employees | Complaint | Yes | | 60 | 60 | |
| 207 | Trijicon, Inc. v. Burwell, No. 1:13-cv-1207 (D.D.C.) | | | 469 employees | Complaint | Yes | | 469 | 469 | |
| 208 | Tyndale House Publishers, Inc. v. Burwell, 904 F. Supp. 2d 106 (D.D.C. Nov. 16, 2012); | | | 260 employees | Complaint | Yes | | 260 | 260 | |
| 209 | Union University v. Burwell, No. 1:14-cv-1079 (W.D. Tenn.) | | | 2,829 students, 1,116 employees | Students - online; employees - Form w3 Filing | Employees only | Complaint does not say they offer a student plan | 1,116 employees | 1,116 | 0 |
| 210 | Univ of Dallas v. Burwell, No. 4:12-cv-00314 (N.D. Tex.), No. 14-10241 (5th Cir.), Nos. 14-10661 (5th Cir.) | Roman Catholic Diocese of Fort Worth | | 6,500 students, 2,000 employees | Complaint | No | Offers coverage through Christian Brothers Employee Benefit Trust- a self insured church plan | 0 | 0 | |
| 211 | | University of Dallas | | 2,600 students, 725 employees | Complaint | Yes | | 2,600 students, 725 employees | 725 | 2,600 |
| 212 | | Catholic Charities | | 332 employees | Complaint | Yes | | 332 | 332 | |
| 213 | Univ. of Notre Dame v. Burwell, No. 3:13-cv-1276 (N.D. Ind.), No. 13-3853 (7th Cir.) | Our Lady Of Victory Catholic School | | 23 employees | Complaint | No | Offers coverage through Christian Brothers Employee Benefit Trust- a self insured church plan | 0 | 0 | |
| 214 | | | | 11,500 students, 5,000 employees | Complaint | yes | | 11,500 students, 5,000 employees | 5,000 | 11,500 |
| 215 | Valley Forge Christian College of the Assemblies of God v. Burwell, No. 14-4622 (E.D. Pa. Aug. 14, 2014) | | | Unknown | Complaint | No | Plaintiff voluntarily dismissed suit; our understanding is they were satisfied with previous accommodation | 0 | 0 | 0 |
| 216 | Weingartz Supply Co. v. Burwell, No. 2:12-cv-12061 (E.D. Mich.), No. 14-1183 (6th Cir.) | | | 170 employees | DC Ruling | Yes | | 170 | 170 | |
| 217 | Wheaton College v. Burwell, No. 1:13-cv-08910 (N.D. Ill.), No. 14-2396 (7th Cir.) | | | 870 Employees | Complaint | Yes | Note: Students not counted because complaint states that Wheaton dropped student coverage | 870 | 870 | 0 |
| 218 | Williams v. Burwell, No. 1:13-cv-01699 (D.D.C. Nov. 19, 2013); | | | 3 employees | Complaint | Yes | | 3 | 3 | |
| 219 | Willis Law v. Burwell, No. 1:13-cv-01124-CKK (D.D.C. Aug. 23, 2013); | | | 15 employees | Complaint | Yes | | 15 | 15 | |
| 220 | Yep v. Seblius, No. 1:12-cv-6756 (N.D. Ill.), Triune Health Group, Inc. v. Burwell, No. 1:12-cv-06756 (N.D. Ill.); No. 13-1478 (7th Cir.) | | | 4 employees | Website | Yes | | 4 | 4 | |
| 221 | Zubik v. Burwell, No. 2:13-cv-1459 (W.D. Pa.), Nos. 14-1377 | Diocese | | 140+ full-time employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 222 | (3d Cir.) | Catholic Charities | | 115 employees | Complaint | No | Diocese self-insured plan | 0 | 0 | |
| 223 | | Catholic Cemeteries | | 207 employees | Complaint | No | Diocese self-insured plan. Cemeteries was covered by the diocese's previous self-insured plan the Catholic Employers Benefits Plan; the new complaint says that CEBS was converted to the Catholic Benefits Trust, and Cemeteries are omitted as co-plaintiffs. | 0 | 0 | |
| 224 | | | | | | | | Total | 64,352 | 46,737 |
| 225 | | | | | | | | | | 7% of students use university sponsored plans http://www.gao.gov/new.items/d08389.pdf |
| 226 | | | | | | | | Total | 64,352 | |
| 227 | | | | | | | | | 64,352 employees in affected plans | 3,272 students in affected plans |

DRAFT:  INFORMATION NOT RELEASABLE TO THE PUBLIC UNLESS AUTHORIZED BY LAW: This information has not been pub icly disclosed and may be privileged and confidential.  It is for internal government use only and must not be disseminated  distributed  or copied to persons not authorized to receive the information.  Unauthorized disclosure may result in prosecution to the fu l extent of the law.

Notification from Elig ble Organizations to HHS Regarding Religious Objections to Providing Contraceptive Coverage

**Redacted**

| | | | Eligible Organization Information | | | | | | Plan Information | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) | |
| Redacted | 8/26/2014 | E-mail | Cummins-Al ison Corp and Cummins Illinois. Inc. | Redacted | Other | No | Plan B  Ella  Mirena  Copper IUDs | Redacted | Other | self-insured | Redacted | |
| | 9/8/2014 | E-mail | Loyola University | | Non-profit | No | All | | Other | Fully insured | | |
| | | | | | | | | | Other | Fully insured | | |
| | 9/10/2014 | E-mail | Valley Forge Christian College | | Non-profit | Yes | Ullpristal (aka E la)  Levonorgestrel (aka Plan B  Plan B One-Step  Next Choice)  Intrauterine Devices (of any type)  Abortion services except to save the life of the mother | | Other | Fully insured | | |
| | | | | | | | | | Other | self-insured | | |
| | 9/19/2014 | E-mail | Sisters of the Order of St. Dominic of Grand Rapids (Dominican Sisters) | | Non-Profit | No | All | | Other | Fully insured | | |
| | 9/19/2014 | E-mail | Continuant | | Other | No | Emergency Contraceptives & IUD's | | Other | Fully Insured | | |
| | | | | | | | | | Other | Fully Insured | | |
| | 10/ /2014 | E-mail | Management Analysis and Ut lization  Inc. | | Other | No | "All abortifacient coverages  such as  but not limited to morning after and week after services" | | Other | Both | | |
| | | | | | | | | | Other | Both | | |
| | | | | | | | | | Other | self-insured | | |
| | 10/6/2014 | E-mail | Holy Ghost Preparatory School | | Non-profit | No | All | | Other | Fully insured | | |
| | 10/9/2014 | Ma l | The Catholic Diocese of Memphis in Tennessee | | Non-profit | | | | Church Plan | self-insured | | |
| | | | | | | | | | Other | self-insured | | |
| | 10/9/2014 | Ma l | Belhaven University | | Non-profit | | All | | Other | self-insured | | |
| | | | | | | | | | Other | self-insured | | |
| | 10/10/2014 | E-mail | Bingaman and Son Lumber Inc. PO Box 247 1195 Creek Mountain Rd Kreamer  PA 17833 | | Other | | Plan B  Ella  Mirena  Paraguard | | Other | Fully insured | | |
| | | | | | | | | | Other | Fully Insured | | |

