# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA and STATE OF NEW JERSEY, <br><br>                    Plaintiffs, <br><br>       v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States*; ALEX M. AZAR II, *in his official capacity as Secretary of Health and Human Services*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; STEVEN T. MNUCHIN, *in his official capacity as Secretary of the Treasury*; UNITED STATES DEPARTMENT OF THE TREASURY; RENE ALEXANDER ACOSTA, *in his official capacity as Secretary of Labor*; UNITED STATES DEPARTMENT OF LABOR; and UNITED STATES OF AMERICA. <br><br>                    Defendants. | No. 2:17-cv-04540-WB |

## PLAINTIFFS' OPPOSITION TO MOTION TO STAY

Plaintiffs the Commonwealth of Pennsylvania and the State of New Jersey respectfully submit this opposition to Defendants' motion to stay proceedings in this matter (ECF No. 143). For the reasons set forth below, the motion to stay should be denied.

### BACKGROUND

The amended complaint in this matter was filed on December 14, 2018, and Plaintiffs moved for a preliminary injunction based on the allegations in the amended complaint three days later (ECF Nos. 89 & 90). On December 26, 2018, Defendants moved for a stay of the case or, in the alternative, for an extension of the answer deadline (ECF No. 96). On December 27, 2018, this Court denied the stay request but granted the request for an extension, giving Defendants

until February 28, 2019, to answer the complaint (ECF No. 103). On February 28, 2019, the Court further extended this deadline to March 29, 2019 (ECF No. 151).

## DISCUSSION

There is no basis for staying this case. As the Plaintiff States explained at the injunction hearing held on January 10, 2019, they are prepared to move toward a final resolution of this action. *See* Hearing Tr. at 107:7-16; 119:9-11 (Jan. 10, 2019) (relevant excerpts attached). While the Court's order granting the Plaintiff States' motion for a preliminary injunction addressed the merits of two of the claims in the amended complaint, that complaint asserts three other claims that raise significant additional issues. A stay would simply frustrate development of the issues relating to these additional claims, likely delaying a final resolution of this case.[1] Furthermore, as previously discussed, the federal defendants produced the administrative record in this matter just days before the injunction hearing. *See* Hearing Tr. at 105-07. The Plaintiff States are continuing to review the administrative record, and they expect to rely on additional material from the record during subsequent proceedings on the two counts already addressed by the Court. As a result, a stay of this matter would frustrate the ultimate resolution of all counts in the amended complaint.

Defendants will not be prejudiced if this case moves forward. In fact, defendants agreed that parallel litigation in the Northern District of California should proceed notwithstanding the

---

[1] Defendants claim that waiting for the Third Circuit to rule on the pending appeal of the preliminary injunction entered by the Court would help resolve these additional claims, arguing that "[i]f RFRA authorized or required Federal Defendants to promulgate the exemptions to the mandate, as Federal Defendants contend, then Plaintiffs' constitutional claims likely would fail." ECF 143-1 at 4. But even if the Third Circuit were to agree with Defendants' view of RFRA, the fact that an agency action is authorized by statute does not immunize it from constitutional challenges, and Defendants offer no justification for the claim that any agency action that is arguably authorized by RFRA is per se constitutional. Furthermore, Plaintiffs' claims include allegations that the rules violate the Equal Protection Clause and Title VII of the Civil Rights Act, and it is difficult to see why a decision on RFRA would have any bearing on those claims.

issuance of a preliminary injunction in that case. *See* Joint Statement, ECF No. 273, *California v. Azar*, No. 17-cv-5783 (N.D. Cal. Feb. 1, 2019). So even if Defendants' motion is granted and this case is stayed, they will nonetheless be forced to litigate many of the same issues in California while this case is on hold – and then, presumably, will litigate those issues again in this case once the stay is lifted. Such a scenario makes no sense, and Defendants offer no explanation for why they agreed that the California case should move forward while arguing that allowing this case to proceed would lead to a "needless expenditure of resources." *See* ECF 143-1 at 1.

In fact, the argument against a stay is stronger here than in the parallel California litigation. The district court in that case, like this Court, previously entered a nationwide injunction blocking enforcement of the prior Interim Final Rules. On appeal, the Ninth Circuit affirmed the district court's decision to grant the injunction but found that the issuance of an injunction extending beyond the parties was an abuse of discretion. *California v. Azar*, 911 F.3d 558, 583-85 (9th Cir. 2018). In reaching this conclusion, the Ninth Circuit relied in part on the fact that the case had been stayed following the issuance of the injunction. *Id.* at 583. If the Third Circuit were to adopt the Ninth Circuit's logic, a stay of this case could potentially prejudice the States in the current appeal of the preliminary injunction. By contrast, the district court hearing the California suit did not enter a nationwide injunction against the final rules, thus lessening the need to move quickly toward a final resolution in that case.

Because Defendants seek a stay, they "bear[] the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). To carry this burden, they "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay … will work damage to

some one else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Here, a stay would delay a final resolution of this case and potentially harm the Plaintiff States, while allowing the case to proceed would not prejudice Defendants in any meaningful way. For these reasons, Defendants' motion should be denied.

## CONCLUSION

For the reasons set forth above, the Plaintiff States respectfully request that the motion to stay be denied.

February 28, 2019                                               Respectfully submitted,

GURBIR S. GREWAL                                      JOSH SHAPIRO
Attorney General                                             Attorney General
State of New Jersey                                         Commonwealth of Pennsylvania

GLENN J. MORAMARCO                              /s/ Michael J. Fischer
Assistant Attorney General                           MICHAEL J. FISCHER
ELSEPTH FAIMAN HANS                             Chief Deputy Attorney General
KIMBERLY A. CAHALL                                AIMEE D. THOMSON
Deputy Attorneys General                            Deputy Attorney General
New Jersey Attorney General's Office        Office of Attorney General
Richard J. Hughes Justice Complex           1600 Arch Street
25 Market Street                                             Suite 300
Trenton, NJ 08625                                          Philadelphia, PA 19103
(609) 376-3235                                                (215) 560-2171
Glenn.Moramarco@law.njoag.gov           mfischer@attorneygeneral.gov