**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

COMMONWEALTH OF PENNSYLVANIA and
STATE OF NEW JERSEY,

                Plaintiffs,

             v.

DONALD J. TRUMP, *in his official capacity as
President of the United States*; ALEX M. AZAR II, *in
his official capacity as Secretary of Health and Human
Services*; UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES; STEVEN T.
MNUCHIN, *in his official capacity as Secretary of the
Treasury*; UNITED STATES DEPARTMENT OF THE
TREASURY; RENE ALEXANDER ACOSTA, *in his
official capacity as Secretary of Labor*; UNITED
STATES DEPARTMENT OF LABOR; and UNITED
STATES OF AMERICA,

                Defendants,

and

LITTLE SISTERS OF THE POOR SAINTS PETER
AND PAUL HOME,

                Intervenor-Defendant.

**No. 2:17-cv-04540-WB**

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

      In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties

conferred on March 28, 2019, and on previous occasions, and submit to Chambers the following

report of their meeting for the Court's consideration:

**1. Discussion of Claims, Defenses, and Relevant Issues**

**Background:** The amended complaint in this action challenges two regulations ("the Rules") issued by the defendant federal agencies that create or expand exemptions to the requirement that certain health plans provide coverage for contraception under the Affordable Care Act.  The Rules also clarify that entities may offer healthcare plans, which do not cover some or all contraceptive methods, to individuals with religious or moral non-religious objections to the coverage of some or all contraceptive methods. The amended complaint alleges that the rules violate the principle of equal protection under the Fifth Amendment (Count I); violate Title VII of the Civil Rights Act (Count II); violate the procedural requirements of the Administrative Procedure Act (Count III); violate the substantive requirements of the Administrative Procedure Act, in part because they violate the Affordable Care Act (Count IV); and violate the Establishment Clause (Count V). Plaintiffs previously moved for a preliminary injunction of the regulations, which the Court granted on January 14, 2019. *See* ECF No. 135. The Court's opinion granting the injunction sets forth in detail the factual background of this case. *See* ECF No. 136.

As threshold issues, Defendants have asserted that Plaintiffs lack standing to bring this action and that venue is not proper in this Court.  *See* ECF No. 157. Intervenor-Defendant has asserted that Plaintiffs lack standing to bring this action. *See* ECF No. 108 at 10-16.

The amended complaint raises the following issues:

- Whether the Rules violate the Fifth Amendment's guarantee of equal protection by discriminating on the basis of sex.

- Whether the Rules violate Title VII of the Civil Rights Act of 1964 by discriminating on the basis of sex, to include discrimination on the basis of pregnancy, childbirth, or related medical conditions.

- Whether the federal agency defendants complied with the procedural requirements of the Administrative Procedure Act, *see* 5 U.S.C. § 553, in issuing the Rules.

- Whether the federal agency defendants adequately addressed comments submitted relating to the Rules.

- Whether the Rules violate the Affordable Care Act's requirement that covered health plans provide coverage for, without cost-sharing, certain preventive services for women, and whether they violate other provisions of the Affordable Care Act.

- Whether the Rules are arbitrary and capricious, an abuse of discretion, or otherwise contrary to law.

- Whether the Rules violate the Establishment Clause through the federal agency defendants' alleged imposition of the religious beliefs of certain employers on their female employees.

Intervenor-Defendant contends that Plaintiffs' claims raise the following additional issue:

- Whether the Court can reinstate the underlying mandate and accommodation that pre-dated the interim final rule and final rule if that underlying mandate and accommodation violate the Administrative Procedure Act, the Affordable Care Act, and the Religious Freedom Restoration Act.

**Discovery:** At this time, the parties do not anticipate the need to pursue discovery outside the administrative record. However, Plaintiffs' review of the administrative record is ongoing,

and Plaintiffs reserve the right to seek to expand the record and/or seek additional discovery as a result of that review.

Intervenor-Defendant reserves the right to seek discovery depending on the claims, assertions, and evidence submitted by the Plaintiffs.

