

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

1600 ARCH STREET
SUITE 300
PHILADELPHIA, PA 19103

July 25, 2019

The Honorable Wendy Beetlestone
United States District Court
601 Market Street, Room 3809
Philadelphia, PA 19106-1725

*By CM/ECF*

   Re: *Commonwealth of Pennsylvania & State of New Jersey v. Trump et al.*, No. 2:17-cv-04540-WB

Dear Judge Beetlestone:

  Plaintiffs the Commonwealth of Pennsylvania and the State of New Jersey respectfully submit this letter to further address the issues discussed during the status conference held on July 23, 2019.

  On July 12, 2019, the Third Circuit issued a precedential opinion affirming this Court's January 14, 2019, preliminary injunction of the Final Religious and Moral Exemption Rules. The Third Circuit held: (1) the States have standing to bring this challenge; (2) the Agencies lacked statutory authority to issue the IFRs without notice and comment; (3) the Agencies lacked good cause to issue the IFRs without notice and comment; (4) the Agencies' failure to follow the APA's notice-and-comment requirements fatally "compromised the procedural integrity of the Final Rules"; (5) the Agencies lacked authority under the Women's Health Amendment, 42 U.S.C. § 300gg-13(a)(4), to issue the Final Rules; (6) the Agencies lacked authority under the Religious Freedom Restoration Act to issue the Final Religious Exemption Rule; (7) the remaining equitable factors—irreparable harm, balance of the equities, and public interest—favored the entry of a preliminary injunction; and (8) a nationwide injunction of the Final Rules was warranted.

  The Third Circuit's decision effectively resolves federal defendants' and intervenor-defendant's motions to dismiss (ECF Nos. 157, 159), both of which should be denied. In addition, the decision resolves many of the issues raised in the parties' cross-motions for summary judgment and establishes that the States are entitled to summary judgment with respect to at least some of their claims.

As stated during the status conference, the States respectfully submit that the most efficient course of action would be for the Court to rule on the pending cross-motions for summary judgment in their entirety. However, in light of the discussion during the status conference of a possible resolution of some, but not all, of the States' pending claims, the States note that Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Elliott v. Archdiocese of New York*, 682 F.3d 213, 221 (3d Cir. 2012) (holding that a trial court must "make a brief reasoned statement in support of its determination that there is no just reason for delay" (citations and internal quotation marks omitted)). A final judgment entered as to some counts pursuant to Rule 54(b) is an appealable order. *Id.* at 219.

The States' Amended Complaint (ECF No. 89) contained five causes of action. Two of those causes of action, Counts III and IV, provided the basis for this Court's entry of a preliminary injunction and the Third Circuit's decision affirming this Court. Count III alleged that defendants violated the procedural requirements of the APA, while Count IV alleged that defendants violated the APA's substantive requirements. Therefore, if the Court were to expressly find that there was no "just reason for delay" with respect to these counts, it could enter final judgment with respect to Counts III and IV of the States' amended complaint.[1] However, while the Third Circuit's decision addressed many of the arguments relating to those two counts, the States' motion for summary judgment (ECF No. 170-1) raised two additional bases for invalidating the Rules under these counts that were not addressed by the Third Circuit. Specifically, the States argued (at 30-40) that the Final Rules are arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A) for three specific reasons set forth in their motion. In addition, the States argued (at 20-21) that the Final Rules create an "unreasonable barrier[] to the ability of individuals to obtain appropriate medical care" in violation of section 1554 of the Affordable Care Act, and are therefore "not in accordance with law" in violation of 5 U.S.C. § 706(2)(A). As a result, if the Court chooses to invoke Rule 54(b) and enter final judgment with respect to

---

[1] If the Court were to invoke Rule 54(b) and enter final judgment with respect to Counts III and IV, it would not be necessary to address the remaining counts at this time. However, there is no basis for suggesting—as federal defendants did during the status conference—that these counts could be dismissed as moot. Mootness requires a showing that "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," which is not the case here. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation and internal quotation marks omitted). The States' other counts are alternative bases to vacate the Final Rules; they would not be moot simply because the Court granted relief on other grounds, particularly given that defendants have made clear they intend to seek appellate review.

Counts III and IV, the States respectfully submit that it would be appropriate to address these additional bases for invalidating the Rules as well.[2]

Whether the Court addresses some or all of the States' claims at this time, the proper remedy is vacatur of the Final Rules, for the reasons explained (at 45-46) in the States' motion.

<table>
<tr><td>

GURBIR S. GREWAL
*Attorney General*
*State of New Jersey*

/s/ Glenn J. Moramarco
GLENN J. MORAMARCO
*Assistant Attorney General*
ELSPETH FAIMAN HANS
KATHERINE GREGORY
*Deputy Attorneys General*

Richard J. Hughes Justice Complex
25 Market Street, 8th Floor, West Wing
Trenton, New Jersey 08625-0116
(609) 376-3235
Glenn.Moramarco@law.njoag.gov

</td><td>

Respectfully submitted,

JOSH SHAPIRO
*Attorney General*
*Commonwealth of Pennsylvania*

/s/ Michael J. Fischer
MICHAEL J. FISCHER
*Chief Deputy Attorney General*
AIMEE D. THOMSON
*Deputy Attorney General*

Office of Attorney General
1600 Arch St.
Suite 300
Philadelphia, PA 19103
(215) 560-2171
mfischer@attorneygeneral.gov

</td></tr>
</table>

cc (by CM/ECF): Counsel of Record

---

[2] To be clear, as a result of the Third Circuit's decision, the States are entitled to summary judgment in their favor with respect to Counts III and IV regardless of how the Court were to rule on these additional arguments. The States nevertheless submit that it would be appropriate for the Court to address all of their asserted bases for invalidating the Rules under those counts before entering final judgment with respect to them.