IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA AND STATE OF NEW JERSEY,** | **CIVIL ACTION** |
| **Plaintiffs,** | |
| **v.** | **NO. 17-4540** |
| **DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES, ALEX M. AZAR II, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, STEVEN T. MNUCHIN, UNITED STATES DEPARTMENT OF THE TREASURY, PATRICK PIZZELLA, THE UNITED STATES DEPARTMENT OF LABOR, AND THE UNITED STATES OF AMERICA,** | |
| **Defendants,** | |
| **LITTLE SISTERS OF THE POOR SAINTS PETER AND PAUL HOME,** | |
| **Defendant-Intervenor.** | |



FILED

JUL 30 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## O R D E R

**AND NOW,** this 30th day of July, 2019,

**WHEREAS** on October 6, 2017, Defendants promulgated two Interim Final Rules,

referred to as the Religious Exemption IFR, *see Religious Exemptions and Accommodations for*

*Coverage of Certain Preventive Services Under the Affordable Care Act*, 82 Fed. Reg. 47,792

(Oct. 13, 2017), and the Moral Exemption IFR, *see Moral Exemptions and Accommodations for*

*Coverage of Certain Preventive Services Under the Affordable Care Act*, 82 Fed. Reg. 47,838

(Oct. 13, 2017) ("Moral Exemption IFR") (collectively, "the IFRs");

**WHEREAS** on October, 11, 2017, the Commonwealth of Pennsylvania initiated this suit seeking to enjoin enforcement of the IFRs, arguing the IFRs: (1) failed to comply with the notice-and-comment procedures required by the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*; (2) were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the substantive provisions of the APA, 5 U.S.C. § 706(2)(A); (3) violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, *et seq.*; (4) violated the Equal Protection Guarantee of the Fifth Amendment, U.S. Const. amend. V; and, (5) violated the Establishment Clause, U.S. Const. amend. I;

**WHEREAS** on December 15, 2017, this Court granted the motion for a preliminary injunction, finding the Commonwealth was likely to succeed on its claims that the IFRs violated both the procedural and substantive strictures of the APA; it did not, however, reach the merits of the other statutory or constitutional claims, *see Pennsylvania v. Trump*, 281 F. Supp.3d 553 (E.D. Pa. 2017) (hereinafter "*Trump I*");

**WHEREAS** on November 15, 2018, while their appeal of the preliminary injunction was pending before the Third Circuit, the Agencies promulgated two new rules that "finalize[d]" the IFRs, *see Religious Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act*, 83 Fed. Reg. 57,536 (Nov. 15, 2018) ("Final Religious Exemption"); *Moral Exemptions and Accommodations for Coverage of Certain Preventive Services Under the Affordable Care Act*, 83 Fed. Reg. 57,592 (Nov. 15, 2018) ("Final Moral Exemption") (collectively "the Final Rules");

**WHEREAS** on December 14, 2019, the Commonwealth—now joined by New Jersey (collectively "the States")—filed an Amended Complaint and a Second Motion for a Preliminary Injunction, seeking to enjoin enforcement of the Final Rules, arguing the Final Rules: (1) failed

2

to comply with the notice-and-comment procedures required by the APA; (2) were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the substantive provisions of the APA; (3) violated Title VII of the Civil Rights Act; (4) violated the Equal Protection Guarantee of the Fifth Amendment; and, (5) violated the Establishment Clause;

**WHEREAS** on January 14, 2019, this Court granted the second motion for a nationwide preliminary injunction, finding the States were likely to succeed on their claims that the Final Rules violated both the procedural and substantive strictures of the APA; again, however, the Court did not reach the merits of the other statutory or constitutional claims, *see Pennsylvania v. Trump*, 351 F. Supp.3d 791 (E.D. Pa. 2017) (hereinafter "*Trump II*");

**WHEREAS** on March 28, 2019, Defendants filed a Motion to Dismiss the Amended Complaint (ECF No. 157), and, on March 29, 2019, Defendant-Intervenor filed a Motion to Dismiss the Amended Complaint (ECF No. 159);

**WHEREAS** on May 15, 2019, the States filed a Motion for Summary Judgment (ECF No. 170), asking the Court to vacate the Final Rules on the grounds that they: (1) failed to comply with the notice-and-comment procedures required by the APA; (2) were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in violation of the substantive provisions of the APA; (3) violated Title VII of the Civil Rights Act; (4) violated the Equal Protection Guarantee of the Fifth Amendment; and, (5) violated the Establishment Clause;

**WHEREAS** on June 14, 2019, Defendants and Defendant-Intervenor filed cross-motions for summary judgment (ECF Nos. 205 & 206);

**WHEREAS** on July 12, 2019, the Third Circuit issued an opinion affirming the nationwide injunction issued by the Court in *Trump II* on the grounds that the States were likely to succeed on their claims that the Final Rules violated both the procedural and substantive

3

requirements of the APA, *see Pennsylvania v. President United States*, 2019 WL 3057657 (3d Cir. July 12, 2019) (hereinafter "*Trump III*");

**WHEREAS** on July 23, 2019, the Court held a conference call with the parties regarding case management in light of the Third Circuit's decision in *Trump III*, during which Defendants and Defendant-Intervenor represented that they intend to seek further appellate review of the Third Circuit's decision;

**WHEREAS** on July 25, 2019, the parties submitted letters to the Court regarding case management, in which:

- Defendants sought entry of final judgment as to the procedural and substantive APA claims pursuant to Fed. R. Civ. P. 54, and dismissal of the remaining statutory and constitutional claims as moot; or, in the alternative a stay of further proceedings (ECF No. 230);
- The States sought resolution of all outstanding statutory and constitutional claims, as well as alternative arguments made in support of the procedural and substantive APA claims, which were not explicitly addressed in *Trump II* or *Trump III* (ECF No. 231);

**WHEREAS** enforcement of the Final Rules has been enjoined nationwide for violations of the procedural and substantive requirements of the APA, rendering it unnecessary to reach the States' alternative claims and arguments at this juncture;

**WHEREAS** further appellate review may impact the posture and resolution of the outstanding claims and issues raised by the parties in the pending motions to dismiss and motions for summary judgment, making resolution of those motions at present an inefficient use of judicial resources, *see Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *see also Smith v. Manasquan Bank*, 2018 WL 2958664, at

4

*1 (D.N.J. June 13, 2018) ("The power to stay a proceeding pending appeal is derived from the inherent power of a court to efficiently manage its own docket.");

**IT IS HEREBY ORDERED** that further proceedings in this matter are **STAYED**, and the parties' pending motions to dismiss and motions for summary judgment (ECF Nos. 157, 159, 205, 206) are **HELD IN ABEYANCE**, pending resolution of any appeal of the Third Circuit's decision in *Trump III* by Defendants and Defendant-Intervenor. The stay does not affect the nationwide injunction issued in *Trump II*, and affirmed in *Trump III*, which remains in effect.

**IT IS FURTHER ORDERED** that the parties shall submit a joint status report to the Court on **OCTOBER 25, 2019**, and every **NINETY DAYS** thereafter.

BY THE COURT:

WENDY BEETLESTONE, J.

ENT'D JUL 31 2019