Notifications

**670107**

| | M | N | O | P | Q | R | S | T | U | V | W |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | | |
| 2 | | | | | | | | | | | |
| 3 | | | | | | | | | | | |
| 4 | | | | | | | | | | | |
| 5 | | Service Provider Information | | | | | | | Action Taken | | |
| 6 | Contact Information for Issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact Information for TPA (enter N/A if none) | Original information or updated information? | For updated information, information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to Issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter sent to organization (see instruction R1 above) | Notes | |
| 7 | Redacted | Redacted | Redacted | Original | N/A | Redacted | | | | | |
| 8 | | | | Original | N/A | | | | | | |
| 9 | | | | Original | N/A | | | | | | |
| 10 | | | | Original | N/A | | | | | | |
| 11 | | | | Original | N/A | | | | | | |
| 12 | | | | Original | N/A | | | | | | |
| 13 | | | | Original | N/A | | | | | | |
| 14 | | | | Original | N/A | | | | | | |
| 15 | | | | Original | N/A | | | | | | |
| 16 | | | | Original | N/A | | | | | | |
| 17 | | | | Original | N/A | | | | | | |
| 18 | | | | Original | N/A | | | | | | |
| 19 | | | | Original | N/A | | | | | | |
| 20 | | | | Original | N/A | | | | | | |
| 21 | | | | Original | N/A | | | | | | |
| 22 | | | | Original | N/A | | | | | | |
| 23 | | | | Original | N/A | | | | | | |
| 24 | | | | Original | N/A | | | | | | |
| 25 | | | | Original | N/A | | | | | | |

Notifications

670108

| Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Redacted | | | | Redacted | | | | Redacted | Other | Fully insured | Redacted |
| | 10/15/2014 | E-mail | Loyola University | | Non-profit | No | All | | Other | Fully insured | |
| | | | | | | | | | Other | Fully insured | |
| | | | | | | | | | Other | Fully insured | |
| | 10/16/2014 | Litigation | Wheaton College | | Non-profit | Yes | "Abortion-causing drugs  abortion procedures  and related services  but has no religious objection to providing coverage for contraceptive services and devices that prevent conception (as opposed to interfering with the continued survival of a human embryo). Specifica ly identifies Plan B  ella  and certain unspecified IUDs as drugs and devices to which it has religious objections." | | Other | self-insured | |
| | | | | | | | | | Other | self-insured | |
| | | | | | | | | | Student | Fully insured | |
| | 10/20/2014 | Ma l | Carithers-Wallace-Courtenay LLC | | Other | | | | | | |
| | 10/29/2014 | Email | Contract Packaging  Inc. | | Other | | Plan B  E la  Next Choice | | Other | | |
| | 11/5/2014 | Ma l | Avesta Homes LLC | | Other | | All | | Other | Fully Insured | |
| | 11/1 /2014 | E-mail | Kent Manufacturing Company | | Other | | | | | | |
| | 11/14/2014 | Ma l | Dakota Tube Inc | | Other | | | | | | |
| | 11/18/2014 | E-mail | Oral Roberts University | | Non-profit | | EC Plan B One-step (the morning after pil ); Ella Ulipristal Acetate (the week after pil ); copper intrauterine devices; hormonal intrauterine devices; as wel as any other drug device  procedure  or mechanism which has the purpose or effect of preventing an already fertilized egg from developing further by inhibiting or terminating its attachment to the uterus" | | Other | Fully insured | |

Notifications

**670109**

| | M | N | O | P | Q | R | S | T | U | V | W |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Service Provider Information | | | | | | | | Action Taken | | |
| | Contact information for Issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to Issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter sent to organization (see instruction #1 above) | Notes | |
| | Redacted Redacted Redacted | | | | | Redacted | | | | | |
| 26 | | | | Updated | 1/ /2015 | | | | | | |
| 27 | | | | Updated | 1/1/2015 | | | | | | |
| 28 | | | | Updated | 1/1/2015 | | | | | | |
| 29 | | | | Original | N/A | | | | | | |
| 30 | | | | Original | N/A | | | | | | |
| 31 | | | | Original | N/A | | | | | | |
| 32 | | | | Original | N/A | | | | | | |
| 33 | | | | | | | | | | | |
| 34 | | | | Original | N/A | | | | | | |
| 35 | | | | Original | N/A | | | | | | |
| 36 | | | | | | | | | | | |
| 37 | | | | | | | | | | | |
| 38 | | | | Original | N/A | | | | | | |

Notifications

670110

| Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Redacted | | | | Redacted | | | | Redacted | | | Redacted |
| | 11/20/2014 | E-mail | J.E. Dunn Construction Group Inc. | | Other | | - Plan B (levonorgestrel) and its generic equivalents - ella (ulipristal acetate) - ParaGard (copper IUD) - Mirena and Skyla (levonorgestrel-releasing IUDs) | | Other | Self-insured | |
| | | | | | | | | | Other | Self-insured | |
| | | | | | | | | | Other | self-insured | |
| | 12/5/2014 | E-mail | Greenville College | | Non-profit | | Plan B Ella and a I IUDs | | Other | self-insured | |
| | | | | | | | | | Other | self-insured | |
| | 12/9/2014 | E-mail | Covenant Presbyterian Church | | Non-profit | | | | | | |
| | 12/17/2014 | E-mail | Trinity Schools Inc. D/B/A Trinity School at River Ridge | | Non-profit | No | | | Other? | Fully Insured? | |
| | 12/17/2014 | E-mail | People of Praise Minnesota Inc. | | Non-profit | No | | | Other? | Fully Insured? | |
| | 12/2 /2014 | E-mail | Oral Roberts University | | Non-profit | | EC Plan B One-step (the morning after pill ); Ella Ulipristal Acetate (the week after pill ); copper Intrauterine devices; hormonal Intrauterine devices; as we I as any other drug device procedure or mechanism which has the purpose or effect of preventing an already fertilized egg from developing further by inhibiting or terminating its attachment to the uterus" | | Other | self-insured | |
| | 1/9/2015 | Ma I | ParishSOFT LLC | | Other | | "All contraceptive medications and procedures (ster lization abortions Rx contraceptive devices etc.)" | | Other | Fully Insured | |
| | | | | | | | | | Other | Fully Insured | |
| | 1/12/2015 | Ma I | DAS Companies Inc. | | Other | | All | | Other | self-insured | |
| | 1/30/2015 | E-mail | Illinois Baptist Children's Home and Fam ly Services | | Non-profit | No | | | | | |
| | 2/1 /2015 | Ma I | Olivet Nazarene University | | Non-profit | No | "the Health Plan w ll not provide pay for and/or facilitate access to abortion-inducing products and related counseling. This includes the use of Yaz EllaOne and the Copper-T IUD when prescribed with a diagnosis of pregnancy." The Health Plan will require a prior authorization for the dispensing of Yaz EllaOne and the Copper-T IUD. Coverage of these products will not be allowed until a doctor confirms the use of the medications for non-abortifacient purposes." Plan B will be non-covered." | | Other | Fully Insured | |
| | 4/15/2015 | Ma I | St. Raphael Health Plan - all participating employers (196 4) | | Non-profit | | All | | Church Plan | self-insured | |

| | Service Provider Information | | | Original Information or updated Information? | For updated Information, date the Information is effective | | For updated Information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | Action Taken | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | | | | | | | | For for-profit organizations, date letter sent to organization (see instruction #5 above) | Notes | | |
| Redacted | Redacted | Redacted | Original | N/A | | Redacted | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | | N/A | | | | | | | | | |
| | | | | N/A | | | | | | | | | |
| | | | Updated | 1/1/2015 | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |
| | | | Original | N/A | | | | | | | | | |