While the Court ruled, in the context of Plaintiffs' first preliminary injunction motion, that Plaintiffs could make limited use of extra-record evidence, ECF No. 56 at 1 n.1, Defendants continue to maintain that Plaintiffs' claims should be resolved on the basis of the administrative record compiled by the agencies.  *See* ECF No. 48 (arguing for record review).

**Motions:** The parties anticipate that this matter can be resolved on the basis of dispositive motions:

1) Defendants have filed a motion to dismiss the amended complaint in this action pursuant to Federal Rule of Civil Procedure 12(b)(1) & (3). *See* ECF No. 157 (Mar. 28, 2019). Plaintiffs' response to this motion is due on April 11, 2019. The Federal Defendants also plan to file a cross-motion for summary judgment in response to Plaintiffs' planned summary judgment motion..

2) Plaintiffs plan to file a motion for summary judgment, which they anticipate filing within the next six weeks. The timing of the motion will depend in part on the completion of Plaintiffs' review of the administrative record and whether that review identifies the need to seek to expand the record or seek additional discovery.

3) Intervenor-Defendant plans to answer the Plaintiffs' amended complaint or file a motion to dismiss by the deadline of March 29, 2019. Intervenor-Defendant also plans to file a cross-motion for summary judgment in response to the Plaintiffs' planned summary judgment motion.

**2. Initial and Informal Disclosures**

Pursuant to Rule 26(a)(1)(B)(i), this matter is exempt from initial disclosures.

**3. Formal Discovery**

At this time, the parties do not intend to conduct formal discovery.

**4. Electronic Discovery**

At this time, the parties do not intend to conduct electronic discovery

**5. Expert Witness Disclosures**

Because the parties do not anticipate that this matter will require trial, the

requirements of Rule 26(a)(2) do not apply.

**6. Early Settlement or Resolution**

Because this matter involves a challenge to final agency rules, the parties do not

believe alternative dispute resolution would be appropriate.

**7. Trial Date**

The parties anticipate that this case can be resolved on the basis of dispositive

motions filed by the parties. As a result, they do not anticipate the need for trial.

**8. Other**

The parties are not aware of any additional matters to be addressed at this time.

March 28, 2019     `

JOSH SHAPIRO
Attorney General
Commonwealth of Pennsylvania

/s Michael J. Fischer
MICHAEL J. FISCHER
Chief Deputy Attorney General
AIMEE D. THOMSON
Deputy Attorney General
Office of Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103
(215) 560-2171
mfischer@attorneygeneral.gov

GURBIR S. GREWAL
Attorney General
State of New Jersey

/s Glenn J. Moramarco
GLENN J. MORAMARCO
Assistant Attorney General
ELSEPTH FAIMAN HANS
KIMBERLY A. CAHALL
Deputy Attorneys General
New Jersey Attorney General's Office
Richard J. Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
(609) 376-3235
Glenn.Moramarco@law.njoag.gov

*Attorneys for Plaintiffs*

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*s/ Justin M. Sandberg*
JUSTIN M. SANDBERG (Il. Bar No. 6278377)
Senior Trial Counsel
MICHAEL GERARDI
CHRISTOPHER R. HEALY
REBECCA M. KOPPLIN
DANIEL RIESS
Trial Attorneys
U.S. Dep't of Justice, Civil Div., Federal Programs
Branch
1100 L Street, NW
Washington, D.C. 20001
(202) 514-5838
Justin.Sandberg@usdoj.gov

*Attorneys for Defendants*

*/s/ Mark Rienzi*
MARK RIENZI, *pro hac vice*
LORI WINDHAM, *pro hac vice*
DIANA VERM, *pro hac vice*
ERIC RASSBACH, *pro hac vice*
The Becket Fund for Religious Liberty
1200 New Hampshire Ave. NW, Suite 700
Washington, DC 20036
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

Nicholas M. Centrella
Conrad O'Brien PC
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-8098
Facsimile: (215) 864-0798
ncentrella@conradobrien.com

*Attorneys for Intervenor-Defendant*