Notifications

670112

| Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction K2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Redacted | | | | Redacted | | | | Redacted | | | Redacted |
| | 5/4/2015 | Ma l | Society of the Precious Blood | | Non-profit | | All | | Other | Fully insured | |
| | 5/22/2015 | E-mail | Michael James Sales Tax Solutors  LLC | | Other | | "Any and a l abortifacients" | | Other | Fully insured | |
| | 07/087/15 | Litigation (Zub k v. Burwell) | The ROMAN CATHOLIC DIOCESE OF PITTSBURGH (* exempt) | | Non-profit | Yes | All | | Church Plan | self-insured | |
| | 07/087/15 | Litigation (Zub k v. Burwell) | THE ROMAN CATHOLIC DIOCESE OF ERIE (*exempt) | | Non-profit | Yes | All | | Church Plan | self-insured | |
| | 07/087/15 | Litigation (Zubik v. Burwell) | CATHOLIC CHARITIES OF THE DIOCESE OF PITTSBURGH  INC. | | Non-profit | Yes | All | | Church Plan | self-insured | |
| | 07/087/15 | Litigation (Zubik v. Burwell) | THE CATHOLIC CEMETERIES ASSOCIATION OF THE DIOCESE OF PITTSBURGH | | Non-profit | Yes | All | | Church Plan | self-insured | |
| | 07/087/15 | Litigation (Zubik v. Burwell) | ST. MARTIN CENTER  INC. | | Non-profit | Yes | All | | Church Plan | self-insured | |
| | 07/087/15 | Litigation (Zubik v. Burwell) | PRINCE OF PEACE CENTER  INC. | | Non-profit | Yes | All | | Church Plan | self-insured | |
| | 07/087/15 | Litigation (Zub k v. Burwell) | ERIE CATHOLIC PREPARATORY SCHOOL | | Non-profit | Yes | All | | Church Plan | self-insured | |
| | 8/3/2015 | Mail | Oral Roberts University | | Non-profit | | EC Plan B One-step (the morning after pil ); Ella Ulipristal Acetate (the week after pil ); copper intrauterine devices; hormonal intrauterine devices; as we l as any other drug device  procedure  or mechanism which has the purpose or effect of preventing an already fertilized egg from developing further by inhibiting or terminating its attachment to the uterus" | | Student | Fully insured | |

Notifications

**670113**

| | Service Provider Information | | | | | | | Action Taken | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Contact information for Issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter snet to organization (see instruction #1 above) | Notes | |
| Redacted | Redacted | Redacted | | | Redacted | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |

Notifications

**670114**

| | A | B | C | D | Eligible Organization Information | | F | G | H | I | Plan Information | | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 | Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction K2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
| | Redacted | | | | Redacted | | | | | Redacted | | | Redacted |
| 64 | | 8/2 /2015 | E-mail | Cummins-Al ison Corp and Cummins Il inois  Inc | | | Other | No | Plan B  Ella  Mirena  Copper IUDs | | Other | self-insured | |
| 65 | | 9/25/2015 | E-mail | Weingartz Supply Co.  Inc. & W & P Management LLC | | | Other | Yes | All contraceptive services | | Other | Fully insured | |
| 66 | | 10/14/2015 | Mai l | Carolyn's Place  Inc. | | | Non-profit | | All contraceptive services | | | Fully insured | |
| 67 | | 10/14/2015 | Mai l | Dakota Tube Inc | | | Other | | | | | | |
| 68 | | 10/28/2015 | Mai l | Tyndale House Publishers  Inc. | | | Other | | post-conceptive medications and devices  namely emergency contraceptives such as the "morning-after pill " the "week-after pi l " and intrauterine devices | | Other | Self-insured | |
| 69 | | 10/29/2015 | E-mail | Electrolock  Inc.  Dunstone Co.  Inc. and Stone River Mgmt. Co.  LLC. | | | Other | | All | | Other | self-insured | |
| 70 | | 11/19/2015 | Mai l | Management  Analysis and Ut lization  Inc. | | | Other | | Ella  Plan B  Plan B One Step  Next Choice  Next Choice One Dose  My Way  and Take Action | | Other | Fully insured | |
| 71 | | | | | | | | | | | | Fully insured | |
| 72 | | | | | | | | | | | | self-insured | |
| 73 | | 12/17/2015 | SWIFT | Conestoga Wood Specialties Corp. Conestoga Transportation Inc. Phone: 717-445-6701 | | | Other | Yes | Any hormonal drugs or IUDs | | Other | self-insured | |
| 74 | | 12/2 /2015 | E-mail | St. Joseph's Abby (AKA. Cistercian Abby of Spencer) | | | Non-profit | No | ALL contraceptive services required to be covered under PHS Act section 2713  as added by the Affordable Care Act  and incorporated into ERISA section 715 and Code section 9815 | | Church Plan | Fully insured | |
| 75 | | 12/2 /2015 | Mai l | Dakota Tube inc. | | | Other | | | | | | |
| 76 | | 1/28/2016 | Mai l | Community Foundation of Northwest Indiana  Inc. St. Mary Medical Center St. Catherine Hospital | | | Non-profit | | All - "objection to providing coverage of all contraceptive services required to be covered under PHS Act section 2713  as added by the Affordable Care Act  and incorporated into ERISA section 715 and Code section 9815." | | Other | Self-insured | |
| 77 | | 2/2 /2016 | E-mail | Miller Contracting Services Inc. | | | Other | | All | | Other | | |
| 78 | | 3/3/2016 | E-mail | Earth Sun Moon Trading company  Inc | | | Other | | All | | Other | Fully insured | |

**670115**

| | Service Provider Information | | | | | | Action Taken | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| M | N | O | P | Q | R | S | T | U | V | W |
| Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter next to organization (see instruction #1 above) | Notes | |
| Redacted | Redacted | Redacted | Original | N/A | Redacted | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | | | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | | | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |

Notifications

**670116**

| | Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Redacted | | | | Redacted | | | | Redacted | | | Redacted |
| 79 | | 3/7/2016 | E-mail | Luurtaema Sales | | Other | | All | | Other | Fully insured | |
| 80 81 82 | | 3/24/2016 | E-mail | Continuum Health Partnerships Inc. / Continuum Health Management  LLC / Mountain States Health Properties  LLC. | | Other | | Abortion causing drugs  devices and sterilizations; patient education and counseling for all women with reproductive capacity. | | Other | self-insured | |
| 83 | | 3/28/2016 | E-Mail | Fresh Unlimited  Inc. | | Other | | All | | Other | Fully Insured | |
| 84 | | 4/1/2016 | E-mail | Sarkes Tarzian  Inc. | | Other | | All | | Other | Fully insured | |
| 85 86 87 88 89 90 | | 7/19/2016 | E-Mail | Mersino Management Company / Mersino Southwest. LLC / Mersino Enterprise Inc. / Global Pump Company / Mersino Properties Company. LLC / Mersino Dewatering Inc. | | Other | Yes | All | | Other | self-insured | |
| 91 | | 7/26/2016 | Litigation: 2nd Circuit Court 1:12-cv-02542-BMC Catholic Health Care System | Catholic Health Care System (aka ArchCare) | | | Yes | abortion-inducing drugs  sterilizations  contraceptives | | | self-insured | |
| 92 | | | | Cardinal Spellman High School | | | Yes | | | | self-insured | |
| 93 | | | | Monsignor Farrell High School | | | | | | | self-insured | |
| 94 | | | | Catholic Health Services of Long Island | | | Yes | | | | self-insured | |
| 95 | | 7/26/2016 | Litigation: Geneva 3nd Circuit Court 2:12-cv-00207 | Geneva College (employee) | | | Yes | abortion-inducing drugs | | Other | Fully Insured | |
| 96 | | | | Geneva Co lege (Student) | | | Yes | | | Student | Fully Insured | |
| 97 98 99 100 | | 7/26/2016 | Litigation: Persico 3nd Circuit Court 1-13-cv-00303 | The Roman Catholic Diocese of Erie* (exempt) / Erie Catholic Preparatory School / PRINCE OF PEACE CENTER  INC. / ST. MARTIN CENTER  INC. | | Non-profit / Non-profit / Non-profit / Non-profit | Yes | abortion-inducing drugs  contraceptives  or sterilization | | Church Plan | self-insured | |
| 101 102 | | 7/26/2016 | Litigation: Zubik 3nd Circuit Court 2-12-cv-00676 | Catholic Charities of Pittsburgh / Diocese of Pittsburgh* (Exempt) | | Non-profit | Yes | abortion-inducing drugs  contraceptives  or sterilization | | Church Plan | self-insured | |
| 103 104 | | 7/26/2016 | Litigation: Catholic Diocese of Beaumont 5th Circuit Court | Catholic Charities of Southeast Texas / Catholic Diocese of Beaumont* (Exempt) | | | Yes | abortifacients  contraception  and ster lization | | Other | self-insured | |

Notifications

670117

| | M | N | O | P | Q | R | S | T | U | V | W |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5 | | Service Provider Information | | | For updated | | | | Action Taken | | |
| 6 | Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | Original information or updated information? | information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter rece to organization (see instruction #1 above) | Notes | |
| 79 | Redacted | Redacted | Redacted | Original | N/A | Redacted | | | | | |
| 80 | | | | Original | N/A | | | | | | |
| 81 | | | | | | | | | | | |
| 82 | | | | | | | | | | | |
| 83 | | | | Original | N/A | | | | | | |
| 84 | | | | Original | N/A | | | | | | |
| 85 | | | | Original | N/A | | | | | | |
| 86 | | | | | | | | | | | |
| 87 | | | | | | | | | | | |
| 88 | | | | | | | | | | | |
| 89 | | | | | | | | | | | |
| 90 | | | | | | | | | | | |
| 91 | | | | Original | N/A | | | | | | |
| 92 | | | | Original | N/A | | | | | | |
| 93 | | | | Original | N/A | | | | | | |
| 94 | | | | Original | N/A | | | | | | |
| 95 | | | | Original | N/A | | | | | | |
| 96 | | | | Original | N/A | | | | | | |
| 97 | | | | | | | | | | | |
| 98 | | | | Updated | N/A | | | | | | |
| 99 | | | | | | | | | | | |
| 100 | | | | | | | | | | | |
| 101 | | | | Updated | N/A | | | | | | |
| 102 | | | | | | | | | | | |
| 103 | | | | Original | N/A | | | | | | |
| 104 | | | | | | | | | | | |

Notifications

| | Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Redacted | | | | Redacted | | | | Redacted | | | Redacted |
| 105 | | 7/26/2016 | Litigation: ETBU 5th Circuit Court 4:12-CV-3009 | East Texas Baptist University (employee) | | | Yes | "abortion-inducing drugs ... and related services" NOT including contraceptives (compl. ¶ 28) | | Other | self-insured | |
| 106 | | | | Houston Baptist | | | Yes | | | | | |
| 107 | | | | Westminster | | | Yes | | | | self-insured | |
| 108 | | 7/26/2016 | Litigation: University of Dallas 5th Circuit Court 4:12-cv-314 | Roman Catholic Diocese of Fort Worth* (Exempt) | | Non-profit | Yes | "abortion-inducing drugs " sterilization  and contraception | | Church Plan | self-insured | |
| 109 | | | | University of Dallas (employee) | | | Yes | "abortion-inducing drugs" and steri ization | | | self-insured | |
| 110 | | | | University of Da las (student) | | | Yes | "abortion-inducing drugs " sterilization  and contraception (prescribed to treat a medical condition  not to prevent pregnancy) | | Student | Fully-insured | |
| 111 | | | | Catholic Charities of Fort Worth | | | Yes | abortion-inducing drugs  sterilization  and contraception | | | Fully Insured | |
| 112 | | 7/26/2016 | Litigation: Catholic Diocese of Nashville 6th Circuit Court 3:13-cv-01303 | Aquinas College  Nashv lle | | | | "abortion-inducing products " steri ization  and contraception | | | Fully Insured | |
| 113 | | | | Camp Marymount  Inc. | | | | | | | | |
| 114 | | | | Catholic Charities of Tennessee | | | Yes | | | | | |
| 115 | | | | The Catholic Diocese of Nashv le* (Exempt) | | | | | | | | |
| 116 | | | | Dominican Sisters of St. Cecilia* (Exempt) | | | | | | | | |
| 117 | | | | Mary Queen of Angels | | | | | | | | |
| 118 | | | | St. Mary's V lla  Inc. | | | | | | | | |
| 119 | | 7/26/2016 | Litigat on: MCC 6th Circuit Court 1:13-cv-01247-GJQ | Catholic Family Services (aka Catholic Charities of Kalamazoo) | | | Yes | contraception and steri ization | | | self-insured | |
| 120 | | | | Michigan Catho ic Conference* (Exempt) | | | | | | | | |
| 121 | | 7/26/2016 | Litigation: Catho ic Charities of Ft. Wayne 7th Circuit Court 1:12-cv-00159-JD-RBC | Catholic Charities of Ft. Wayne | | | Yes | "abortion-inducing products " steri ization  and contraception | | | Self-insured | |
| 122 | | | | Diocese of Ft. Wayne* (Exempt) | | | Yes | "abortion-inducing products " steri ization  and contraception | | | Self-insured | |
| 123 | | | | Franciscan Alliance | | | Yes | "abortion-inducing products " steri ization  and contraception | | | Both | |
| 124 | | | | Our Sunday Visitor | | | Yes | "abortion-inducing products " steri ization  and contraception | | | Self-insured | |
| 125 | | | | Specialty Physicians of I linois | | | Yes | "abortion-inducing products " steri ization  and contraception | | | Fully-insured | |
| 126 | | | | St. Anne Home | | | Yes | "abortion-inducing products " steri ization  and contraception | | | Self-insured | |
| 127 | | | | University of St. Francis | | | Yes | "abortion-inducing products " steri ization  and contraception | | | Self-insured | |

Notifications

| | Service Provider Information | | | Original information or updated information? | For updated information, date the information is effective | | For updated information, summary of changes | For fully insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | Action Taken | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Contact information for Issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | | | | | | | For for-profit organizations, date letter sent to organization (see instruction #1 above) | | |
| 105 | Redacted | Redacted | Redacted | Original | N/A | Redacted | | | | | | |
| 106 | | | | Original | N/A | | | | | | | |
| 107 | | | | | | | | | | | | |
| 108 | | | | Original | N/A | | | | | | | |
| 109 | | | | Original | N/A | | | | | | | |
| 110 | | | | Original | N/A | | | | | | | |
| 111 | | | | Original | N/A | | | | | | | |
| 112 | | | | | | | | | | | | |
| 113 | | | | | | | | | | | | |
| 114 | | | | Original | N/A | | | | | | | |
| 115 | | | | | | | | | | | | |
| 116 | | | | | | | | | | | | |
| 117 | | | | | | | | | | | | |
| 118 | | | | | | | | | | | | |
| 119 | | | | Original | N/A | | | | | | | |
| 120 | | | | Original | N/A | | | | | | | |
| 121 | | | | Original | N/A | | | | | | | |
| 122 | | | | Original | N/A | | | | | | | |
| 123 | | | | Original | N/A | | | | | | | |
| 124 | | | | Original | N/A | | | | | | | |
| 125 | | | | Original | N/A | | | | | | | |
| 126 | | | | Original | N/A | | | | | | | |
| 127 | | | | Original | N/A | | | | | | | |

Notifications

**670120**

| | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) [See instruction #2 above] | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
| | Redacted | | | | Redacted | | | | Redacted | | | Redacted |
| 128 | | 7/26/2016 | Litigation: Grace Schools 7th Circuit Court 3:12-cv-00459-JD-CAN | Biola University (employee) | | | Yes | "abortion-inducing drugs  ike ella and Plan B" but not other contraceptives | | | Fully Insured | |
| 129 | | | | Biola University (student) | | | Yes | "abortion-inducing drugs  ike ella and Plan B" but not other contraceptives | | Student | Fully Insured | |
| 130 | | | | Grace Schools (employee) | | | Yes | "abortifacient drugs" but not all contraceptives | | | Self-insured | |
| 131 | | | | Grace Schools (student) | | | Yes | "abortifacient drugs" but not all contraceptives | | Student | Fully Insured | |
| 132 | | 7/26/2016 | Litigation: CNS 8th Circuit Court 2:12-cv-00092 | CNS International Ministries (holding company for other listed plaintiffs: Sharpe Holdings  Inc  Ozark Nat'l Life Ins. Co. and N.I.S. Financial Services Inc ) | | | Yes | Plan B  ella  Copper IUDs | | | Self-insured | |
| 133 | | | | Heartland Christian Co lege | | | | Plan B  ella  Copper IUDs | | | Self-insured | |
| 134 | | 7/26/2016 | Litigation: Dordt 8th Circuit Court 5:13-cv-04100 | Cornerstone University | | | Yes | "post-coital 'emergency contraceptives'" such as "ella  Plan B and IUDs" | | | Fully-insured | |
| 135 | | | | Dordt Co lege (employee) | | | | | | | Self-insured | |
| 136 | | | | Dordt College (student) | | | | | | Student | Fully-insured | |
| 137 | | 7/26/2016 | Litigation: Little Sisters 0th Circuit Court No. 13-1540 (10th Cir) Appeal of No. 1:13-CV-02611 (D. Co.) | Little Sisters of the Poor  Baltimore  Inc ( Little Sisters of Baltimore") | | Non-profit | Yes | "sterilization  contraceptives and drugs that cause abortions." "contraceptives  abort facient drugs  sterilizations  and related education and counseling " | | | self-insured | |
| 138 | | | | Little Sisters of the Poor Home for the Aged  Denver  Colorado ("Little Sisters of Denver") | | Non-profit | | | | | | |
| 139 | | 7/26/2016 | Litigation: Reaching Souls | Reaching Souls | | | Yes | ella  Plan B  Plan B one-step  Next Choice  Copper IUDs  IUDs w/Progestin | | Church Plan | self-insured | |
| 140 | | | | Truett-McConnell College | | | | | | | | |
| 141 | | 7/26/2016 | Litigation: Southern Nazarene 0th Circuit Court No. 14-6026 (10th Cir) appeal of No. 5:13 CV-01015-F (W.D. Okla.) | Mid-America Christian | | | Yes | "contraceptives  abortifacients [such as Plan B and e la]  and related counseling to their employees and students." | | | self-insured | |
| 142 | | | | Oklahoma Baptist (employee) | | | | | | | Fully-insured | |
| 143 | | | | Oklahoma Baptist (student) | | | | | | Student | Fully-insured | |
| 144 | | | | Oklahoma Wesleyan | | | Yes | Plan B  ella  and IUDs | | | Fully-insured | |
| 145 | | | | Southern Nazarene University (employee) | | | | "contraceptives  abortifacients [such as Plan B and e la]  and related counseling to their employees and students." | | | Partially self-insured, Insured for claims over $100 000 | |

Notifications

670121

| | Service Provider Information | | | | | Action Taken | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter sent to organization (see instruction #1 above) | Notes |
| Redacted | Redacted | Redacted | | | Redacted | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |
| | | | Original | N/A | | | | | |

Notifications

**670122**

| Tracking number | Date notification received | Received via mail or e-mail? | Eligible Organization Information | | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan Information | | Name of Issuer (enter N/A if none) |
| | | | Name of eligible organization | Contact information for eligible organization | | | | | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | |
| Redacted | | | Southern Nazarene University (student) | Redacted | | Yes | | Redacted | Student | Fully-insured | Redacted |
| | 7/26/2016 | Litigation: Priests for Life DC 1:13-cv-01261 | Priests for Life | | | Yes | "contraception sterilization [and] abortifacients" | | | Fully-insured | |
| | 7/26/2016 | Litigation: RCAW DC 1:13-cv-01441 | Archdiocese of Washington ( listed in complaint as "Roman Catholic Archbishop of Washington D.C." and as "Archdiocese of Washington")* (exempt) | | | Yes | abortion-inducing products contraception or sterilization | | | self-insured | |
| | | | Catholic Charities of the Archdiocese of Washington Inc. | | | | | | | | |
| | | | Catholic Information Center Inc | | | | | | | | |
| | | | The Catholic University of America | | | | | | | Fully-insured | |
| | | | The Catholic University of America (student) | | | | | | Student | Fully-insured | |
| | | | The Consortium of Catholic Academies of the Archdiocese o Washington D.C. | | | | | | | self-insured | |
| | | | Archbishop Carroll High School | | | | | | | | |
| | | | Don Bosco Cristo Rey High School of the Archdiocese of Washington D.C. | | | | | | | | |
| | | | Mary of Nazareth Roman Catholic Elementary School Inc. | | | | | | | | |
| | | | Roman Catholic Archbishop of Washington | | | | | | | | |
| | | | Victory Housing Inc. | | | | | | | | |
| | | | Thomas Aquinas College | | | | | | | | |
| | 7/26/2016 | Litigation: Beckwith Electric 11th Circuit (M.D. FL) 8:16-cv-01944 | Beckwith Electric Co. Inc. | | Other | Yes | "emergency contraception " "abort facients " "any drugs devices and services capable of ending innocent human life" (spec fica ly lists Plan B ella and the IUD as examples of "abortifacients") | | Other | self-insured | |
| | 7/26/2016 | Litigation: Johnson Welded DC(DCC) 1:16-cv-00557 | Johnson Welded Products Inc. | | Other | Yes | "all of the contraceptive services required by the contraceptive services mandate" | | Other | Not Indicated | |
| | 8/5/2016 | Ma l | Society of the Precious Blood | | Non-profit | No | All | | Other | Fully insured | |
| | 9/1/2016 | Litigation: Catho ic Charities Archdiocese of Ph ladelphia 3rd Circuit 2:14-cv-03096-AB | Catholic Charities of the Archdiocese of Philadelphia d/b/a Catho ic Social Services | | Non-profit | Yes | "a l of the required contraceptive services with the exception of the prescription and use of contraceptive medications for non-contraceptive medical purposes." | | Church Plan | Self-insured | |
| | 9/1/2016 | Litigation: Catho ic Charities Archdiocese of Ph ladelphia 3rd Circuit 2:14-cv-03096-AB | St. John's Orphan Asylum | | Non-profit | Yes | "a l of the required contraceptive services with the exception of the prescription and use of contraceptive medications for non-contraceptive medical purposes." | | Church Plan | Self-insured | |

| | M | N | O | P | Q | R | S | T | U | V | W |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Service Provider Information | | | | | | | | Action Taken | | |
| | Contact information for Issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to Issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter sent to organization (see instruction #5 above) | Notes | |
| | Redacted | Redacted | Redacted | | | Redacted | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Updated | 7/1/2016 | | | | | | |
| | | | | Original | N/A | | | | | | |
| | | | | Original | N/A | | | | | | |

Notifications

670124

| | A | B | C | D | E | F | G | H | I | J | K | L |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | **Eligible Organization Information** | | | | | **Plan Information** | | |
| 6 | Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
| 165 | Redacted | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | St. Edmond's Home for Crippled Children | Redacted | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | Redacted | Church Plan | Self-insured | Redacted |
| 166 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Don Guanella Village of the Archdiocese of Philadelphia | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 167 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Divine Providence Village | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 168 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Philadelphia Protectory for Boys d/b/a St. Gabriel's System | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 169 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Catholic Community Services Inc. | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 170 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Nutritional Development Services  Inc. | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 171 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Catholic Health Care Services - Supportive Independent Living d/b/a Villa St. Martha and Community Based Services | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 172 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | St. John Vianney Center | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 173 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Catholic Clinical Consultants | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 174 | | 9/1/2016 | Litigation: Catholic Charities Archdiocese of Philadelphia 3rd Circuit 2:14-cv-03096-AB | Roman Catholic Archdiocese of Philadelphia | | Non-profit | Yes | "a l of the required contraceptive services  with the exception of the prescription and use of contraceptive medications for non-contraceptive  medical purposes." | | Church Plan | Self-insured | |
| 175 | | 9/15/2015 | Litigation: Diocese of Cheyenne 10th Circuit court 14-8040 | Diocese of Cheyenne | | Non-profit | Yes | "to providing  procuring  or fac litating access to abortion-inducing products  abortion  steri ization  or contraceptives" except when "prescribed with the intent of treating a medical condition  not with the intent to prevent pregnancy or to induce abortion." | | Church Plan | Self-insured | |
| 176 | | 9/15/2015 | Litigation: Diocese of Cheyenne 10th Circuit court 14-8040 | Catho ic Charities of Wyoming | | Non-profit | Yes | "to providing  procuring  or fac litating access to abortion-inducing products  abortion  steri ization  or contraceptives" except when "prescribed with the intent of treating a medical condition  not with the intent to prevent pregnancy or to induce abortion." | | Church Plan | Self-insured | |
| 177 | | 9/15/2015 | Litigation: Diocese of Cheyenne 10th Circuit court 14-8040 | Saint Joseph's Children's Home | | Non-profit | Yes | "to providing  procuring  or fac litating access to abortion-inducing products  abortion  steri ization  or contraceptives" except when "prescribed with the intent of treating a medical condition  not with the intent to prevent pregnancy or to induce abortion." | | Church Plan | Self-insured | |

Notifications

670125

| M | N | O | P | Q | R | S | T | U | V | W |
|---|---|---|---|---|---|---|---|---|---|---|
| **Service Provider Information** | | | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | **Action Taken** | | |
| Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | | | | | | For for-profit organizations, date letter sent to organization (see instruction #1 above) | Notes | |
| Redacted | Redacted | Redacted | Original | N/A | Redacted | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |

Notifications

| Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer [enter N/A if none] |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Redacted | 9/15/2015 | Litigation: Diocese of Cheyenne 10th Circuit court 14-8040 | St. Anthony Tri-Parish Catholic School | Redacted | Non-profit | Yes | "to providing procuring or faci litating access to abortion-inducing products abortion steri ization or contraceptives" except when "prescribed with the intent of treating a medical condition not with the intent to prevent pregnancy or to induce abortion." | Redacted | Church Plan | Self-insured | Redacted |
| | 9/15/2015 | Litigation: Diocese of Cheyenne 10th Circuit court 14-8040 | Wyoming Catholic College | | Non-profit | Yes | " abortion-inducing products or steri ization" except " contraceptives only when prescribed with the intent of treating a medical condition not with the intent to prevent pregnancy." | | Church Plan | self-insured | |
| | 9/15/2015 | Litigation: Colorado Christian University Circuit Court 14-1329 | Colorado Christian University (employee) | | Non-profit | Yes | "coverage for a l services drugs and devices that could terminate human life from the moment of conception including medical abortions emergency contraceptives l ke Plan B and E la and IUDs" and "other contraceptives." | | Other | self-insured | |
| | 9/15/2015 | Litigation: Colorado Christian University 10th Circuit Court 14-1330 | Colorado Christian University (student) | | Non-profit | Yes | "coverage for abortions and all contraceptives including emergency contraceptives and IUDs." | | Student | Fully Insured | |
| | 9/15/2015 | Litigation: Dobson 10th Circuit Court 14-1233 | Family Talk | | Non-profit | Yes | "abortion-inducing or implantation-preventing drugs contraceptives and related education and counseling spec ficalc IUDs and 'emergency contraception' such as Plan B and Ella" and "any course ing or referrals to promote or refer for ... such abortion-inducing drugs and IUDs " | | Other | Partia ly Self-insured with a stop-loss provider and a third-party administrator | |
| | 9/15/2015 | Litigation: Ass'n of Christian Schools Int'l v. Burwell 10th Circuit Court No. 14-1492 | Association of Christian Schools International (employee) | | Non-profit | Yes | "the procurement of participation in facilitation of or payment for abortion (including abortion-causing drugs and devices like Plan B ella and IUDs)" | | Other | self-insured | |
| | 9/15/2015 | Litigation: Ass'n of Christian Schools Int'l v. Burwell 10th Circuit Court No. 14-1492 | Samaritan Ministries International (employee) | | Non-profit | Yes | "the procurement of participation in facilitation of or payment for abortion (including abortion-causing drugs and devices like Plan B ella and IUDs)" | | Other | self-insured | |
| | 9/15/2015 | Litigation: Ass'n of Christian Schools Int'l v. Burwell 10th Circuit Court No. 14-1492 | Taylor University (employee) | | Non-profit | Yes | "the procurement of participation in facilitation of or payment for abortion (including abortion-causing drugs and devices like Plan B ella and IUDs)" | | Other | self-insured | |
| | 9/15/2015 | Litigation: Ass'n of Christian Schools Int'l v. Burwell 10th Circuit Court No. 14-1492 | Indiana Wesleyan University | | Non-profit | Yes | "the procurement of participation in facilitation of or payment for abortion (including abortion-causing drugs and devices like Plan B ella and IUDs)" | | Other | self-insured | |
| | 9/15/2015 | Litigation: Ass'n of Christian Schools Int'l v. Burwell 10th Circuit Court No. 14-1492 | Asbury Theological Seminary | | Non-profit | Yes | "the procurement of participation in facilitation of or payment for abortion (including abortion-causing drugs and devices like Plan B ella and IUDs)" | | Other | self-insured | |
| | 9/15/2015 | Litigation: Ass'n of Christian Schools Int'l v. Burwell 10th Circuit Court No. 14-1492 | Alliance Defending Freedom | | Non-profit | Yes | "emergency contraceptive medications hormonal contraceptive medications and devices and implanted contraceptive devices or related counseling or referrals to promote the use of such items" | | Other | self-insured | |
| | 9/20/2016 | Litigation: Catholic Benefits Ass'n LCA v. Burwell 10th Circuit Court Nos. 14-6163 14-6171 | Good Will Pub ishers Inc. | | Other | Yes | "contraception abortion-inducing drugs or devices sterilization and related counseling" | | Other | Fully-insured | |
| | 9/20/2016 | Litigation: Catholic Benefits Ass'n LCA v. Burwell 10th Circuit Court Nos. 14-6163 14-6171 | Catholic Charities of the Archdiocese of Oklahoma City | | Non-profit | Yes | "contraception abortion-inducing drugs or devices sterilization and related counseling" | | likely church plan but never alleged | self-insured | |
| | 9/20/2016 | Litigation: Catholic Benefits Ass'n LCA v. Burwell 10th Circuit Court Nos. 14-6163 14-6171 | All Saints Catholic School | | Non-profit | Yes | "contraception abortion-inducing drugs or devices sterilization and related counseling" | | likely church plan but never alleged | self-insured | |

Notifications

| | Service Provider Information | | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | Action Taken | | Notes |
|---|---|---|---|---|---|---|---|---|---|---|
| | Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | | | | | | For for-profit organizations, date letter sent to organization (see instruction #1 above) | | |
| 178 | Redacted | Redacted | Redacted | Original | N/A | Redacted | | | | | |
| 179 | | | | Original | N/A | | | | | | |
| 180 | | | | Original | N/A | | | | | | |
| 181 | | | | Original | N/A | | | | | | |
| 182 | | | | Original | N/A | | | | | | |
| 183 | | | | Original | N/A | | | | | | |
| 184 | | | | Original | N/A | | | | | | |
| 185 | | | | Original | N/A | | | | | | |
| 186 | | | | Original | N/A | | | | | | |
| 187 | | | | Original | N/A | | | | | | |
| 188 | | | | Original | N/A | | | | | | |
| 189 | | | | Original | N/A | | | | | | |
| 190 | | | | Original | N/A | | | | | | |
| 191 | | | | Original | N/A | | | | | | |

Notifications

**670128**

| Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Eligible Organization Information | | | | | | | Plan Information | | |
| Redacted | 9/20/2016 | Litigation: Catholic Benefits Ass'n LCA v. Burwell 10th Circuit Court Nos. 14-6163 14-6171 | The Cathedral Foundation d/b/a Catholic Review Media | Redacted | Non-profit | Yes | "contraception abortion-inducing drugs or devices sterilization and related counseling" | Redacted | likely church plan but never alleged | self-insured | Redacted |
| | 9/20/2016 | Litigation: Catholic Benefits Ass'n LCA v. Burwell 10th Circuit Court Nos. 14-6163 14-6171 | VI la St. Francis Catholic Care Center Inc. | | Non-profit | Yes | "contraception abortion-inducing drugs or devices sterilization and related counseling" | | Other | Fully-insured | |
| | 10/6/2016 | Litigation: Roman Catholic Archdiocese of Atlanta et al. v. Secretary U.S. Dep't of Health & Human Servs et al Nos. 14-12890 14-13239 | THE ROMAN CATHOLIC ARCHDIOCESE OF ATLANTA An association of churches and schools | | Non-profit | Yes | "abortion-inducing products contraception steri ization and related counse ing" "unless they are necessary for medica ly diagnosed conditions unrelated to contraception." | | Church Plan | self-insured | |
| | 10/6/2016 | Litigation: Roman Catholic Archdiocese of Atlanta et al. v. Secretary U.S. Dep't of Health & Human Servs et al Nos. 14-12890 14-13240 | THE MOST REVEREND WILTON D GREGORY and his successors Archbishop of the Roman Catholic Archdiocese of Atlanta | | Non-profit | Yes | "abortion-inducing products contraception steri ization and related counse ing" "unless they are necessary for medica ly diagnosed conditions unrelated to contraception." | | Church Plan | self-insured | |
| | 10/6/2016 | Litigation: Roman Catholic Archdiocese of Atlanta et al. v. Secretary U.S. Dep't of Health & Human Servs et al Nos. 14-12890 14-13241 | CATHOLIC CHARITIES OF THE ARCHDIOCESE OF ATLANTA INC. a Georgia non-profit corporation | | Non-profit | Yes | "abortion-inducing products contraception steri ization and related counse ing" "unless they are necessary for medica ly diagnosed conditions unrelated to contraception." | | Church Plan | Self-Insured | |
| | 10/6/2016 | Litigation: Roman Catholic Archdiocese of Atlanta et al. v. Secretary U.S. Dep't of Health & Human Servs et al Nos. 14-12890 14-13242 | Catho ic Education of North Georgia Inc. (CENGI) | | Other | Yes | "abortion-inducing products contraception steri ization and related counse ing" "unless they are necessary for medica ly diagnosed conditions unrelated to contraception." | | Church Plan | Self-Insured | |
| | 10/6/2016 | Litigation: Roman Catholic Archdiocese of Atlanta et al. v. Secretary U.S. Dep't of Health & Human Servs et al Nos. 14-12890 14-13243 | THE ROMAN CATHOLIC DIOCESE OF SAVANNAH an ecclesiastical territory | | Non-profit | Yes | "abortion-inducing products contraception steri ization and related counse ing" "unless they are necessary for medica ly diagnosed conditions unrelated to contraception." | | Church Plan | Self-Insured | |
| | 10/6/2016 | Litigation: Roman Catholic Archdiocese of Atlanta et al. v. Secretary U.S. Dep't of Health & Human Servs et al Nos. 14-12890 14-13244 | THE MOST REVEREND JOHN HARTMAYER and his successors Bishop of The Roman Catholic Diocese of Savannah et al. | | Non-profit | Yes | "abortion-inducing products contraception steri ization and related counse ing" "unless they are necessary for medica ly diagnosed conditions unrelated to contraception." | | Church Plan | Self-Insured | |
| | 10/6/2016 | Eternal Word Television Network v. Burwell No. 14-12696 | Eternal Word Television Network Inc. | | Non-profit | Yes | "artificial contraception ster lization or abortion or related education and counseling." | | other | Self-insured | |
| | 11/ /2016 | Email/mail | Bick Group Inc. | | Other | Yes | "all contraceptive services" | | Other | Fully-insured | |
| | 11/9/2016 | Email | The Energy Lab INC | | Other | No | All | | Other | Fully-insured | |
| | 11/2 /2016 | Email | Marian University | | Non-profit | No | All | | Church Plan | self-insured | |

| | | | | | | | | Action Taken | | |
|---|---|---|---|---|---|---|---|---|---|---|
| M | N | O | P | Q | R | S | T | U | V | W |
| Service Provider Information | | | | | | | | | | |
| Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | Original information or updated information? | For updated information, date the information is effective | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter snet to organization  (see instruction #1 above) | Notes | |
| Redacted | Redacted | Redacted | Original | N/A | Redacted | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |
| | | | Original | N/A | | | | | | |

Notifications

| Tracking number | Date notification received | Received via mail or e-mail? | Name of eligible organization | Contact information for eligible organization | Type of organization (Non-profit or other) | Plaintiff in Litigation? (Yes or No) (See Instruction #2 above) | Contraceptive services not provided | Plan name | Plan type (Student Plan, Church Plan, Other) | Fully insured, self-insured or both? | Name of issuer (enter N/A if none) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Redacted | 11/28/2016 | Litigation: Louisiana College v. Burwell et al. No. 14-01167 | Louisiana College | Redacted | Non-profit | Yes | Objects to providing: RU-486; Plan B; ella; "counseling regarding the use of abortifacients like ella and Plan B;" and any "drugs, devices, services or procedures contrary to its faith." Sec. Am. Compl. Dist. Ct. Dkt 77 at ¶¶ 27-33. "While excluding abortifacients, like ella and Plan B, LC's employee health plan does cover contraceptives that prevent ovulation." Sec. Am. Compl. Dist. Ct. Dkt 77 at ¶ 57 | Redacted | Church Plan | self-insured | Redacted |
| | 4/2/2017 | Ma I | Continuum Health Partnerships Inc. / Continuum Health Management LLC / Mountain States Health Properties LLC | | Other | No | Abortion causing drugs, devices and sterilizations; patient education and counseling for all women with reproductive capacity. | | Other | self-insured | |

670131

| | M | N | O | P | Q | R | S | T | U | V | W |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Service Provider Information | | | Original information or updated information? | For updated information, date the information is effective | | | | Action Taken | | |
| | Contact information for issuer (enter N/A if none) | Name of TPA (enter N/A if none) | Contact information for TPA (enter N/A if none) | | | For updated information, summary of changes | For fu ly insured plans, date letter sent to issuer by HHS | For self-insured plan, date notification forwarded to DOL | For for-profit organizations, date letter sent to organization (see instruction #5 above) | Notes | |
| | Redacted | Redacted | Redacted | | | Redacted | | | | | |
| | | | | Original | N/A | | | | | | |
| 204 | | | | | | | | | | | |
| 205 | | | | Updated | 4/1/2017 | | | | | | |
| 206 | | | | | | | | | | | |
| 207 | | | | | | | | | | | |
| 208 | | | | | | | | | | | |
| 209 | | | | | | | | | | | |

670132



Addresses

**670133**

# Exhibit B

## TABLE 1

### Number of Women with Employer-Sponsored Insurance Who Are Income-Eligible for State-Funded Contraceptive Coverage[1]

| State | Insured, Income-Eligible Women Between the Ages of 15 and 45[2] | Percent of Enrollees Covered Under a Self-Funded Plan[3] | Insured, Income-Eligible Women Between the Ages of 15 and 45 in Self-Funded Plans[4] |
|---|---|---|---|
| California | 1,415,247 | 41.6% | 588,743 |
| Connecticut | 151,198 | 59.3% | 89,660 |
| Delaware | 45,491 | 68.3% | 31,070 |
| Dist. Of Columbia | 27,375 | 49.8% | 11,641 |
| Hawaii | 88,650 | 37.6% | 33,332 |
| Illinois | 612,778 | 63.3% | 387,888 |
| Iowa | 221,138 | 57.4% | 126,933 |
| Maine | 45,678 | 57.7% | 26,356 |
| Maryland | 277,509 | 49.6% | 137,644 |
| Massachusetts | 365,762 | 56.6% | 207,021 |
| Michigan | 519,728 | 61.4% | 319,113 |
| Minnesota | 183,765 | N/A | 183,765 |
| Nevada | 78,575 | 47.5% | 37,323 |
| New Jersey | 380,913 | 55.1% | 209,883 |
| New Mexico | 84,771 | 69.1% | 58,577 |
| New York | 811,392 | 53.9% | 437,340 |
| North Carolina | 380,983 | 62.5% | 298,579 |
| Oregon | 188,570 | 53.7% | 101,262 |
| Pennsylvania | 580,295 | N/A | 580,295 |
| Rhode Island | 54,512 | 47.9% | 26,111 |
| Vermont | 23,575 | 60.2% | 14,192 |
| Virginia | 318,424 | N/A | 318,424 |
| Washington | 317,669 | 57.4% | 182,342 |
| **Total** | **7,173,998** | **-** | **4,407,494** |

[1] The Tables include both *Amici* States and States that are plaintiffs in litigation concerning the Rules. The numbers provided are derived from the Interactive Public Use Microdata Series (https://usa.ipums.org/usa/) which provides detailed data from the U.S. Census Bureau's American Community Survey (2015), the State Health Access Data Assistance Center, and the Agency for Healthcare Research and Quality ("ARHQ Database"). Each person is assigned to a household health insurance unit ("HIU"). The incomes of all members of the same HIU are summed and divided by the FPL for the relevant household size to generate the income of the HIU as a percentage of the FPL. For Column 2, the number reflects women who: (a) are between the ages of 15 and 45; (b) have employer/union provided health insurance; and (c) have HIU income under the relevant percent of the FPL to qualify for that State's program. That initial estimate is further refined (Column 4) based on the percentage of enrollees in self-insured employer plans in each State (Column 3), provided that the State has a contraceptive equity law. We recognize that other data sources and methodologies may achieve different results. Whatever the precise calculations, however, the ultimate conclusion—that millions of women with employer-sponsored insurance are income-eligible for state-funded programs—remains accurate.

[2] For each State on the list, the following is the FPL eligibility threshold for a broadly applicable program that is at least partially state funded: California—200%; Connecticut—263%; Delaware—250%; District of Columbia—215%; Hawaii—250%; Illinois—250%; Iowa—300%; Maine—214%; Maryland—250%; Massachusetts—300%; Michigan—250%; Minnesota—200%; Nevada—138%; New Jersey—250%; New Mexico—250%; New York—223%; North Carolina—200%; Oregon—250%; Pennsylvania—220%; Rhode Island—250%; Vermont—200%; Virginia—200%; Washington—260%. States may have programs that have higher FPL eligibility thresholds, including programs that are available to a narrower class of residents, for example the Children's Health Insurance Program ("CHIP") which extends eligibility above 300% FPL for women under the age of 19 in many States. *See* Kaiser Family Foundation, "Fact Sheet: Where Are States Today? Medicaid and CHIP Eligibility Levels for Children, Pregnant Women, and Adults," (2018), http://files.kff.org/attachment/Fact-Sheet-Where-are-States-Today-Medicaid-and-CHIP-Eligibility-Levels-for-Children-Pregnant-Women-and-Adults

[3] The percentage of self-insured plans is taken from: U.S. Dept. of Health & Human Services, Medical Expenditure Panel Survey, *Percent of private-sector enrollees that are enrolled in self-insured plans at establishments that offer health insurance by firm size and State: United States, 2016*, https://meps.ahrq.gov/data_stats/summ_tables/insr/state/series_2/2016/tiib2b1.pdf ("ARHQ Database"). In many cases, the ARHQ Database provides significantly lower self-insured coverage rates than other sources. Consistent with other efforts, we have used the figures provided by the Database to provide a conservative estimate.

[4] All of the listed States, except Minnesota, Pennsylvania and Virginia have contraceptive equity laws that generally require state-regulated plans to cover all FDA-approved forms of contraception.

# TABLE 2

## Number of Women with Employer-Sponsored Insurance Who Are Income Eligible for Medicaid as Secondary Payer for Contraceptive Services[5]

| State | Insured, Income-Eligible Women Between the Ages of 15 and 45[6] | Percent of Enrollees Covered Under a Self-Funded Plan | Insured, Income-Eligible Women Between the Ages of 15 and 45 in Self-Funded Plans |
|---|---|---|---|
| Connecticut | 85,157 | 59.3% | 50,498 |
| Delaware | 25,163 | 68.3% | 17,186 |
| Dist. Of Columbia | 27,375 | 49.8% | 11,641 |
| Hawaii | 44,278 | 37.6% | 16,649 |
| Illinois | 340,905 | 63.3% | 215,793 |
| Maryland | 168,016 | 49.6% | 83,336 |
| Massachusetts | 195,584 | 56.6% | 110,701 |
| Minnesota | 127,349 | N/A | 127,349 |
| New Mexico | 43,566 | 69.1% | 30,104 |
| Oregon | 99,246 | 53.7% | 53,295 |
| Pennsylvania | 376,451 | N/A | 376,451 |
| Rhode Island | 32,695 | 47.9% | 15,661 |
| Vermont | 18,613 | 60.2% | 11,205 |
| Washington | 160,796 | 57.4% | 92,297 |
| **Total** | **1,745,194** | **-** | **1,212,166** |

[5] The Medicaid program serves as a secondary payer for contraceptive services in each of the States listed in Table 2.

[6] For all States listed in this table, the relevant Medicaid FPL used to calculate the figures is 138%, except the District of Columbia (215%).